UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

EMISSIVE ENERGY CORPORATION, :
Plaintiff, :
: C.A. NO. 04-CV-482L
vs. :
COAST CUTLERY CO. :
Defendant. :

## PLAINTIFF'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES PURSUANT TO FED. R. CIV. P. 37(a)(2)

Pursuant to Fed. R. Civ. P. 37(a)(2), plaintiff Emissive Energy Corporation ("Emissive") hereby moves for an order of this Court compelling defendant Coast Cutlery Co. ("Coast") to respond to the following Interrogatories within 10 days of hearing on this Motion:

## INTRODUCTION

In or about November 2002, Emissive discovered that a German company, Zweibrüder Stalh Warenkontor GmbH ("Zweibrüder"), was manufacturing, importing, marketing, selling and/or offering to sell flashlights that embodied the ornamental design of the patented and trademarked Emissive X5 flashlight (the "Accused Flashlights"). Emissive further discovered that defendant, Coast Cutlery Co. ("Coast"), was importing, marketing, selling and/or offering to sell the Accused Flashlight under the "LED Lenser Turbo Torches" product line, in the same channels of trade as Emissive's X5. In addition, Coast's packaging for the V2 Triplex proclaimed, among other things, that the V2 Triplex uses computer chip technology, which was false.

In November 2002, Emissive filed suit in this Court against Zweibrüder and Coast, C.A. No. 02 497 L, for false advertising, patent infringement and unfair competition. On March 24,

2003, Coast stipulated to an injunction permanently enjoining it from using certain phrases in connection with the promotion and sale of the Accused Flashlights. Thereafter, in July 2003 Emissive, Coast and Zweibrüder entered into a Settlement Agreement. Per the Settlement Agreement, Zweibrüder and Coast agreed by December 31, 2003 to cease permanently all manufacture, promotion, distribution and sale of the Accused Flashlights as well as any other flashlight product that includes multiple LEDs each in an individual reflector cup or tube which are configured in the three, four, five, six or seven hold configuration. Coast further agreed to cease importing the products by October 15, 2003, and agreed to sell said products solely from stock through December 31, 2003.

Coast also agreed that it and its distributors, vendors and resellers would not propagate any marketing materials that promote the products as containing individual reflector cups or tubes which are configured in three, four, five, six or seven hole configurations depicted in Emissive's '164 Patent.

Despite the fact that Coast agreed permanently to cease all manufacture, promotion, distribution and sale of the Accused Flashlights, including the V2 Triplex, by the end of 2003, and despite the fact that Coast agreed to abide by the injunction concerning the advertising and packaging of the Accused Flashlights and to direct all distributors, vendors and resellers to cease use of the challenged advertising and promotional copy, Coast breached the Settlement Agreement. In late 2004 Emissive learned of Coast's manufacture, importation, sale and/or offering to sell a "triplex light" with "photon tube reflectors" that is the same V2 Triplex product that Coast agreed permanently to cease manufacturing, distributing and selling by the end of 2003. Upon information and belief, Coast is still in breach of the Settlement Agreement and is, again, selling the exact same infringing product into Rhode Island and engaging in false advertising in violation of the Permanent Injunction and Settlement Agreement.

On March 30, 2005, Emissive propounded its First Set of Interrogatories. Coast responded, in part, on May 4, 2005, but its responses were incomplete as follows:

> **INTERROGATORY NO. 8:**
> Describe all communications between Coast and any third party, including, without limitation, Cabela's, Target Corporation and Eddie Bauer, regarding the Accused Flashlight,[1] the Replacement Flashlight[2] and/or the Accused Packaging[3] and identify all documents relevant to Coast's response to this Interrogatory.
>
> **RESPONSE TO INTERROGATORY NO. 8:**
> Coast objects to this request to the extent it seeks the disclosure of documents an d information that is privileged as an attorney-client communication and/or constitutes attorney work product prepared in anticipation of litigation. Coast also objects to this request on the grounds that it is vague, overly broad and unduly burdensome to the extent it seeks the description of all communications ever made, and of any nature whatsoever, between Coast and any third party regarding the identified topics. Without waiving these objections, Coast will provide copies of letters sent to customers regarding the phase out of the Accused Flashlight and Packaging.

**RELIEF REQUESTED:**

Emissive requests an Order of this Court compelling Coast to respond to Interrogatory No. 8 in full. Though Rule 33 permits Coast to refer to business records as part of its answer, the Interrogatory seeks more than written communications. If Coast had no other communications with any third party other than the limited number of letters it produced, it should so state; otherwise it should be compelled to provide the information requested, which is relevant to

[1] Per the instructions in the Interrogatories, the term "Accused Flashlight" refers to the flashlight product manufactured, imported, distributed, advertised and/or sold by Coast which is identified in the Verified Complaint as the infringing product.

[2] Per the instructions in the Interrogatories, the term "Replacement Flashlight" refers to the flashlight product manufactured, imported, distributed, advertised and/or sold by Coast and which was produced by Michael Haglund on behalf of Coast as alleged in paragraph 43 of the Complaint and as admitted by Coast in paragraph 24 of its Answer.

Emissive's claims and to Coast's defenses. Finally, Coast's communications to third parties (other than its counsel) are not privileged, so Coast should be directed to respond to the Interrogatory.

> **INTERROGATORY NO. 9:**
> Identify by model number each mini-flashlight and components thereof manufactured, imported, distributed and/or sold by Coast since January 2001, and for each such article specify the period of time during which it was manufactured, imported, distributed, and/or sold by Coast.
>
> **RESPONSE TO INTERROGATORY NO. 9:**
> Coast objects to this request on the grounds that it is overly broad, unduly burdensome and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**RELIEF REQUESTED:**

Emissive requests an Order of this Court compelling Coast to respond to Interrogatory No. 9 in full. Judging from publicly available information, Coast sells and/or sold a number of flashlights all of which are the subject of the Settlement Agreement. Without the information sought in Interrogatory No. 9, Emissive cannot tell whether Coast complied with the Settlement Agreement because there is no way to track manufacture/importation/sale of the flashlights pre- and post-Settlement Agreement.

> **INTERROGATORY NO. 11:**
> Concerning Coast's sales of Accused Flashlight, state on a monthly basis:
> (a) the total gross and net revenues for sales of the product;
> (b) the total quantity of units sold;
> (c) the total quantity of units purchased or produced;
> (d) the cost of goods sold;
> (e) the gross profits, gross margin, or standard margin;
> (f) the selling expenses;
> (g) any other expenses Coast asserts should be applied to determine its net profits; and
> (h) the net profits.

[3] Per the instructions in the Interrogatories, the term "Accused Packaging" refers to the packaging in which the Accused Flashlight and/or the Replacement Flashlight is packaged and sold which is identified in the Complaint as the false and/or misleading packaging.

**RESPONSE TO INTERROGATORY NO. 11:**
Coast objects to this request on the grounds that the requested information is proprietary and highly confidential, and on the grounds that the request is unduly burdensome and not reasonably calculated to lead to the discovery of relevant, admissible evidence.

**RELIEF REQUESTED:**

First, Coast's claims that responsive information may be confidential or proprietary is rendered moot by the Protective Order signed by the parties.

Second, the information is relevant to Emissive's claims that Coast breached the Settlement Agreement. In that case, Emissive is entitled to seek all remedies against Coast, which will include damages for its infringement. Information responsive to Interrogatory No. 11 is all relevant to that damage calculation.

**INTERROGATORY NO. 17:**
Identify all distributors, retailers and resellers of the Accused Flashlight.

**RESPONSE TO INTERROGATORY NO. 17:**
Coast objects to this request on the grounds that the requested information is proprietary and highly confidential, and on the grounds that the request is unduly burdensome and not reasonably calculated to lead to the discovery of relevant, admissible evidence.

**RELIEF REQUESTED:**

Coast's claims that responsive information may be confidential or proprietary is rendered moot by the Protective Order signed by the parties.

In addition, the information is relevant to Emissive's claims that Coast breached the Settlement Agreement. Emissive cannot evaluate Coast's claims that it complied with the terms of the Settlement Agreement without knowing the identity of Coast's distributors, retailers and

resellers of the Accused Flashlight so it can subpoena their records and determine whether Coast did comply with the terms of the Agreement.

> **INTERROGATORY NO. 18:**
> Identify all distributors, retailers and resellers of the Replacement Flashlight.
>
> **RESPONSE TO INTERROGATORY NO. 18:**
> Coast objects to this request on the grounds that the requested information is proprietary and highly confidential, and on the grounds that the request is unduly burdensome and not calculated to lead to the discovery of admissible evidence.

**RELIEF REQUESTED:**

Coast's claims that responsive information may be confidential or proprietary is rendered moot by the Protective Order signed by the parties.

In addition, the information is relevant to Emissive's claims that Coast breached the Settlement Agreement. Among other things, Emissive has alleged that Coast failed to change the accused marketing materials even in instances where it may have been selling the Replacement Flashlight. Emissive also is entitled to know when Coast started selling and distributing the Replacement Flashlight because that information is probative of when it stopped selling and distributing the Accused Flashlight. Emissive needs the information responsive to Interrogatory No. 18 so it can independently verify Coast's assertions with respect to its defense of each of these claims.

## CONCLUSION

For the foregoing reasons, Emissive requests an Order of this Court compelling Coast to respond to the above-identified Interrogatories within 10 days of hearing on this Motion.

EMISSIVE ENERGY CORPORATION
By its Attorneys

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701

Dated: July 8, 2005

**CERTIFICATION**

TO:

Michael E. Haglund, Esq. (via First Class Mail)
Haglund Kirtley Kelley Horngren Jones, LLP
One Main Place
101 SW Main St., Suite 1800
Portland, OR 97204-3226

Charles S. Beal, Esq. (via First Class Mail)
Cameron & Mittleman, LLP
56 Exchange Terrace
Providence, RI 02903

I hereby certify that I caused a true copy of the within *Motion to Compel Interrogatory Answers* to be to be transmitted as indicated to the above named counsel of record on the 8 day of July, 2005.

Theresa Benson

H:\Clients\Emissive Energy\Coast Cutlery\Pleadings\RI Second Case\MCompel Interrogatory Answers.doc