UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

EMISSIVE ENERGY CORPORATION,

Plaintiff,

vs.

COAST CUTLERY CO.

Defendant.

C.A. NO. 04-CV-482L

**PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS PURSUANT TO FED. R. CIV. P. 37(a)(2)**

Pursuant to Fed. R. Civ. P. 37(a)(2), plaintiff Emissive Energy Corporation ("Emissive") hereby moves for an order of this Court compelling defendant, Coast Cutlery Co. ("Coast"), to produce documents and tangible things in response to the following Requests for Production of Documents within 10 days of hearing on this Motion.

## INTRODUCTION

In or about November 2002, Emissive discovered that a German company, Zweibrüder Stalh Warenkontor GmbH ("Zweibrüder"), was manufacturing, importing, marketing, selling and/or offering to sell flashlights that embodied the ornamental design of the patented and trademarked Emissive X5 flashlight (the "Accused Flashlights"). Emissive further discovered that defendant, Coast Cutlery Co. ("Coast"), was importing, marketing, selling and/or offering to sell the Accused Flashlight under the "LED Lenser Turbo Torches" product line, in the same channels of trade as Emissive's X5. In addition, Coast's packaging for the V2 Triplex proclaimed, among other things, that the V2 Triplex uses computer chip technology, which was false.

In November 2002, Emissive filed suit in this Court against Zweibrüder and Coast, C.A. No. 02 497 L, for false advertising, patent infringement and unfair competition. On March 24, 2003, Coast stipulated to an injunction permanently enjoining it from using certain phrases in connection with the promotion and sale of the Accused Flashlights. Thereafter, in July 2003 Emissive, Coast and Zweibrüder entered into a Settlement Agreement. Per the Settlement Agreement, Zweibrüder and Coast agreed by December 31, 2003 to cease permanently all manufacture, promotion, distribution and sale of the Accused Flashlights as well as any other flashlight product that includes multiple LEDs each in an individual reflector cup or tube which are configured in the three, four, five, six or seven hole configuration. Coast further agreed to cease importing the products by October 15, 2003, and agreed to sell said products solely from stock through December 31, 2003.

Coast also agreed that it and its distributors, vendors and resellers would not propagate any marketing materials that promote the products as containing individual reflector cups or tubes which are configured in three, four, five, six or seven hole configurations depicted in Emissive's '164 Patent.

Despite the fact that Coast agreed permanently to cease all manufacture, promotion, distribution and sale of the Accused Flashlights, including the V2 Triplex, by the end of 2003, and despite the fact that Coast agreed to abide by the injunction concerning the advertising and packaging of the Accused Flashlights and to direct all distributors, vendors and resellers to cease use of the challenged advertising and promotional copy, Coast breached the Settlement Agreement. In late 2004 Emissive learned of Coast's manufacture, importation, sale and/or offering to sell a "triplex light" with "photon tube reflectors" that is the same V2 Triplex product that Coast agreed permanently to cease manufacturing, distributing and selling by the end of 2003. Upon information and belief, Coast is still in breach of the Settlement Agreement and is,

again, selling the exact same infringing product into Rhode Island and engaging in false advertising in violation of the Permanent Injunction and Settlement Agreement.

On March 30, 2005, Emissive propounded its First Request for Production of Documents. Coast responded, in part, on May 4, 2005, but its responses were incomplete as follows:

> **<u>REQUEST NO. 5:</u>**
> All communications between Coast and any third party, including distributors, retailers and resellers, concerning the Accused Flashlight,[1] the Replacement Flashlight[2] and/or the Accused Packaging.[3]
>
> **<u>COAST RESPONSE TO REQUEST NO. 5:</u>**
> Coast objects to this request to the extent it seeks production of document that are neither relevant nor calculated to lead to the discovery of admissible evidence. The request is overly broad, unduly burdensome, seeks the production of documents not in the custody, control or possession of Coast and seeks the production of proprietary and confidential information without a legitimate justification. Without waiving these objections, Cost will provide copies of letters sent to customer regarding the phase out of the Accused Flashlight and Packaging and introduction of the Replacement Flashlight.

**<u>RELIEF REQUESTED:</u>**

Emissive seeks an Order of this Court compelling Coast to provide a complete response to Request No. 5. Coast's partial production of a limited number of letters it sent to 5 resellers and unidentified customers regarding the phase-out is not sufficient. Since Coast apparently breached the terms of the Settlement Agreement, Emissive is entitled to review all

---

[1] Per the instructions in the Request for Production, the term "Accused Flashlight" refers to the flashlight product manufactured, imported, distributed, advertised and/or sold by Coast which is identified in the Verified Complaint as the infringing product.

[2] Per the instructions in the Request for Production, the term "Replacement Flashlight" refers to the flashlight product manufactured, imported, distributed, advertised and/or sold by Coast and which was produced by Michael Haglund on behalf of Coast as alleged in paragraph 43 of the Complaint and as admitted by Coast in paragraph 24 of its Answer.

[3] Per the instructions in the Request for Production, the term "Accused Packaging" refers to the packaging in which the Accused Flashlight and/or the Replacement Flashlight is packaged and sold which is identified in the Complaint as the false and/or misleading packaging.

communications before the Settlement Agreement (to determine what representations, if any, Coast made about the Accused Flashlight, changes to the Accused Flashlights and changes to the Accused Packaging), as well as all communications during and after the phase out (to determine what representations Coast made concerning its changes to the Accused Flashlights into the Replacement Flashlight and Accused Packaging). The information is relevant both to Coast's breach of contract claims and to its infringement claims, and Coast should be ordered to produce it.

> **REQUEST NO. 7:**
> All communications between Coast and any third party concerning the X5.
>
> **RESPONSE TO REQUEST NO. 7:**
> Coast objects to this request to the extent it seeks the disclosure of documents protected by the attorney-client privilege and/or that constitute attorney work product. Without waiving these objections, Coast has no non-privileged, non-work product responsive documents.

**RELIEF REQUESTED:**

To the extent Coast communicated with third-parties, Emissive is entitled to have those document produced. If Coast intends to withhold information based on privilege, Emissive requests an Order directing Coast to generate a privilege log identifying the author, date, recipients and general content of the communication, as well as the basis for Coast's privilege claim so Emissive can evaluate the validity of Coast's privilege assertion.

> **REQUEST NO. 8**:
> All documents concerning the manufacture, procurement, distribution and/or sale of the Accused Flashlight including, without limitations, inventory reports, sales reports, correspondence, internal memoranda and agreements.
>
> **RESPONSE TO REQUEST NO. 8:**
> Coast objects to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible

evidence. The request also is overly broad, unduly burdensome, seeks the production of documents not in the custody, control or possession of Coast and seeks the production of proprietary and confidential information without a legitimate justification. The parties already have litigated and settled their dispute regarding the Accused Flashlight, and Coast phased out its sale of the Accused Flashlight well over a year ago, prior to the December 31, 2003 deadline in the parties' Settlement Agreement.

**RELIEF REQUESTED:**

Emissive requests an Order compelling Coast to produce all documents and information responsive to Request No. 8. Though Coast claims that the parties already litigated and settled their dispute concerning the Accused Flashlight, Coast's apparent breach of the Settlement Agreement makes all of the information sought relevant both to Emissive's claims and to Coast's defenses. For example, per the Settlement Agreement, Coast agreed to sell the Accused Flashlight only out of stock – the request seeks documents (including correspondence) concerning the procurement of the Accused Flashlights to determine whether it continued to order the product in violation of the Agreement. Similarly, though Coast agreed to stop selling and distributing the Accused Flashlights after December 31, 2003, it apparently breached that obligation, too, which is why Emissive seeks information concerning sale and distribution of the Accused Flashlights. Once Emissive confirms that Coast breached the Settlement Agreement, it is entitled to pursue all remedies against Coast, including damages for all Coast's infringement, not just the post-Settlement Agreement infringement.

Finally, Coast's claims that responsive information may be confidential or proprietary is rendered moot by the Protective Order signed by the parties.

**REQUEST NO. 10**:
Documents sufficient to show on a monthly basis the costs incurred in connection with the manufacture, procurement, offer for sale, or sale of the Accused Flashlight, including without limitation, manufacturing costs, import costs, selling

costs, and any other costs Coast asserts reduce its net profits on sales of the Accused Flashlight.

**RESPONSE TO REQUEST NO. 10:**
Please see response to Request No. 8.

**RELIEF REQUESTED:**

For the reasons articulated *supra* concerning Request No. 8 , Emissive is entitled to the information sought in Request No. 10. Namely, Emissive is entitled to know information concerning procurement of the Accused Flashlight to determine when (or if) Coast stopped procuring it in accordance with the Settlement Agreement. The remaining information is relevant to Coast's anticipated damage defenses. To the extent Coast fails to produce its cost information, Coast should be precluded from offering same to offset Emissive's damage calculations for Coast's infringement.

**REQUEST NO. 11**:
All documents concerning Coast's compliance with the terms of the Settlement Agreement.

**RESPONSE TO REQUEST NO. 11:**
Coast objects to this request to the extent it seeks the disclosure of documents protected by the attorney-client privilege and/or that constitute attorney work product. Without waiving these objections, Coast will provide copies of non-privileged, non-work product responsive documents.

**RELIEF REQUESTED:**

If Coast intends to withhold information based on privilege, Emissive requests an Order directing Coast to generate a privilege log identifying the author, date, recipients and general content of the communication, as well as the basis for Coast's privilege claim so Emissive can evaluate the validity of Coast's privilege assertion.

**REQUEST NO. 12**:
All documents concerning the X5 including, without limitation, all analyses, evaluations or market research of the X5 by Coast.

**RESPONSE TO REQUEST NO. 12:**
Coast objects to this request to the extent it seeks the disclosure of documents "concerning the X5" that are protected by the attorney-client privilege and/or that constitute attorney work product. Without waiving these objections, Coast has no non-privileged, non-work product responsive documents and no documents concerning analyses, evaluations or market research of the X5.

**RELIEF REQUESTED:**

If Coast intends to withhold information based on privilege, Emissive requests an Order directing Coast to generate a privilege log identifying the author, date, recipients and general content of the communication, as well as the basis for Coast's privilege claim so Emissive can evaluate the validity of Coast's privilege assertion.

**REQUEST NO. 13**:
All documents concerning sourcing and/or importation of any part of the Replacement Flashlight including without limitation, purchase orders, invoices, and licensing agreements.

**RESPONSE TO REQUEST NO. 13:**
Coast objects to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request also is overly broad, unduly burdensome, seeks documents that are not in Coast's possession, custody or control, and seeks the production of proprietary and confidential information without a legitimate justification.

**RELIEF REQUESTED:**

Coast requests an Order of this Court compelling Coast to respond in full to Request No. 13. Among other reasons, the information sought is relevant to Emissive's claims that Coast continued to procure, distribute and sell the Accused Flashlights after the period allowed by the Settlement Agreement. Documents concerning the sourcing of the Replacement Flashlight are probative of the timing issues raised in the Complaint and to Coast's defenses that it complied with all terms of the Settlement Agreement.

Finally, Coast's claims that responsive information may be confidential or proprietary is rendered moot by the Protective Order signed by the parties.

## CONCLUSION

For the foregoing reasons, Emissive requests an Order of this Court compelling Coast to respond to the above-identified Requests for Production of Documents within 10 days of hearing on this Motion.

EMISSIVE ENERGY CORPORATION
By its Attorneys

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701

Dated: July 8, 2005

**CERTIFICATION**

TO:

Michael E. Haglund, Esq. (Via First Class Mail)
Haglund Kirtley Kelley Horngren Jones, LLP
One Main Place
101 SW Main St., Suite 1800
Portland, OR 97204-3226

Charles S. Beal, Esq. (Via First Class Mail)
Cameron & Mittleman, LLP
56 Exchange Terrace
Providence, RI 02903

I hereby certify that I caused a true copy of the within *Motion to Compel Production of Documents* to be to be transmitted as indicated to the above named counsel of record on the 8 day of July, 2005.

Theresa Sesson

H:\Clients\Emissive Energy\Coast Cutlery\Pleadings\RI Second Case\MCompel Prod of Documents.doc