UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EMISSIVE ENERGY CORPORATION, Plaintiff, | : | |
| v. | : | C.A. No. 04 482L |
| COAST CUTLERY CO., Defendant. | : | |

**COAST CUTLERY'S MOTION TO EXTEND DISCOVERY DEADLINE**

Defendant Coast Cutlery Co. moves this Honorable Court for an Order extending the discovery period in this matter by an additional forty-five (45) days, from July 29, 2005 to September 12, 2005. As grounds for its Motion, Coast Cutlery states as follows:

1. This lawsuit arises out of Plaintiff Emissive Energy Corporation's mistaken belief that Coast Cutlery intentionally breached a settlement agreement between the parties concerning an LED flashlight formerly sold by Coast Cutlery. In a nutshell, pursuant to the parties' settlement agreement, Coast Cutlery stopped selling a certain style of flashlight prior to December, 2003. In late 2004, however, Emissive Energy apparently found one of the original flashlights in a Rhode Island Target store, which ultimately led to the instant lawsuit.

2. Since the initiation of this lawsuit, both parties have made efforts to resolve the case via settlement. Towards that end, Coast Cutlery's President (David Brands) and lead Oregon trial counsel (Michael Haglund) traveled from Oregon to Rhode Island to participate in a mediation before Judge Almond on May 23, 2005. Prior to that date, only limited discovery had taken place, in part because Coast Cutlery was focused on resolving the case via a mediated settlement rather than engaging in expensive discovery in multiple states. Also, a protective order had not been entered by the Court until three days prior to the mediation, as a result of

which Coast Cutlery had been hesitant to share proprietary and confidential data with its competitor Emissive Energy. Ultimately, the parties were unable to resolve the matter at the mediation.

3. During June 2005, the parties engaged in written discovery. Coast Cutlery's lead Oregon counsel did not request depositions at that time, in part due to the ongoing written discovery and also due to a pre-existing commitment to finish briefing and argument in a major rate proceeding case before the Oregon Board of Maritime Pilots, which culminated on June 28, 2005.

4. In early July 2005, Coast Cutlery's Oregon counsel Julie Weis began working with Emissive Energy's counsel Christine Bush in an effort to resolve certain discovery disputes. Counsel also discussed the need for Coast Cutlery to take depositions in Rhode Island and for Emissive Energy to take depositions in Oregon. Counsel further discussed moving the Court to extend the discovery deadline to accommodate the depositions.

5. On July 11, 2005, Emissive Energy moved to compel Coast Cutlery to engage in further discovery. Although Coast Cutlery and Emissive Energy will be able to resolve a number of the disputed issues cooperatively, they will require the Court's assistance to resolve the discovery motions in their entirety. Coast Cutlery's response to the motions to compel is due July 25, 2005.

6. Coast Cutlery desires to resolve the parties' discovery dispute prior to Emissive Energy deposing its President in Oregon. Coast Cutlery also desires that the parties have an opportunity to engage in further settlement discussions after the deposition of Coast Cutlery's President, but before counsel travel again to Rhode Island for depositions of Emissive Energy's representatives (in the event the parties still cannot resolve their dispute). Accordingly, Coast

Cutlery believes that a limited, or forty five (45) day extension of the discovery deadline is in the best interest of both the parties and the Court as it would give the parties a meaningful opportunity to resolve this case without wasteful or expensive discovery or wasted judicial resources.

7. After considering Coast Cutlery's discovery extension request for a week, Emissive Energy concluded that it was reluctant to agree to an extension due to various scheduling concerns. Emissive Energy therefore neither joins in nor assents to this motion. Coast Cutlery will, of course, cooperate with Emissive Energy regarding scheduling concerns.

8. For all of the above reasons, Coast Cutlery respectfully asks the Court to grant its Motion for a limited extension to the parties' discovery deadline.

WHEREFORE, Coast Cutlery respectfully requests that this Court enter an Order extending the discovery date by forty-five (45) days, from July 29, 2005 to September 12, 2005, and granting any further relief as the Court deems just and appropriate.

DATED this 15th day of July, 2005.

Respectfully submitted,

COAST CUTLERY CO.

By Its Attorneys,

Michael E. Haglund /by CSB

Michael E. Haglund (*pro hac vice* counsel)
Julie A. Weis (*pro hac vice* counsel)
Haglund, Kelley, Horngren, Jones & Wilder LLP
101 SW Main, Suite 1800
Portland, OR 97204
Telephone: (503) 225-0777
Facsimile: (503) 225-1257
E-mail: weis@hk-law.com

Charles S. Beal (#5559)
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903
Telephone: 401-331-5700
Facsimile: 401-331-5787
E-mail: cbeal@cm-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of July, 2005, a true copy of the within was sent, via facsimile and first-class mail, postage prepaid, to the following:

Christine K. Bush, Esq.
Duffy Sweeney and Scott
One Turks Head Place, Suite 1200
Providence, RI 02903

G:\csb\CoastCutlery\pldgs\moextend.doc