UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **EMISSIVE ENERGY CORPORATION,** | : | Civil No. CA 04-482L |
| Plaintiff, | : | |
| v. | : | |
| **COAST CUTLERY CO.,** | | |
| Defendant. | | |

**DEFENDANT COAST CUTLERY'S AMENDED MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS PURSUANT TO FED. R. CIV. P. 37(a)(2)**

Pursuant to Fed. R. Civ. P. 37(a)(2), defendant Coast Cutlery moves the Court for an order compelling plaintiff Emissive Energy Corporation to respond to the following interrogatories and document production requests within 10 days of hearing on this Motion:

## CERTIFICATION

Counsel for defendant Coast Cutlery has conferred in good faith with plaintiff's counsel in an effort to secure disclosure without court action.

## INTRODUCTION

This lawsuit arises out of plaintiff's mistaken belief that Coast Cutlery, a family-owned business located in Portland, Oregon, intentionally breached a settlement agreement between the parties concerning an LED flashlight formerly sold by Coast Cutlery.

<u>**The First Lawsuit and the Settlement Agreement**</u>.

In late 2002, plaintiff Emissive Energy Corporation sued Coast Cutlery for false advertising, patent infringement and unfair competition in connection with Coast Cutlery's sale of an LED mini flashlight called the V2 Triplex. Emissive Energy alleged that the V2 Triplex was a knock-off of its X5 mini flashlight product, when in reality the V2 Triplex had been designed independently by a Germany company called Zweibrüder Stahlwarenkontor. The case, <u>Emissive Energy Corp. v. Zweibrüder</u> <u>et al.</u>, No. 02-497-L, was assigned to this Honorable Court.

In March 2003, Coast Cutlery stipulated to an Order enjoining it from using certain complained of phrases in connection with the V2 Triplex. In doing so, Coast Cutlery did not concede any wrongdoing. Instead, Coast Cutlery simply made a business decision to change its packaging and advertising rather than engage in further litigation on the topic. Coast Cutlery then changed its packaging and advertising materials to reflect its agreement.

In July 2003, Coast Cutlery entered into a Settlement Agreement whereby it agreed to phase out its sale of the old V2 Triplex. In doing so, Coast Cutlery did not concede any wrongdoing. Instead, Coast Cutlery simply made a business decision that it was easier for Zweibrüder Stahlwarenkontor to redesign the V2 Triplex than to engage in further litigation on the topic. Coast Cutlery then phased out the old V2 Triplex and started selling a modified product – referred to herein as the Replacement Product and sold under the same model numbers – in its stead. Emissive Energy does not challenge the Replacement Product in any respect.

The parties' settlement agreement did not call for the removal of the original V2 Triplex from the marketplace. It did, however, release all claims at issue in the first lawsuit,

albeit limited to the United States. The settlement agreement also called for dismissal of the lawsuit with prejudice, which the Court did on July 16, 2003.

**The Current Lawsuit.**

In October 2004, Emissive Energy accused Coast Cutlery of continuing to sell the original V2 Triplex, which was not true. Emissive Energy apparently had found one of the original flashlights in a Rhode Island Target store, leading it to believe that Coast Cutlery was still selling the original product. The parties unfortunately were unable to resolve the dispute, and the instant lawsuit was filed in November 2004 alleging the same claims brought in the original lawsuit plus breach of the settlement agreement and trademark infringement.

Contrary to Emissive Energy's characterization of the current dispute, this is a garden variety breach of contract case arising out of an alleged breach of a settlement agreement. See Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 66 F.Supp.2d 317, 324 (D.R.I. 1999) ("Settlement agreements are treated as contracts and enforced under the rules governing contracts generally."). Settlement agreements are binding contracts that should be given effect, particularly given that "Rhode Island courts favor the settlement of disputes outside of the litigation process." Id. Coast Cutlery has made and continues to make a good faith effort to comply with the terms of the settlement agreement, but it requires Emissive Energy to respond to the following interrogatories and document requests to defend itself against plaintiff's current allegations.

**INTERROGATORIES**

On May 26, 2005, Coast Cutlery propounded its First Set of Interrogatories to Emissive Energy Corporation. Emissive Energy's responses were incomplete as follows:

**INTERROGATORY NO. 5:**

Identify by retailer, date and number of units all of the products which plaintiff contends violate the Settlement Agreement between the parties.

**RESPONSE TO INTERROGATORY NO. 5:**

As discovery is ongoing, Emissive cannot respond to Interrogatory No. 5 at this time.

**RELIEF REQUESTED:**

Coast Cutlery asks the Court to compel Emissive Energy to respond to Interrogatory No. 5 with any information it currently possesses. Coast Cutlery's Complaint, dated November 17, 2004, alleged that Coast Cutlery was selling the Accused Flashlight in violation of the parties' settlement agreement, which is not true. See, e.g., Compl. ¶¶ 49-51. Consistent with Rule 11 of the Federal Rules of Civil Procedure, Emissive Energy must have had some evidentiary support for its allegations. Even if Emissive Energy's investigation is ongoing, Coast Cutlery is entitled to know what information plaintiff currently possesses. If Emissive Energy has no such information, it should so state.

**INTERROGATORY NO. 6:**

If plaintiff has ever marketed and sold a flashlight configured in the three-hole configuration depicted in the Emissive patent attached as Exhibit A of the Settlement Agreement between the parties, identify how many units have been sold annually for each year during the period of 2001 through 2005.

**<u>RESPONSE TO INTERROGATORY NO. 6</u>:**
Emissive objects to Interrogatory No. 6 on the grounds that it is overly broad and seeks information that is not relevant to any claim or defense of either party with respect to the design patent attached as Exhibit A to the Settlement Agreement between the parties.

**RELIEF REQUESTED:**

Coast Cutlery asks the Court to compel Emissive Energy to respond to Interrogatory No. 6 for the years 2004-05 only. Emissive Energy's complaint alleges that it has been damaged by Coast Cutlery's sale of an infringing flashlight. To adequately assess and defend against Emissive Energy's claim of damages, Coast Cutlery is entitled to know how many units of the allegedly infringed product have been sold by plaintiff. Consistent with the parties' settlement agreement, in which the parties released any and all claims in connection with Coast Cutlery's sale of the Accused Flashlight predating December 31, 2003, Coast Cutlery is limiting this request to sales after December 31, 2003.

**REQUEST FOR PRODUCTION**

On May 26, 2005, Coast Cutlery propounded its First Request for Production of Documents and Things to Emissive Energy Corporation. Emissive Energy's response was incomplete as follows:

**<u>REQUEST NO. 3</u>:**

All documents concerning the manufacture, procurement, distribution and/or sale by plaintiff of a flashlight configured in the three-hole configuration depicted in the Emissive patent attached as Exhibit A to the Settlement Agreement between the parties.

**<u>RESPONSE TO REQUEST NO. 3</u>:**

Emissive objects to Request No. 3 on the grounds that it is overly broad and seeks information that is not relevant to any claim or defense of either party with respect

to the design patent attached as Exhibit A to the Settlement Agreement between the parties.

**RELIEF REQUESTED:**

Coast Cutlery asks the Court to compel Emissive Energy to respond to the above request for the years 2004-05 only. Emissive Energy's complaint alleges that it has been damaged by Coast Cutlery's sale of an infringing flashlight. To adequately assess and defend against Emissive Energy's claim, Coast Cutlery is entitled to documents pertaining to the manufacture, procurement, distribution and/or sale of the allegedly infringed product. Consistent with the parties' settlement agreement, in which the parties released any and all claims in connection with Coast Cutlery's sale of the Accused Flashlight predating December 31, 2003, Coast Cutlery is limiting this request to documents concerning manufacture, procurement, distribution and/or sales after December 31, 2003.

**CONCLUSION**

For the foregoing reasons, Coast Cutlery respectfully moves the Court for an Order compelling Emissive Energy to respond to above-identified interrogatories and request for production.

DATED this 4th day of August, 2005.

Respectfully submitted,

COAST CUTLERY CO.
By its attorneys

By: Michael E. Haglund /CSB

Michael E. Haglund
(pro hac vice counsel)
Julie A. Weis
(pro hac vice counsel)
Haglund, Kelley, Horngren,
Jones & Wilder LLP
101 SW Main, Suite 1800
Portland, OR 97204
Telephone: (503) 225-0777
Facsimile: (503) 225-1257
E-mail: weis@hk-law.com

By:

Charles S. Beal (#5559)
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, R.I. 02903
Telephone: 401-331-5700
Facsimile: 401-331-5787
E-mail: cbeal@cm-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing **DEFENDANT COAST CUTLERY'S AMENDED MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS PURSUANT TO FRCP 37(a)(2)** on the following party(ies):

Craig M. Scott
Christine Bush
Duffy Sweeney & Scott Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Attorney for Plaintiff

by mailing a true and correct copy thereof to said party(ies) on the date stated below.

DATED this 4th day of August, 2005.

By: ______________________
Charles S. Beal
Attorneys for Defendant

G:\csb\CoastCutlery\pldgs\motioncompel.doc