**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **EMISSIVE ENERGY CORPORATION,** Plaintiff, v. **COAST CUTLERY CO.,** Defendant. | : | Civil No. CA 04 482L |

**DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Pursuant to FRCP 56 and Local Rule 12.1, defendant Coast Cutlery Co. respectfully moves for partial summary judgment against Count II (false advertising), Count III (trademark infringement) and Count IV (patent infringement) of plaintiff's Complaint. The uncontroverted facts show that there is no genuine issue as to any material fact concerning those claims, and defendant is entitled to a judgment as a matter of law.

This motion is supported by Defendant's Statement of Undisputed Facts, Defendant's Memorandum of Law in Support of Motion for Partial Summary Judgment, Defendant Coast Cutlery's Declaration of David Brands, and the Affidavit of Charles S. Beal, filed herewith, along with the Court's files and pleadings herein, and the Court's files and pleadings in the prior case of <u>Emissive Energy Corp. v. Zweibruder Stahl Warenkontor GmbH and</u>

Coast Cutlery Co., C.A. No. 02-497 L (dismissed with prejudice July 14, 2003).

Pursuant to Local Rule 12.1(b), defendant requests an oral hearing on this motion and believes that 30 minutes would be sufficient time for both parties to be heard. Oral argument would assist the Court in appreciating that, despite the breadth of plaintiff's factual allegations, this action presents, at most, nothing more than a garden variety case for breach of a settlement agreement, and the parties previously released each and every other claim between them.

DATED this 5h day of August, 2005.

Respectfully submitted,

COAST CUTLERY CO.

By its attorneys

Michael E Haglund /CSB

Michael E. Haglund
(pro hac vice counsel)
Julie A. Weis
(pro hac vice counsel)
Haglund, Kelley, Horngren,
Jones & Wilder LLP
101 SW Main, Suite 1800
Portland, OR 97204
Telephone: (503) 225-0777
Facsimile: (503) 225-1257
E-mail: haglund@hk-law.com

Charles S. Beal (#5559)
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, R.I. 02903
Telephone: 401-331-5700
Facsimile: 401-331-5787
E-mail: cbeal@cm-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing **DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT** on the following party(ies):

Craig M. Scott, Esq.
Christine Bush, Esq.
Duffy Sweeney & Scott Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Attorney for Plaintiff

by delivering a true and correct copy thereof to said party(ies) on the date stated below.

DATED this 5th day of August, 2005.

Charles S. Beal
Attorneys for Defendant

G:\csb\CoastCutlery\pldgs\mopartialsumjudg.doc

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **EMISSIVE ENERGY CORPORATION,** Plaintiff, v. **COAST CUTLERY CO.,** Defendant. | : : : : : : : : : | Civil No. CA 04 482L |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

## I. INTRODUCTION.

The parties are competitors in the domestic sale of LED flashlights and have already litigated plaintiff's patent infringement, trademark infringement, and false advertising claims to judgment in 2003. Plaintiff has no new facts or evidence to support these claims. They were mutually released as part of a global, negotiated settlement agreement and are barred under the law of contracts and *res judicata* from being reasserted for a second time.

The LED flashlights at issue use light emitting diodes ("LEDs") to produce light at the molecular level, unlike ordinary flashlights that create light using filaments housed in light bulbs. This entire lawsuit arises out of plaintiff's mistaken belief that Coast Cutlery breached the parties'

settlement agreement of July 2003. As demonstrated below, Coast Cutlery complied with the agreement. Coast Cutlery phased out the older flashlight design plaintiff challenged in its first infringement lawsuit, and further redesigned its product and packaging to prevent any possibility of confusion. In light of the undisputed facts and prior mutual release, plaintiff cannot reassert its infringement and false advertising claims, and Coast Cutlery is entitled to partial summary judgment as a matter of law.

## II. FACTUAL BACKGROUND.

On November 18, 2002, plaintiff sued Coast Cutlery in a prior action in this Court for allegedly infringing on its patent. See Defendant's Statement of Undisputed Facts ("Def's. Facts") ¶ 1. In the prior action, plaintiff made identical allegations that Coast Cutlery's sale of an LED mini flashlight called the V2 Triplex infringed on plaintiff's design patent because it utilized the same configuration as plaintiff's LED flashlight head by placing multiple LEDs each contained in their own individual reflector cup or tube. In short, plaintiff complained that placing each LED in its own cup violated plaintiff's design. Id. ¶ 1, Ex. A at ¶¶ 7, 10, 17, 48 (copy of Verified Complaint in prior action).

Rather than waste resources in protracted litigation, Coast Cutlery determined that it would be easier to simply redesign its flashlight head and packaging and agreed to settle the case. Def's. Facts ¶ 4. The settlement agreement required Coast Cutlery to phase out the older flashlight design and deplete its stock by year-end 2003. Id. ¶¶ 4-5. Not only did Coast Cutlery meet that deadline, it redesigned the flashlight head itself to eliminate configuring the three LEDs each in their own separate reflector cup or tube. Instead, the new design combined the three LED reflector tubes into a single reflective space in the overall shape of a cloverleaf pattern. This design change not only addressed the obligations of the settlement agreement but improved the flashlight's light projection as well. Id. ¶ 6. Coast Cutlery also changed its packaging and marketing materials to remove specific language plaintiff argued was false. Id. In resolving the prior lawsuit, the parties mutually released each other from all claims, and the Court dismissed the case with prejudice on July 14, 2003. Id. ¶¶ 3, 8.

Sometime in 2004, plaintiff apparently bought one of Coast Cutlery's original flashlights for sale at a retail Target outlet. Plaintiff also noticed that two mail order catalogs continued to show pictures of Coast Cutlery's older flashlight

design. However, it is undisputed that by year-end 2003, Coast Cutlery had already complied with the settlement agreement by phasing out the older design and by redesigning its product, packaging and marketing materials. Def's. Facts ¶¶ 4-7. The settlement agreement did not require retail stores to recall the older product or packaging.

In settling the prior lawsuit, plaintiff fully released Coast Cutlery from any and all claims, and no new facts exist to support any claim of continuing infringement. Def's. Facts ¶¶ 4-9. In light of the scope of the settlement agreement, mutual release, and order dismissing the case with prejudice, plaintiff has no right to reassert claims for patent infringement, trademark infringement, and false advertising claims for a second time. Coast Cutlery is entitled to summary judgment as a matter of law on those claims.

## III. ARGUMENT.

### A. Standard for Granting Summary Judgment.

Summary judgment is proper if the pleadings, affidavits, and evidence "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Astra Pharmaceutical Products, Inc. v. Beckman Instruments, Inc., 718 F.2d 1201, 1204 (1st Cir. 1983); FRCP 56(c).

**B. Coast Cutlery's New Product Design and Packaging Does Not Infringe on Plaintiff's Patent or Trademark as a Matter of Law.**

In patent cases, summary judgment is appropriate when it is apparent that only one conclusion as to infringement could be reached by a reasonable jury. Telemac Cellular Corp. v. Topp Telecom, Inc., 247 F.3d 1316, 1323 (Fed. Cir. 2001).

In both plaintiff's prior action and this second action, the allegation central to plaintiff's claims of infringement is that Coast Cutlery has sold an LED flashlight that improperly uses plaintiff's flashlight head design of placing the LEDs "each in an individual reflector cup or tube, which are configured in the three . . . hold configuration depicted in Emissive's '164 patent." Compare Compl. ¶¶ 6, 9, 15, 22, 27, 32-33, 46, 49, 54, 59, 65, with Def's Facts ¶ & Ex. A (Verified Complaint in prior action) ¶¶ 7, 10, 17, 48. The allegations in both lawsuits are identical.

It is undisputed that Coast Cutlery redesigned its flashlight head design so that each LED is no longer in its own separate individual cup or tube. Instead, the three LEDs in Coast Cutlery's product are now housed in a single reflective space in the overall shape of a cloverleaf. Brands Decl. ¶ 4 &

Ex. B.[1] It is also undisputed that Coast Cutlery's new packaging contains none of the language that it agreed to stop using in the prior action. Id. ¶ 5 & Ex. B. Further, Coast Cutlery's new packaging does not contain anything on plaintiff's trademark Reg. No. 2,599,239. Compare Def's. Facts at Ex. B (plaintiff's trademark Reg. No. 2,599,239) with Brands Decl. at Ex. B (Coast Cutlery's new packaging). This leaves no possibility of infringement as a matter of law. Baker v. Simmons Co., 307 F.2d 458, 461 (1st Cir. 1962). Finally, the evidence is undisputed that Coast Cutlery complied with the settlement agreement by phasing out its existing stock of the accused design by December 31, 2003, which it had a right to do.

In light of these facts, plaintiff has no viable infringement claims against Coast Cutlery based on any new facts or evidence. No reasonable juror could conclude that Coast Cutlery's new design and packaging infringes on plaintiff's rights as a matter of law. As such, Coast Cutlery is entitled to an order declaring that its product redesign and packaging does not infringe on plaintiff's trademark or patent rights as a

[1] Plaintiff concedes that Coast Cutlery's new product design (specifically, the flashlight itself) complies with the settlement agreement. Def's. Facts ¶ 9.

matter of law.[2] Coast Cutlery is further entitled to summary judgment dismissing Count III (trademark infringement) and Count IV (patent infringement) of plaintiff's Complaint.

**C. Plaintiff Cannot Pursue Claims Subject to a Prior Release and Judgment of Dismissal with Prejudice.**

**1. Plaintiff's claims are barred by the release.**

Rhode Island courts favor the settlement of disputes outside of litigation. "Settlement agreements are treated as contracts," and they are "enforced under the rules governing contracts." Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 66 F. Supp 2d 317, 324 (D.R.I. 1999) ("These agreements are 'as binding as any contract the parties could make, and as binding as if its terms were embodied in a judgment.'") (quoting 15A AM. JUR.2D COMPROMISE AND SETTLEMENT § 25 (1976)). A settlement is even "considered a final judgment for purposes of res judicata." Nelson v. The City of Cranston, 116 F. Supp. 2d 260, 265 (D.R.I. 1999); Tang v. State of Rhode Island, Dep't of Elderly Affairs, 904 F. Supp. 69, 75 (D.R.I. 1995) (settling party cannot sue on

[2] A finding of infringement requires the Court to conclude that the accused device embodies every element of the patent claim. Builders Concrete Inc. v. Bremerton Concrete Prods. Co., 757 F.2d 255, 257 (Fed. Cir. 1985). Plaintiff's design patent 434,164 contains one claim: "the ornamental design for a flashlight head, as shown and described." See Compl., Ex. 2 at 1 & Figures 1-13 (repeatedly illustrating design of one LED per cup). Because Coast Cutlery's product as redesigned and packaged does not have that design characteristic, Coast Cutlery is entitled to a declaration of non-infringement. California Medical Prods., Inc. v. Emergency Medical Prods., Inc., 796 F. Supp. 640, 644 (D.R.I. 1992).

same cause of action due to dissatisfaction with performance under settlement agreement).

In the settlement agreement at issue, Coast Cutlery agreed to cease all manufacture, promotion, distribution, and sale of the "flashlight product that includes multiple LEDs each in an individual reflector cup or tube which are configured in the three . . . hole configuration depicted in" plaintiff's patent before December 31, 2003. Def's. Facts ¶¶ 4-5. Coast Cutlery also agreed to stop importing the accused product by October 15, 2003, and to phase out its existing inventory of stock of that product by December 31, 2003. Coast Cutlery performed all three of those obligations by the agreed-upon deadlines. Id. ¶¶ 4-7.

In consideration for the settlement agreement, the parties executed the following mutual release in favor of one another, under which they:

> hereby release and discharge each other and their past, present, and future officers, directors, stockholders, attorneys, agents, servants, representatives, employees, parents, subsidiaries, affiliates, partners, predecessors, successors-in-interest, and assigns, for and from any [and] all claims, demands, allegations, actions, causes of actions, rights, damages, costs, expenses and compensation of whatever nature known and existing as of the date of this Agreement . . . .

Brands Decl., Ex. A at 4 ¶ 7 (emphasis added).

Plaintiff has no evidence disputing that Coast Cutlery stopped importing, distributing, and promoting the product at issue in a timely fashion under the 2003 deadline. Plaintiff cannot accept the benefits of performance, yet still argue that Coast Cutlery's alleged breach of the settlement agreement (which Coast Cutlery vigorously disputes on the merits) gives rise to both a breach of contract claim and the original trademark and patent infringement and false advertising claims. That would make the settlement agreement entirely illusory and violate principles of finality, *res judicata*, and well-settled public policies in Rhode Island favoring dispute resolution.

**2. Plaintiff's claims are barred under the doctrine of *res judicata*.**

On July 14, 2003, this Court entered a Dismissal Stipulation in the initial action ordering plaintiff's Verified Complaint "dismissed with prejudice."

A voluntary dismissal with prejudice is ordinarily deemed a final judgment that satisfies the elements necessary for applying the doctrine of *res judicata*. Lawlor v. Nation Screen Serv. Corp., 349 U.S. 322, 327 (1955) (judgment dismissing previous suit with prejudice bars later suit on the same cause of action); Langton v. Hogan, 71 F.3d 930, 935 (1st

Cir. 1995) ("A judgment that is entered with prejudice . . . by stipulated dismissal . . . bars a second suit on the same claim or cause of action."); 9 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE & PROCEDURE § 2376 at 319-320 (2d ed. 1995) ("Dismissal with prejudice, unless the court has made some other provision, is subject to the usual rules of *res judicata* . . . .").

Plaintiff has no new evidence of patent infringement, trademark infringement, or false advertising arising from facts or events subsequent to the July 2003 settlement agreement and dismissal of the first action with prejudice. As a result, plaintiff is barred from reasserting those claims now based on allegations of fact that existed during the first action. Thus, based on either principles of contract finality or *res judicata*, Coast Cutlery is entitled to summary judgment on Count II (false advertising), Count III (trademark infringement), and Count IV (patent infringement) of plaintiff's Complaint.

**IV. CONCLUSION.**

For the reasons set forth above, Coast Cutlery's motion for partial summary judgment should be granted. The Court should declare that Coast Cutlery's new product and packaging does not constitute false advertising or infringe on plaintiff's patent or trademark as a matter of law. The Court

should further order Counts II, III, and IV of plaintiff's Complaint dismissed with prejudice.

DATED this 5th day of August, 2005.

Respectfully submitted,

COAST CUTLERY CO.
By its attorneys

By: Michael E Haglund /CSB
Michael E. Haglund
(pro hac vice counsel)
Julie A. Weis
(pro hac vice counsel)
Haglund, Kelley, Horngren, Jones & Wilder LLP
101 SW Main, Suite 1800
Portland, OR 97204
Telephone: (503) 225-0777
Facsimile: (503) 225-1257
E-mail: haglund@hk-law.com

By: ______________________
Charles S. Beal (#5559)
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, R.I. 02903
Telephone: 401-331-5700
Facsimile: 401-331-5787
E-mail: cbeal@cm-law.com

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT** on the following party(ies):

Christine Bush, Esq.
Duffy Sweeney & Scott Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Attorney for Plaintiff

by delivering a true and correct copy thereof to said party(ies) on the date stated below.

DATED this 5th day of August, 2005.

Charles S. Beal
Attorneys for Defendant

G:\csb\CoastCutlery\pldgs\memopartialsumjudge.doc