UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CA 02 497 L

EMISSIVE ENERGY CORPORATION,

Plaintiff,

vs.

ZWEIBRÜDER STAHLWARENKONTOR GmbH and COAST CUTLERY CO.

Defendants.

C.A. NO. 02-

JAN 1 2003

RECEIVED
NOV 18 2002
U.S. District Court
District of Rhode Island

**VERIFIED COMPLAINT**

Plaintiff, Emissive Energy Corporation ("Emissive"), brings this action against defendants, Zweibrüder Stahlwarenkontor GmbH ("Zweibrüder") and Coast Cutlery Co. ("Coast"), for false advertising, patent infringement and unfair competition relating to defendants' intentional manufacture, distribution and/or sales of a knock off of Emissive's X5 mini flashlight product, and seeks injunctive relief and monetary damages. It alleges as follows:

**PARTIES**

1. Emissive is a Delaware corporation with its principal place of business located at 5 Division Street, Warwick, Rhode Island. Emissive designs, manufactures and sells high performance mini flashlights and other handheld lighting equipment. Emissive designs, manufactures and assembles its products in Rhode Island and employs over thirty people here. Its products are sold in national and local retail stores and are distributed to twenty countries.

2. Upon information and belief, Zweibrüder is a German corporation with its principal place of business located at Ohligser Schützenplatz 8, 42697 Solingen. Zweibrüder designs and sells handheld flashlights, including the so-called V2 Triplex mini flashlight (the

"V2 Triplex"). Zweibrüder has sold and continues to sells its products, including the V2 Triplex, in Rhode Island and throughout the United States. It sells these produces through several channels, such as retailers, including Target Corporation ("Target"), distributors, including Coast, Internet sales and mail order catalogs.

3. Upon information and belief, defendant Coast is an Oregon corporation with its principal place of business located at 2045 SE Ankeny, Portland, Oregon. Coast sells sporting knives and hunting accessories and equipment, including Zweibrüder's V2 Triplex, which Coast packages and markets as the "V2 Triplex Tek Torch." Coast sells a number of Zweibrüder products into Rhode Island through, among other channels, Target and direct marketing. Coast has sold and continues to sell the V2 Triplex in Rhode Island by way of Internet and catalog sales.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1338(a) and (b), and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). This Court also has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a) because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. This Court has personal jurisdiction over defendants because, among other things, Zweibrüder sells multiple products at Target stores in Rhode Island. It also has sold it the V2 Triplex into Rhode Island by way of catalogs and Internet sales. Moreover, upon information and belief, Zweibrüder is negotiating with Target to sell additional products at Target stores, including Target stores located in Rhode Island. Coast markets and sells Zweibrüder products in

Rhode Island at Target stores. Coast also sells Zweibrüder's V2 Triplex into Rhode Island by way of catalog and Internet sales.

6. Venue is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(b).

## FACTS COMMON TO ALL COUNTS

**The Emissive X5**

7. Emissive designed and later introduced its X5 mini flashlight in 2000. The X5 is a hand-held, cylindrical aluminum flashlight that has a distinctive ornamental round head with a Gatling gun appearance created by multiple light emitting diodes ("LED"), each in a separate reflector cup. (Photographs of the X5's distinctive Gatling gun head are attached hereto as Exhibit 1.)

8. Emissive manufactures and assembles the X5 in Rhode Island. In fact, with the exception of its battery and LED, which Emissive purchases from Nichia America Corporation, all components of the X5 product and its packaging are custom-made in Rhode Island.

9. Emissive's Chief Executive Officer, Robert Galli, designed the X5.

10. On November 21, 2000, the United States Patent and Trademark Office issued a patent (No. Des. 434,164)(the "'164 Patent") to Mr. Galli on his design for the X5. The '164 Patent protects the ornamental design of the X5's flashlight head. (A true copy of the '164 Patent is attached as Exhibit 2.) Mr. Galli assigned the '164 Patent to Emissive. On July 23, 2002, the United States Patent and Trademark Office issued a federal trademark registration to Emissive on the X5 flashlight head. (A true copy of the United States Trademark Registration is attached hereto as Exhibit 3.)

11. In addition to the '164 Patent, Emissive has registered patents in the United Kingdom and Germany, where Zweibrüder is based, which protect the same ornamental design of X5's flashlight head.

12. Emissive also has received or applied for a number of other patents relating to the overall ornamental design of the X5. For example, on April 9, 2002, the United States Patent and Trademark Office issued a patent (No. Des. 455,513) to Mr. Galli on his design for the X5. That patent protects the ornamental design of the X5's mini flashlight body and head.

13. Emissive has spent over $50,000 marketing its X5 on the Internet and at trade shows. Emissive targets catalogs and retailers that sell hunting, outdoors, and sporting goods.

14. As a result of Emissive's sales, investment in marketing and advertising, and product distribution, the X5's highly distinctive mini flashlight head is widely recognized by consumers and serves to distinguish Emissive's X5 from other products.

15. Emissive's patented and trademarked X5 is a valuable asset of Emissive and is a principal source of the company's goodwill.

**Defendants' Chinese Knock-offs**

16. Emissive discovered that Zweibrüder is currently manufacturing, importing, marketing, selling and/or offering to sell its V2 Triplex mini flashlight (the "Accused Flashlight"), which embodies the ornamental design of, and is substantially similar to, the Emissive X5 flashlight. (A copy of a nationally distributed catalog advertising the Accused Flashlight is attached hereto as Exhibit 4.)

17. Instead of using a standard single reflector cup, the Accused Flashlight copies the X5's unique Gatling gun appearance, and places each LED in a separate reflector cup. Until Zweibrüder knocked off its products, Emissive was the only manufacturer and seller of mini-

flashlights employing that distinctive design. (Representative photographs of the heads of other mini-flashlights marketed by third-parties are attached hereto as Exhibit 5)

18. Upon information and belief, Zweibrüder and/or the Chinese manufacturer of the Accused Flashlight purchase the LEDs for the Accused Flashlight from Emissive's supplier.

19. Upon information and belief, Zweibrüder is intentionally infringing Emissive's design patent by arranging to have a Chinese knock-off product manufactured for sale in the United States, including Rhode Island. The Accused Flashlight manufactured, imported, marketed, sold or offered for sale by Zweibrüder in the United States and Rhode Island includes design elements that infringe on the '164 Patent. Such infringement will continue unless enjoined by the Court.

20. Coast is importing, marketing, selling and/or offering to sell the Zweibrüder Accused Flashlight under its own label as the "Tek Torch." (A true photograph of the Accused Flashlight sold by Coast is attached hereto as Exhibit 6.) Coast is importing, marketing, selling and/or offering to sell the Accused Flashlight in the United States and in Rhode Island and is a distributor for Zweibrüder.

21. Coast is selling Zweibrüder products and the Accused Flashlight in the same channels of trade as Emissive's X5. For instance, Coast sells a number of Zweibrüder's products under its own brand and under the Eddie Bauer brand. Target and Eddie Bauer have sold Emissive products. Coast markets and advertises the Accused Flashlight in catalogs targeting the outdoor/hunting/sporting audience, including Herrington. Coast is also advertising and marketing the Accused Flashlight on Herrington's website.

22. Moreover, Coast demonstrated models of the Accused Flashlight at a tradeshow that is pivotal to Emissive's marketing and sales efforts, the SHOT Show, in Las Vegas, Nevada.

23. Thus, not only will the Accused Flashlight will be positioned right next to the X5 in retail stores, but also Zweibrüder and Coast will likely attempt to sell it directly at the exact trade shows where Emissive has traditionally focused its marketing efforts.

**Defendant's False Advertising**

24. Coast's packaging for the Accused Flashlight proclaims, among other things, that: (1) it is "10 Times As Bright"; (2) it "Lasts 20 Times Longer"; (3) it has 200 hours of battery life using super alkaline batteries; (4) each LED bulb will provide over 200,000 hours of service; (5) it uses less energy than any comparably sized light; and (6) the Accused Flashlight uses computer chip technology. (A true photograph of the Accused Flashlight's packaging is attached hereto as Exhibit 7.)

25. Coast has repeated its false and misleading advertising copy about the Accused Flashlight to other sellers, and it is included in Herrington catalogs and on the Herrington website. (A true copy of the relevant portions of the Herrington catalog and web site are attached hereto collectively as Exhibit 8.) For instance, on Herrington's website, and in the Herrington catalog, Coast markets the Accused Flashlight by claiming that "individual computer chips drive each LED for unheard of efficiency - over 200 hours from just 3 tiny 1.5v alkaline batteries." (Exhibit 8.)

26. Coast makes similar false statements claims in the Smoky Mountain Knife Works Christmas 2002 catalog. (Exhibit 9.) There, it claims that the Accused Flashlight "is the most powerful torch of its size" and, again, that the LEDs are "powered by a computer chip." .

27. Coast's claims are false. The Accused Flashlight is not 10 times as bright as the X5. In fact, upon information and belief, the flashlights use identical LEDs and substantially identical reflector cups as the X5.

28. The Accused Flashlight's LEDs also are not powered by a computer chip or any electronics, and there are no electronic components in the Accused Flashlight other than the LEDs.

29. Further, the Accused Flashlight does not last 20 times longer than competitive flashlights in its class, including the X5, which uses lithium batteries.

30. The Accused Flashlight also does not produce 200 hours of battery life using alkaline batteries.

**COUNT I**
**FALSE ADVERTISING - COAST**
**(Violation of 15 U.S.C. § 1125(a))**

31. The allegations of Paragraphs 1 through 30 are incorporated by reference as if fully set forth herein.

32. Coast's claims on the Accused Flashlight's packaging constitute a wrongful and unlawful use in commerce of words, terms and/or false or misleading descriptions of fact, and/or false or misleading representations of fact which misrepresent the nature, characteristics, or qualities of the Accused Flashlight.

33. Coast's claims on the Internet and in catalogs constitute a wrongful and unlawful use in commerce of words, terms and/or false or misleading descriptions of fact, and/or false or misleading representations of fact which misrepresent the nature, characteristics, or qualities of the Accused Flashlight.

34. Upon information and belief, the foregoing conduct by Coast has been knowing, deliberate, willful, intended to cause confusion, or cause mistake and deceive, all in disregard of Emissive's rights.

35. By reason of Coast's acts, Emissive has suffered and will continue to suffer damages to its business, reputation and goodwill and loss of sales and profits Emissive would have realized but for Coast's acts. Unless restrained and enjoined, Coast will continue to engage in the acts complained of herein and irreparably damage Emissive. Emissive's remedy at law is not adequate to compensate it for all the resulting injuries arising from Coast's actions.

**COUNT II**
**FALSE ADVERTISING - COAST**
**(Violation of R.I. Gen. Laws §§ 6-13.1-1 *et seq.*)**

36. The allegations of Paragraphs 1 through 35 are incorporated by reference as if fully set forth herein.

37. Coast's claims on the Accused Flashlight's packaging constitute a wrongful and unlawful use in commerce of words, terms and/or false or misleading descriptions of fact, and/or false or misleading representations of fact which misrepresent the characteristics, benefits or qualities of the Accused Flashlight in violation of R.I. Gen. Laws § 6-13.1-1(5).

38. Coast's claims on the Internet and in catalogs constitute a wrongful and unlawful use in commerce of words, terms and/or false or misleading descriptions of fact, and/or false or misleading representations of fact which misrepresent the nature, characteristics, or qualities of the Accused Flashlight.

39. Upon information and belief, the foregoing conduct by Coast has been knowing, deliberate, willful, intended to cause confusion, or cause mistake and deceive, all in disregard of Emissive's rights.

40. By reason of Coast's acts, Emissive has suffered and will continue to suffer damages to its business, reputation and goodwill and loss of sales and profits Emissive would have realized but for Coast's acts. Unless restrained and enjoined, Coast will continue to engage

in the acts complained of herein and irreparably damage Emissive. Emissive's remedy at law is not adequate to compensate it for all the resulting injuries arising from Coast's actions.

## COUNT III
## PATENT INFRINGEMENT- ZWEIBRÜDER

41. The allegations of Paragraphs 1 through 40 are incorporated by reference as if fully set forth herein.

42. Zweibrüder knowingly and intentionally has infringed and continues to infringe the '164 Patent.

43. Emissive has suffered and will continue to suffer substantial damage and irreparable harm as a result of Zweibrüder's continuing infringement of the '164 Patent including, but not limited to, the loss of commercial value of its X5 mini flashlight design, loss of the value of its patent, loss of good will, and other injuries to Emissive's business.

44. Emissive will suffer further damage and irreparable injury unless and until Zweibrüder is enjoined from its continuing infringement of the '164 Patent.

45. Zweibrüder has been unjustly enriched and Emissive is entitled to an accounting of Zweibrüder's profits derived from the sale of its Chinese knock off mini flashlight.

46. Zweibrüder has committed such acts, and will continue to commit such acts, in an intentional and willful manner that make this case exceptional under 35 U.S.C. § 285.

47. Emissive has no adequate remedy at law.

## COUNT IV
## PATENT INFRINGEMENT- COAST

48. The allegations of Paragraphs 1 through 47 are incorporated by reference as if fully set forth herein.

49. Coast knowingly and intentionally has infringed and continues to infringe the '164 Patent.

50. Emissive has suffered and will continue to suffer substantial damage and irreparable harm as a result of Coast's continuing infringement of the '164 Patent including, but not limited to, the loss of commercial value of its X5 mini flashlight design, loss of the value of its patent, loss of good will, and other injuries to Emissive's business.

51. Emissive will suffer further damage and irreparable injury unless and until Coast is enjoined from its continuing infringement of the '164 Patent.

52. Coast has been unjustly enriched and Emissive is entitled to an accounting of Coast's profits derived from the sale of Zweibrüder's Chinese knock off flashlight.

53. Coast has committed such acts, and will continue to commit such acts, in an intentional and willful manner that make this case exceptional under 35 U.S.C. § 285.

54. Emissive has no adequate remedy at law.

## COUNT V
## COMMON LAW UNFAIR COMPETITION- ZWEIBRÜDER

55. The allegations of Paragraphs 1 through 54 are incorporated by reference as if fully set forth herein.

56. Zweibrüder has infringed the '164 Patent by selling a knock-off of Emissive's X5 product which embodies the ornamental design of Emissive's X5 mini flashlight. By reason of the foregoing acts, Zweibrüder has competed unfairly with Emissive in violation of Rhode Island common law.

57. By reason of Zweibrüder's actions, Zweibrüder has irreparably injured the consumer recognition and goodwill associated with Emissive's X5, and such injury will continue unless Zweibrüder's continuing actions are enjoined by this Court.

58. Zweibrüder has derived, received, and will continue to derive and receive from the aforesaid acts of unfair competition gains, profits, and advantages, many of which are not presently known to Emissive.

59. By reason of the aforesaid acts of unfair competition, Emissive has been, and will continue to be, greatly damaged in an amount to be determined at trial.

## COUNT VI
## COMMON LAW UNFAIR COMPETITION- COAST

60. The allegations of Paragraphs 1 through 59 are incorporated by reference as if fully set forth herein.

61. Coast has infringed the '164 Patent by selling a knock-off of Emissive's X5 product which embodies the ornamental design Emissive's X5 mini flashlight. By reason of the foregoing acts, Coast has competed unfairly with Emissive in violation of Rhode Island common law.

62. Coast has also violated Rhode Island common law by misrepresenting the quality and characteristics of the Accused Flashlight.

63. By reason of Coast's actions, Coast has irreparably injured the consumer recognition and goodwill associated with Emissive's X5, and such injury will continue unless Coast's continuing actions are enjoined by this Court.

64. Coast has derived, received, and will continue to derive and receive from the aforesaid acts of unfair competition gains, profits, and advantages, many of which are not presently known to Emissive.

65. By reason of the aforesaid acts of unfair competition, Emissive has been, and will continue to be, greatly damaged in an amount to be determined at trial.

WHEREFORE, Emissive prays for judgment against defendants Zweibrüder and Coast as follows:

A. That Coast be adjudged to have made false representations in violation of 15 U.S.C. § 1125(a) and R.I. Gen. Laws §§ 6-13.1-1 *et seq.* and that such misrepresentations were knowing, deliberate, willful, intended to cause confusion, or cause mistake and deceive;

B. That Zweibrüder be adjudged to have infringed the '164 Patent, and that such infringement be adjudged to have been willful;

C. That Coast be adjudged to have infringed the '164 Patent, and that such infringement be adjudged to have been willful;

D. That Zweibrüder be adjudged to have competed unfairly with Emissive under the common law of the State of Rhode Island, and that such unfair competition be adjudged to have been willful;

E. That Coast be adjudged to have competed unfairly with Emissive under the common law of the State of Rhode Island, and that such unfair competition be adjudged to have been willful;

F. That Zweibrüder, its officers, agents, servants, employees, attorneys, and all other persons acting in concert, participation, or privity with Zweibrüder who receive actual notice of this order by personal service or otherwise, be forthwith temporarily, preliminarily and thereafter permanently restrained and enjoined from:

(1) infringing the '164 Patent; and

(2) unfairly competing with Emissive in any manner whatsoever.

G. That Coast, its officers, agents, servants, employees, attorneys, and all other persons acting in concert, participation, or privity with Coast who receive actual notice of this order by

personal service or otherwise, be forthwith temporarily, preliminarily and thereafter permanently restrained and enjoined from:

(1) infringing the '164 Patent;

(2) making false representations about the Accused Flashlight; and

(3) unfairly competing with Emissive in any manner whatsoever.

H. That Zweibrüder be ordered:

(1) to cease all sales of the Accused Flashlight;

(2) to remove the Accused Flashlight from its Internet site and other channels of trade;

(3) to stop importation of the Accused Flashlight;

(4) to omit reference to the Accused Flashlight in future catalogs and advertisements; and

(5) to recall from its employees, subsidiaries, distributors and customers, including any and all Accused Flashlights and the packaging and advertising therefore, and to deliver same to Emissive.

I. That Coast be ordered:

(1) to remove from its stores and otherwise cease all sales of the Accused Flashlight;

(2) to remove the Accused Flashlight from its Internet site and other channels of trade;

(3) to stop importation of the Accused Flashlight;

(4) to omit reference to the Accused Flashlight in future catalogs and advertisements; and

(5) to recall from its employees, subsidiaries, distributors and customers, including any and all Accused Flashlights and the packaging and advertising therefore, and to deliver same to Emissive.

J. That Emissive be awarded prejudgment interest;

K. That Emissive be awarded treble damages pursuant to 35 U.S.C. § 284 because of the willful nature of defendants' acts;

L. That Emissive be awarded its costs, attorneys' fees, and expenses in this suit under 35 U.S.C. §285; and

M. That Emissive be awarded such other and further relief as this Court may deem just.

**Emissive Energy Corporation hereby demands a trial by jury.**

Respectfully submitted,

EMISSIVE ENERGY CORPORATION
By its Attorneys

Craig M. Scott
Christine K. Ahern

Craig M. Scott, Esq. (#4237)
Christine K. Ahern, Esq. (#5587)
DUFFY & SWEENEY, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701

Dated: November 18, 2002

# VERIFICATION

I, Robert Galli, upon oath depose and say that:

1. I am the Chief Executive Officer of plaintiff, Emissive Energy Corporation, a Rhode Island corporation, and am authorized to make this verification for and on its behalf; and

2. I have read the foregoing Verified Complaint and affirm that it is true to the best of my knowledge, except as to matters therein stated to be upon information and belief, and as to those matters, I believe them to be true.

Robert Galli, CEO

STATE OF RHODE ISLAND
COUNTY OF Kent

Subscribed and sworn to before me this 15 day of November, 2002.

My Commission Expires: 5/2005

H:\Clients\Emissive Energy\Coast Cutlerly\Pleadings\Verified Complaint.doc