UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EMISSIVE ENERGY CORPORATION,<br>Plaintiff,<br>v.<br>COAST CUTLERY CO.,<br>Defendant. | :<br>:<br>:<br>:<br>: | Civil No. CA 04 482L |

**DEFENDANT COAST CUTLERY'S**
**DECLARATION OF DAVID BRANDS**

1. I, David Brands, declare and state as follows:

2. I am president of Coast Cutlery Co. and make this declaration based upon my own personal knowledge.

3. On behalf of Coast Cutlery Co., I signed the Settlement Agreement with Emissive Energy Corporation in July, 2003, a copy of which is attached as Exhibit A.

4. Under the Settlement Agreement, my company agreed to phase out the sale of our LED flashlight which housed the three LED lights in separate reflector tubes contained in the head of the flashlight. During the summer of 2003, I took steps with the manufacturer of the product to redesign the product to eliminate the use of three separate reflector tubes. We solved the problem associated with the Emissive design patent by changing from three individual reflector tubes to three reflector

tubes arranged in a cloverleaf pattern. The result is a single reflective space housing the LEDs which has been designed to enhance the light projecting power of the flashlight over the original design. A sample of the redesigned V2 Triplex with its packaging is attached a Exhibit B.

5. Also during the summer of 2003, I met with the graphics design firm which produces the packaging for our various products to redesign the packaging to eliminate any objectionable copy and to display the redesigned flashlight head with the reflector tubes in the cloverleaf pattern. Both the product and packaging redesign work was accomplished in the second half of 2003. Pursuant to Section 2 of the Settlement Agreement, we stopped importing any flashlights with the three separate reflector tube design by October 15, 2003 and we were completely sold out of that product before the end of 2003. In fact, we were filling orders with the redesigned product by the end of 2003.

6. Section 4 of the Settlement Agreement prohibited Coast from producing any marketing material that promotes a flashlight "as containing individual reflector cups or tubes which are configured in the three, four, five, six or seven hole configuration depicted in the Emissive Patent" that is attached as Exhibit A to the Settlement Agreement.

7. The attached Exhibit B is a sample of our redesigned packaging which contains a Coast V2 Triplex flashlight with the three LEDs now housed in a cloverleaf pattern as well as the photography showing that pattern. The text on this packaging is all true and correct to the best of my knowledge.

8. I understand that plaintiff does not manufacture or sell a flashlight with three LEDs contained in individual reflector tubes. The only product sold by plaintiff which competes in the LED flashlight category with Coast's V2 Triplex is Emissive's X5. Color copies of the X5 both in and outside of its standard packaging are attached as Exhibit C. In my opinion and based upon more than 15 years of experience selling flashlights, I do not believe that there is any possibility for a consumer to mistakenly purchase the V2 Triplex because it is confusingly similar to the X5 or vice versa. The products have very different appearances, features and clearly marked packaging.

9. I declare under penalty of perjury that the foregoing is true and correct.

DATED this 2 day of August, 2005.

David Brands

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of August , 2005, a true copy of the within was sent, via hand-delivery, to the following:

Christine K. Bush, Esq.
Duffy Sweeney and Scott
One Turks Head Place, Suite 1200
Providence, RI 02903