UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EMISSIVE ENERGY CORPORATION, Plaintiff, | : | |
| vs. | : | C.A. NO. 04-CV-482L |
| COAST CUTLERY CO. Defendant. | : | |

**PLAINTIFF'S OBJECTION TO DEFENDANT'S AMENDED MOTION TO COMPEL DISCOVERY**

Plaintiff, Emissive Energy Corporation ("Emissive"), hereby objects to defendant, Coast Cutlery Co.'s, Amended Motion to Compel Discovery. As grounds for this Objection, Emissive relies on the Memorandum of Law filed herewith.

EMISSIVE ENERGY CORPORATION
By its Attorneys,

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701

Dated: August 16, 2005

**CERTIFICATE OF SERVICE**

TO: Charles S. Beal, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

Michael E. Haglund, Esq.
Julie A. Weis, Esq.
Haglund, Kelly, Horngren & Jones, LLP
One Main Place
101 SW Main, Suite 1800
Portland, OR 97204-3226

I hereby certify that on this 16 day of August, 2005, I caused to be forwarded via First Class Mail a copy of the within *Objection* to the above-named counsel of record.

Theresa Benson

H:\Clients\Emissive Energy\Coast Cutlery\Pleadings\RI Second Case\Obj MCompel Discovery.DOC

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EMISSIVE ENERGY CORPORATION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | C.A. NO. 04-CV-482L |
| vs. | : | |
| | : | |
| COAST CUTLERY CO. | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S OBJECTION TO DEFENDANT'S AMENDED MOTION TO COMPEL DISCOVERY**

Plaintiff, Emissive Energy Corporation ("Emissive"), hereby objects to defendant, Coast Cutlery Co.'s ("Coast"), Amended Motion to Compel Discovery.

Coast's Amended Motion fails to include the supplemental Answers to Interrogatories and Responses to Coast's Request for Production that Emissive served before Coast filed its Amended Motion to Compel Discovery. As is clear from the within Supplemental Responses, Emissive has provided all information available to it at this time, so Coast's Motion should be denied in its entirety.

**INTERROGATORIES:**

**INTERROGATORY NO. 5:**

Identify by retailer, date and number of units all of the products which plaintiff contends violate the Settlement Agreement between the parties.

**RESPONSE TO INTERROGATORY NO. 5:**

As discovery is ongoing, Emissive cannot respond to Interrogatory No. 5 at this time.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:**

At this time, Emissive cannot provide a full and complete response to Interrogatory No. 5 because Coast has refused to provide answers to interrogatories identifying the distributors, dealers, resellers and customers of the Accused Flashlight and the Replacement Flashlight, and Coast's Rule 30(b)(6) deposition witness, Mr. David Brands, also refused to provide that information notwithstanding the fact that the he had been designated by Coast to respond on its behalf to that request for information, which was clearly identified on the Rule 30(b)(6) deposition notice.

Without that information from Coast, it is impossible for Emissive to provide a comprehensive response to Interrogatory No. 5. Without waiving said objections, and subject specifically thereto, upon information and belief, Coast sold Target, and Target sold to retail customers, at least 4 Accused Flashlights in violation of the Settlement Agreement. In addition, upon information and belief, Held's Discount Knives, through an imbedded link to the Coast website, sold an unknown number of units in violation of the Settlement Agreement from July 2003 to present, Cabela's sold an unknown number of units in violation of the Settlement Agreement from July 2003 to present, Target.com sold an unknown number of units in violation of the Settlement Agreement from July 2003 to present, Red Hill General Store sold an unknown number of units in violation of the Settlement Agreement from July 2003 to present, Keevan Motor Sports sold an unknown number of units in violation of the Settlement Agreement from July 2003 to present, Karst Sports sold an unknown number of units in violation of the Settlement Agreement from July 2003 to present, Base Gear sold an unknown number of units in violation of the Settlement Agreement from July 2003 to present, Smoky Mountain Knife Works sold an unknown number of units in violation of the Settlement Agreement from July 2003 to present, 888KnivesRUs sold an unknown number of units in violation of the Settlement Agreement from July 2003 to present, The Tool Warehouse sold an unknown number of units in violation of the Settlement Agreement from July 2003 to present, Sports Imports LTD sold an unknown number of units in violation of the Settlement Agreement from July 2003 to present, SJ Discount Tools.com sold an unknown number of units in violation of the Settlement Agreement from July 2003 to present, and EMS sold an unknown number of units in

violation of the Settlement Agreement from July 2003 to present.

In its Motion, Coast argues that it is "entitled to what information Emissive currently possesses." As is evident from Emissive's Supplemental Response to Interrogatory No. 5, Emissive provided all information currently in its possession. Accordingly, Coast's Motion concerning Interrogatory No. 5 should be denied.

**INTERROGATORY NO. 6:**

If plaintiff has ever marketed and sold a flashlight configured in the three-hole configuration depicted in the Emissive patent attached as Exhibit A of the Settlement Agreement between the parties, identify how many units have been sold annually for each year during the period of 2001 through 2005.

**RESPONSE TO INTERROGATORY NO. 6:**

Emissive objects to Interrogatory No. 6 on the grounds that it is overly broad and seeks information that is not relevant to any claim or defense of either party with respect to the design patent attached as Exhibit A to the Settlement Agreement between the parties.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:**

Without waiving its prior objection, Emissive has not marketed or sold a flashlight configured solely in the three-hole configuration depicted in the Emissive patent attached as Exhibit A to the Settlement Agreement in 2004 or 2005.

In its Motion, Coast seeks information responsive to Interrogatory No. 6 "after December 31, 2003." Emissive's Supplemental Response provides that information. For that reason, Coast's Motion concerning Interrogatory No. 6 should be denied.

**REQUESTS FOR PRODUCTION:**

**REQUEST NO. 3**:

All documents concerning the manufacture, procurement, distribution and/or sale by plaintiff of a flashlight configured in the three-hole configuration depicted in the Emissive patent

attached as Exhibit A to the Settlement Agreement between the parties.

**RESPONSE TO REQUEST NO. 3:**

Emissive objects to Request No. 3 on the grounds that it is overly broad and seeks information that is not relevant to any claim or defense of either party with respect to the design patent attached as Exhibit A to the Settlement Agreement between the parties.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 3:**

Without waiving its prior objections, Emissive states that it has no documents responsive to Request No. 3.

In its Motion, Coast requests that the Court compel Emissive to respond to Request No. 3 and provide documents and information for the period 2004 and 2005. Emissive already responded that it has no documents responsive to Request No. 3. Accordingly, Coast's Motion concerning Request No. 3 should be denied.

EMISSIVE ENERGY CORPORATION
By its Attorneys,

Christine Bush

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701

Dated: August 16, 2005

**CERTIFICATE OF SERVICE**

TO: Charles S. Beal, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

Michael E. Haglund, Esq.
Julie A. Weis, Esq.
Haglund, Kelly, Horngren & Jones, LLP
One Main Place
101 SW Main, Suite 1800
Portland, OR 97204-3226

I hereby certify that on this 16 day of August, 2005, I caused to be forwarded via First Class Mail a copy of the within *Memorandum of Law in Support of Objection* to the above-named counsel of record.

Theresa Benson

H:\Clients\Emissive Energy\Coast Cutlery\Pleadings\RI Second Case\Mem Obj MCompel Discovery.DOC