UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EMISSIVE ENERGY CORPORATION, Plaintiff, | : | C.A. NO. 04-CV-482L |
| vs. | : | |
| COAST CUTLERY CO. Defendant. | : | |

**PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff, Emissive Energy Corporation ("Emissive"), hereby objects to defendant, Coast Cutlery Co.'s, Motion for Partial Summary Judgment. As grounds for this Objection, Emissive relies on the Memorandum of Law, Rule 12.1 Statement and all exhibits filed herewith.

EMISSIVE ENERGY CORPORATION
By its Attorneys,

Christine Bush

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701

Dated: August 19, 2005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EMISSIVE ENERGY CORPORATION,<br>Plaintiff,<br>vs.<br>COAST CUTLERY CO.<br>Defendant. | : | C.A. NO. 04-CV-482L |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Coast Cutlery Co.'s ("Coast") Motion for Partial Summary Judgment is a transparent effort to delay the trial and force Emissive Energy Corp. ("Emissive") to incur fees in defending a filing that understates the terms of a settlement agreement and disregards dozens of facts and applicable law supporting Emissive's case.

Coast's Motion asserts two points: (1) that Emissive cannot prevail on its patent and trademark claims; and (2) that Emissive's claims are barred by a prior limited mutual release in a Settlement Agreement and/or the doctrine of res judicata. Both arguments should be rejected.

First, Coast failed to perform the analysis necessary to prevail on the design patent and trademark claims. Instead of explaining the governing standard for each cause of action and applying it to undisputed facts, Coast expended a scant two pages arguing disputed facts and seeking dismissal of multiple counts of the Complaint without articulating an adequate legal basis for the relief requested.

Second, Coast argues that since it complied with all terms of a Settlement Agreement, the limited mutual release in that Settlement Agreement bars Emissive's claims. But Coast did not fulfill its obligations under the Settlement Agreement. In fact, because Coast did not comply

with the Settlement Agreement, its hundreds (or thousands) of dealers, vendors and resellers[1] are still promoting and selling the V2 Triplex product using false claims and/or improper advertising, thus violating Emissive's intellectual property rights and damaging Emissive with each sale. Moreover, since the limited mutual release was conditioned on Coast's compliance with the Settlement Agreement, and Coast failed to comply, the limited mutual release does not bar Emissive's claims. Finally, the doctrine of res judicata does not bar Emissive's claims, which arose after entry of the Dismissal Stipulation upon which Coast relies for that argument.

For all these reasons, and as articulated more fully herein, Coast's Motion for Partial Summary Judgment should be denied.

## ARGUMENT

### A. The Summary Judgment Standard.

When considering a motion for summary judgment, this Court must consider the "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits," Fed. R. Civ. P. 56(c) and view the facts presented therein in the light most favorable to the nonmoving party. *Continental Casualty Co. v. Canadian Universal Ins. Co.*, 924 F.2d 370, 373 (1st Cir. 1991). The moving party bears the burden of showing that no evidence supports the nonmoving party's position. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Gannon v. Narragansett Elec. Co.*, 777 F. Supp. 167, 169 (D.R.I. 1991) (Summary judgment "is not appropriate merely because the facts offered by the moving party seem most plausible, or because the opponent is unlikely to prevail at trial").

---

[1] In the course of discovery, Coast has refused to identify its dealers, vendors and resellers of the accused V2 Triplex, making the exact quantification of the scope and effect of its breach of the Settlement Agreement difficult to ascertain. Motions to Compel are pending.

Summary judgment is only available when there is no dispute as to any material fact and only questions of law remain. *See Blackie v. Maine*, 75 F.3d 716, 721 (1st Cir. 1996).

**B. Coast's Motion Concerning the Design Patent Claims Must Be Denied Because it Failed to Perform the Required Analysis.**

Design patents are granted for "any new, original and ornamental design for an article of manufacture." 35 U.S.C. § 171. Pursuant to 35 U.S.C. § 289:

> Whoever during the term of a patent for a design, without license of the owner, (1) applies the patented design, or any colorable imitation thereof, to any article of manufacture for the purpose of sale, or (2) sells or exposes for sale any article of manufacture to which such design or colorable imitation has been applied shall be liable to the owner . . . .

Whether a design patent is infringed is determined first by construing the claim in the patent and then by comparing it to the design of the accused device. *Catalina Lighting, Inc. v. Lamps Plus, Inc.*, 295 F.3d 1277, 1286 (Fed. Cir. 2002); *Elmer v. ICC Fabricating, Inc.*, 67 F.3d 1571, 1577 (Fed. Cir. 1995).

Claim construction is a question of law, *Int'l Rectifier Corp. v. IXYS Corp.*, 361 F.3d 1363, 1369 (Fed. Cir. 2004), and infringement is a question of fact. *Amgen, Inc. v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1313, 1339 (Fed. Cir. 2003). After the Court construes the claim in a design patent case, the fact finder must compare the accused product to the patent using two tests: (a) the "ordinary observer" or "substantial similarity" test, and (b) the "point of novelty" test. *See Unidynamics Corp. v. Automatic Prods. Int'l, Ltd.*, 157 F.3d 1311, 1323 (Fed. Cir. 1998).

The Supreme Court established the "ordinary observer" test over a century ago in *Gorham Co. v. White*, 81 U.S. 511, 528, 20 L. Ed. 731 (1871). There, the *Gorham* Court held that a design patent is infringed:

> if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other.

*Id.* The *Gorman* "ordinary observer" or "substantial similarity" test does not call for microscopic analysis or pinpoint scrutiny. *See Durling v. Spectrum Furniture Co.*, 101 F.3d 100, 104-05 (Fed. Cir. 1996).

Next, the trier of fact applies the "point of novelty" test, which compares the accused device to the patent to determine whether the accused device contains substantially the same points of novelty that distinguished the patented design from the prior art. *Goodyear Tire & Rubber v. Hercules Tire & Rubber*, 162 F.3d 1113, 1118 (Fed. Cir. 1998).

Here, Coast's Motion should be summarily denied because Coast failed to propose a claim construction of the patent at issue. (Def's Mem. of Law in Support of Motion for Partial Summary Judgment ("Def's Mem. of Law," p. 7 n. 2.) Instead, Coast skipped right to the second step, focused on the infringement prong and baldly asserted that there is "no possibility of infringement as a matter of law." (Def's Mem. of Law, p. 6.) Without that first step construing the claim of the Emissive Patent, United States Patent No. D434,164 (the "'164 Patent"), the fact finder cannot move to the next step, i.e. infringement. *See Unidynamics Corp.*, 157 F.3d at 1323. For that reason alone, Coast is not entitled to judgment on Count IV of Emissive's Complaint.

**C. <u>If the Court Elects to Undertake the Claims Construction Analysis, Coast's Motion Concerning the Design Patent Claims Still Must Be Denied</u>.**

Even if Coast had performed the required two-part analysis, its Motion still must be denied. The proper construction of the claim of a design patent focuses on the overall visual impression of its ornamental features. *Durling*, 101 F.3d at 104; *see also Contessa Food Prods. Inc. v. Conagra, Inc.*, 282 F.3d 1370, 1377 (Fed. Cir. 2002) ("in construing a design patent claim,

the scope of the claimed design encompasses its visual appearance as a whole, and in particular the visual appearance it creates"). To interpret the claim of the '164 Patent properly, the Court must look to the patent's intrinsic evidence, which consists of the claim, the specifications, and the prosecution history. *Elmer*, 67 F.3d at 1577; *see also Markman v. Westview Instruments*, 52 F.3d 967, 979 (Fed. Cir. 1995) (en banc), *aff'd*, 517 U.S. 370, 116 S. Ct. 1384, 134 L. Ed. 2d 577 (1996). If a claim's meaning is clear from the intrinsic evidence, it is improper for the Court to look beyond this intrinsic evidence to any other sources. *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1583 (Fed. Cir. 1996).

Here, the '164 Patent claims the ornamental design for a flashlight head, as shown and described. (Plaintiff's Rule 12.1 Statement, ¶ 5 and Exh. 2 thereto.) Looking at the Figures in the '164 Patent, the claimed flashlight head has a round face and a cylindrical head. (Exh. 2 to Plaintiff's Rule 12.1 Statement at Fig. 8.) The claimed flashlight head also includes recessed wells into which the bulbs are received. (Id. at Fig. 8.) In at least one embodiment, three recessed wells receive three bulbs. (Id. at Fig. 9.)

If Court elects to proceed with claim construction notwithstanding Coast's failure to advance a proposed construction, Emissive proposes that the Court construe the single claim of the '164 Patent to mean "a flashlight head as shown and described in Figures 1-13, including a round face and a cylindrical head." *See Contessa*, 282 F.3d at 1377 (approving construction of the single claim of a design patent to mean "a tray of a certain design, as shown in Figures 4-5, containing shrimp arranged in a particular fashion, as shown in Figures 1-3).

**1. Applying the "Ordinary Observer" Test, the Fact Finder Could Find the V2 Triplex is Substantially Similar to the '164 Patent.**

After the claims are construed the infringement analysis begins, and the fact finder is charged with applying the "ordinary observer" test. As set forth *supra*, the "ordinary observer"

test asks:

> if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other.

*Gorham*, 81 U.S. at 528. In assessing infringement, the patented and accused designs do not have to be identical for design patent infringement to be found. *Braun Inc. v. Dynamics Corp. of Am.*, 975 F.2d 815, 820 (Fed. Cir. 1992).

Here, the '164 Patent claims a flashlight head, and the accused V2 Triplex includes a flashlight head. (Exh. 2 to Plaintiff's Rule 12.1 Statement and Plaintiff's Rule 12.1 Statement ¶ 13.) Both flashlight heads are cylindrical and include a round face. (Exh. 2 to Plaintiff's Rule 12.1 Statement and Plaintiff's Rule 12.1 Statement ¶ 14.) The heads of both have recessed wells into which the bulbs are received. (Exh. 2 to Plaintiff's Rule 12.1 Statement and Plaintiff's Rule 12.1 Statement ¶ 15.)

As in all cases, the "substantial similarity/ordinary observer" test is a question of fact. It is applied using the perspective of observers of "ordinary acuteness," *Gorham,* 81 U.S. at 528, not some level of microscopic inquiry, especially where, as here the "ordinary observer" would likely be someone looking at packaged V2 Triplex on a rack at a retail store (e.g., Target) or on an Internet website. The fact finder thus is faced with a design patent covering a flashlight head with various ornamental features, and the V2 Triplex, which has the same ornamental features. (Plaintiff's Rule 12.1 Statement, ¶ 31.) At this stage, viewing all facts in favor of Emissive, Coast cannot establish that no reasonable jury (made up of ordinary observers) could possibly find that the Coast V2 Triplex is substantially similar to the design protected by the '164 Patent. *See Catalina Lighting*, 295 F.3d at 1287 (finding substantial evidence to support a jury verdict of

infringement under the ordinary observer test, and noting, even though expert evidence was presented by the patentee, that the court discerned "no reason why its lamp alone [did] not provide substantial evidence of whether an ordinary observer would believe the patented lamp and the [accused] lamp to be substantially the same"). In fact, there is testimony directly contrary to Coast's position. (Plaintiff's Rule 12.1 Statement, ¶ 31.) Accordingly, Coast's Motion must fail.

### 2. Coast Failed to Argue That No Jury Could Find on Behalf of Emissive on the "Point of Novelty" Test.

Points of novelty in a design patent infringement action are determined by the design patent at issue, its prosecution history, and the relevant prior art references cited in the prosecution history. *Bernhardt, L.L.C. v. Collezione Europa USA, Inc.*, 386 F.3d 1371, 1384 (Fed. Cir. 2004). To prevail at trial, a plaintiff must submit evidence of each of these and must present, in some form, its contentions as to points of novelty. The contentions may be made in any appropriate way, such as in proposed findings of fact. *Id.*

The fact finder generally will be able to determine the points of novelty that distinguish the design patent from the prior art by comparing the design patent with the cited prior art references, aided by any written statements of the applicant and examiner in the prosecution history. *Id.*; *see also Litton Systems, Inc. v. Whirlpool Corp.*, 728 F.2d 1423, 1441, 1444 (Fed. Cir. 1984) (determining the points of novelty based on its prior examination of the prosecution history in determining the validity of the design patents). Here, the prosecution history shows that the '164 Patent has several points of novelty including, without limitation: (1) cylindrical head; (2) its round face; and (3) the recessed wells into which the bulbs are received. The Patent and Trademark Office Examiner did not find those novel elements in the cited references: the Tsay Patent, the Chiang Patent; the Chen Patent; or the Siebert Patent. But a jury could find

these novel elements in the accused V2 Triplex: it also has a cylindrical head, a round face, and recessed wells into which the bulbs are received. (Plaintiff's Rule 12.1 Statement, ¶¶ 12-15.)

For all these additional reasons, at this stage the Court cannot determine conclusively that the accused V2 Triplex does not include the points of novelty from the '164 Patent, so Coast's Motion concerning Emissive's patent claims must fail.

**D. <u>Coast is Not Entitled to Judgment as a Matter of Law on Emissive's Trademark Claims in Counts II and III of the Complaint.</u>**

Coast affords the same cursory treatment to Emissive's trademark claims as it did to the patent claims: it again fails to articulate the applicable standard or perform even the most basic analysis under current caselaw. For this reason alone, it is impossible for Emissive to respond substantively to the Motion, or for the Court to evaluate it properly, so Coast's Motion concerning Counts II and III of the Complaint should be denied. *See United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones").

**E. <u>The Release Does Not Bar Emissive's Claims.</u>**

Settlement agreements are treated as contracts and enforced under the rules governing contracts generally. *See Mathewson Corp. v. Allied Marine Indus., Inc.*, 827 F.2d 850, 852-53 (1st Cir. 1987). Here, on July 10 and July 14, 2003, Coast and Emissive signed the Settlement Agreement which incorporated a Limited Mutual Release as follows:

> In consideration thereof, the conditions and payments set forth above, and other valuable consideration, and **subject to Zweibrüder and Coast's compliance with the terms of this Agreement**, Emissive, Zweibrüder and Coast hereby release and discharge each other and their past, present, and future officers, directors, stockholders, attorneys, agents, servants, representatives, employees, parents, subsidiaries, affiliates,

> partners, predecessors, successors-in-interest, and assigns, for and from any all claims, demands, allegations, actions, cause of actions, rights, damages, costs, expenses and compensation of whatever nature known and existing as of the date of this Agreement and limited to the Litigation. This release is limited to the United States.

(Plaintiff's Rule 12.1 Statement, ¶ 10) (emphasis added.)

In its Motion for Partial Summary Judgment, Coast omitted the first critical clause, i.e. that the Limited Mutual Release is **only** effective if Coast and Zweibrüder comply with the terms of the Settlement Agreement. (Plaintiff's Rule 12.1 Statement, ¶ 10) (emphasis added.) Coast claims it complied with the Settlement Agreement. (Def's Mem. of Law, p. 8.) Emissive claims it did not because, among other things, Coast failed to direct in writing all distributors, vendors and resellers to cease immediately using any Accused Advertising. (Plaintiff's Rule 12.1 Statement, ¶¶ 19-21.) At the very least, there is a material dispute as to whether Coast complied with all terms of the Settlement Agreement. By the express terms of the Settlement Agreement, unless Coast complied with all terms, Emissive did not release its claims against Coast. At this point, since that issue is disputed,[2] Coast is not entitled to the relief it seeks.

Moreover, the Settlement Agreement is not prospective: it only applied to causes of action that were "known and existing as of the date of this Agreement and limited to the Litigation." (Plaintiff's Rule 12.1 Statement, ¶ 10.) As of July 14, 2003, when Coast signed the Settlement Agreement, it had not even completed its "redesign" of the advertising or packaging for the V2 Triplex. (Plaintiff's Rule 12.1 Statement, ¶ 11.) Even if Coast proves it complied with all terms of the Settlement Agreement, the limited release affects only causes of action that

---

[2] Coast concedes in its Memorandum of Law that the issue of its compliance with the Settlement Agreement is "vigorously" disputed. (Def's Mem. of Law, p. 9.)

were known and existing as of July 14, 2003. Thus, contrary to Coast's argument, the limited release could not, under the facts adduced thus far, apply to the "redesigned" product, packaging or advertising.[3] For these additional reasons, Coast's Motion should be denied.

**E. Emissive's Claims Are Not Barred by Res Judicata.**

A claim arising from facts occurring after a prior suit was settled is not barred by res judicata. *Lawlor v. Nation Screen Serv. Corp.*, 349 U.S. 322, 328 (1955) (though a prior judgment precludes recovery on claims arising prior to its entry, it cannot be given the effect of extinguishing claims which did not even then exist and which could not possibly have been sued upon in the previous case); *Hadge v. Second Federal Sav. & Loan Assoc.*, 409 F.2d 1254, 1256 (1st Cir. 1969); *see Russo v. Baxter Healthcare Corp.*, 919 F. Supp. 565, 569, 571 (D.R.I. 1996) (denying motion for summary judgment and reasoning that "all the circuit courts that have confronted this issue have refused to apply a res judicata bar to claims arising after the original lawsuit was filed). Here, Emissive alleges that since the Dismissal Stipulation entered, Coast has infringed its patent, violated its rights under the Lanham Act and breached the Settlement Agreement. (See Complaint, *passim*; Plaintiff's Rule 12.1 Statement, ¶¶ 12-30.) Thus Coast's claims are not barred by the prior Dismissal Stipulation. *See Lawlor*, 349 U.S. at 328. Accordingly, Coast's argument that Emissive's claims, none of which were previously litigated or addressed in the Dismissal Stipulation, are barred by *res judicata*, is baseless. For this additional reason, Coast's Motion should be denied.

---

[3] The cases Coast cited do not compel a contrary result. The Court in *Nelson v. City of Cranston*, 116 F. Supp.2d 260, 265 (D.R.I. 1999) considered whether a settlement agreement was void for lack of consideration, an issue Coast has not raised here. In *Tang v. State of Rhode Island Dep't of Elderly Affairs*, 904 F. Supp. 69, 75 (D.R.I. 1995) defendants argued that, under the doctrine of res judicata, a prior stipulated arbitration award barred the plaintiff's current federal civil rights claims relating to that termination. The *Tang* Court denied defendant's motion to dismiss.

## CONCLUSION

For the foregoing reasons, Coast's Motion for Partial Summary Judgment should be denied.

EMISSIVE ENERGY CORPORATION
By its Attorneys,

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701

Dated: August 19, 2005

**CERTIFICATE OF SERVICE**

TO: Charles S. Beal, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

Michael E. Haglund, Esq.
Julie A. Weis, Esq.
Haglund, Kelly, Horngren & Jones, LLP
One Main Place
101 SW Main, Suite 1800
Portland, OR 97204-3226

I hereby certify that on this 19 day of August, 2005, I caused to be forwarded via First Class Mail a copy of the within *Memorandum of Law in Support of Objection* to the above-named counsel of record.

Theresa Benson

H:\Clients\Emissive Energy\Coast Cutlery\Pleadings\RI Second Case\Mem Obj MSJ.DOC