UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EMISSIVE ENERGY CORPORATION, Plaintiff, | : | C.A. NO. 04-CV-482L |
| vs. | : | |
| COAST CUTLERY CO. Defendant. | : | |

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS PURSUANT TO LR 12.1(a)(2)**

Pursuant to LR 12.1(a)(2), plaintiff, Emissive Energy Corporation ("Emissive"), submits the within Statement of Material Facts as to which there is a genuine issue necessary to be litigated:

1. In 2002, Emissive sued Zweibrüder Stahlwarenkontor GmbH ("Zweibrüder") and Coast Cutlery Co. ("Coast"), for false advertising, patent infringement and unfair competition relating to their intentional manufacture, distribution and/or sales of a flashlight product called the "V2 Triplex" which was a knock off of Emissive's X5 flashlight product. (See Exh. A to Defendant's Rule 12.1 Statement of Undisputed Facts ("Def's Rule 12.1 Statement")).

2. In the 2002 Complaint, Emissive alleged that Coast was advertising the V2 Triplex in false and misleading ways by representing, among other things, that: (1) it is "10 Times As Bright"; (2) it "Lasts 20 Times Longer"; (3) it has 200 hours of battery life using super alkaline batteries; (4) each LED bulb will provide over 200,000 hours of service; (5) it uses less energy than any comparably sized light; and (6) the Accused Flashlight uses computer chip technology. (See Exh. A to Def's Rule 12.1 Statement, ¶ 24.)

3. In the 2002 Complaint, Emissive alleged that Coast repeated the false and

misleading advertising copy about the V2 Triplex to other sellers. (See Exh. A to Def's Rule 12.1 Statement, ¶ 25.)

4. On March 24, 2003, Coast stipulated to an injunction permanently enjoining it from using the following phrases in connection with the promotion and sale of the V2 Triplex: (1) Ten Times as Bright; (2) Lasts Twenty Times Longer; (3) Two Hundred Hours of Battery Life; (4) Two Hundred Thousand Hours of Light From LED's (or "From the Unit"); (5) Uses Less Energy Than any Comparably-Sized Light; and (6) With Computer-Chip Technology. (Exh. 1.)

5. Emissive is the assignee of United States Patent No. D434,164 which claims the ornamental design for a flashlight head as shown and described (the "'164 Patent"). (Exh. 2.)

6. On July 14, 2003, Coast executed a Settlement Agreement. Pursuant to Section 2 of the Settlement Agreement, Coast agreed by December 31, 2003 to cease permanently all manufacture, promotion, distribution and sale of the V2 Triplex as well as any other flashlight product that includes multiple LEDs each in an individual reflector cup or tube which are configured in the three, four, five, six or seven hole configuration depicted in Emissive's '164 Patent. (Exh. A to Defendant's Declaration of David Brands ("Brands Decl.), p. 2; cf. Def.'s Rule 12.1 Statement, ¶ 4.)

7. In Section 4 of the Settlement Agreement, Coast agreed to cease permanently using the Accused Advertising and Packaging reflected as Exhibit B to the Settlement Agreement. (Exh. A to Brands Decl., p. 3 and Exhibit B thereto.)

8. In Section 4 of the Settlement Agreement, Coast agreed to direct in writing all distributors, vendors and resellers, to cease immediately using any Accused Advertising. (Exh. A to Brands Decl., p. 3.)

9. In Section 4(v) of the Settlement Agreement, Coast and its distributors, vendors and resellers agreed not to propagate any marketing materials that promote the V2 Triplex as containing individual reflector cups or tubes which are configured in three, four, five, six or seven hole configurations depicted in Emissive's '164 Patent. (Exh. A to Brands Decl., p. 3)

10. As part of the Settlement Agreement, the Emissive and Coast executed a Limited Mutual Release as follows:

> In consideration thereof, the conditions and payments set forth above, and other valuable consideration, and **subject to Zweibrüder and Coast's compliance with the terms of this Agreement**, Emissive, Zweibrüder and Coast hereby release and discharge each other and their past, present, and future officers, directors, stockholders, attorneys, agents, servants, representatives, employees, parents, subsidiaries, affiliates, partners, predecessors, successors-in-interest, and assigns, for and from any all claims, demands, allegations, actions, cause of actions, rights, damages, costs, expenses and compensation of whatever nature known and existing as of the date of this Agreement and limited to the Litigation. This release is limited to the United States.

(Exh. A to Brands Decl., p. 4 (emphasis added); cf. Def's Rule 12.1 Statement, ¶ 4.)

11. When Coast and Emissive signed the Settlement Agreement on or about July 14, 2003, Coast had not completed revising the packaging and/or advertising for the V2 Triplex. (See Exh. 3, Affidavit of Christine Bush, attaching relevant portions of the deposition of David Brands ("Brands Depo.") 45:19-46:5.)

12. In 2003, in connection with the settlement, Coast purchased and began selling a redesigned V2 Triplex. (Exh. 3, Brands Depo., 28:11-15.)

13. The redesigned V2 Triplex includes a flashlight head. (Exh. 4.)

14. The redesigned V2 Triplex includes a cylindrical flashlight head and a round face. (Exh. 4.)

15. The redesigned V2 Triplex flashlight head includes recessed wells into which the bulbs are received. (Exh. 4.)

16. Though Coast's principal testified that the redesigned V2 Triplex has one reflector tube (Exh. 3, Brands Depo., 28:16-18), the packaging for the redesigned V2 Triplex advertises the redesigned version as including "reflector tubes for extra brightness." (Exh. 4, emphasis added; cf. Def's Rule 12.1 Statement, ¶¶ 6, 7.)

17. The redesigned packaging does not comply with the terms of the Settlement Agreement. (Exh. 3, Affidavit of Christine Bush, attaching relevant portions of the deposition of Robert Galli ("Galli Depo."), 61:12-62:19; cf. Def's Rule 12.1 Statement, ¶¶ 6, 7.)

18. The front of the redesigned packaging promotes a flashlight containing individual reflector cups or tubes which are configured in three hole configurations depicted in Emissive's '164 Patent. (Exh. 3, Galli Depo. 63:13-64:24; see also Exh. 4; cf. Def's Rule 12.1 Statement, ¶¶ 6, 7.)

19. Coast did not comply with all terms of the Settlement Agreement because it failed to direct in writing all distributors, vendors and resellers, to cease immediately using any Accused Advertising. (Exh. 3, Galli Depo., 58:25-59:17.)

20. In fact, instead of contacting all distributors, vendors and resellers of the V2 Triplex, Coast contacted only two of its numerous V2 Triplex distributors, vendors and resellers. (Exh. 3, Brands Depo., 166:7-22.)

21. Moreover, instead of directing all distributors, vendors and resellers of the V2 Triplex to cease immediately using any Accused Advertising, Coast instead sent letters to two distributors, including Cabela's, "suggesting" that they modify the photo of the V2 Triplex in their catalogs. (Exh. 5.)

22. As of November 19, 2004, Cabela's website still included the Accused Advertising and promoted Coast's V2 Triplex as including "computer-chip technology" and as being "10-times brighter." (Exh. 6.)

23. On November 24, 2004, Coast sent another letter to Cabela's. Again, instead of directing Cabela's to cease immediately using any Accused Advertising as required under the Settlement Agreement, Coast suggested that Cabela's change the photo of the Coast V2 Triplex in its catalog. (Exh. 7.)

24. In 2003, Coast also did not send the required written directive to Target, another of its distributors/resellers. (Exh. 3, Brands Depo., 104:16-105:7.) Through early 2005, Target's website included the Accused Advertising and promoted Coast's V2 Triplex as providing more than "200 hours of light." (Exh. 8.) The Target website also included a picture of the V2 Triplex promoting the product as containing individual reflector cups or tubes which are configured in the three hole configuration depicted in Emissive's '164 Patent, in violation of the Settlement Agreement. (Exh. 8; see also Exh. 3, Brands Depo., 129:12-130:1.)

25. In 2003 Coast also failed to contact Held's Discount Knives ("Held's"), its internet reseller of V2 Triplex products ordered directly from Coast's website. (Exh. 3, Brands Depo., 142:11-146:8.)

26. If persons visited the Coast website in 2003, 2004 and/or 2005 and tried to purchase the V2 Triplex, Coast's website directed them to www.pumaknives.com, a link owned by Held's (the "Coast/Held's link"). (Exh. 3, Brands Depo., 141:6-144:16.)

27. Until at least July 6, 2005, the Coast/Held's link promoted Coast's V2 Triplex as containing individual reflector cups or tubes which are configured in the three hole configurations depicted in Emissive's '164 Patent. (Exh. 3, Brands Depo., 147:16-148: 10; Exh.

9.)

28. On July 6, 2005, Coast wrote to Held's and informed Held's that the image of the V2 Triplex reflected the old design of the V2. (Exh. 10.)

29. These are only some of the distributors, vendors and resellers of the Coast V2 Triplex who did not receive the written notice from Coast required by the Settlement Agreement and who continued to promote the V2 Triplex as including multiple LEDs each in an individual reflector cup or tube which are configured in the three hole configuration depicted in Emissive's '164 Patent and/or to use the Accused Advertising. (Exh. 3, Galli Depo., 56:3-57:25.)

30. Even with the redesigned product, packaging and advertising, the V2 Triplex still capitalizes on Emissive's design and fails to comply with the Settlement Agreement. (Exh. 3, Galli Depo., 35:2-38:6; 62:3-19; cf. Def's Rule 12.1 Statement, ¶¶ 9, 10.)

31. An ordinary observer, giving such attention as a purchaser usually gives, could find that the design of the redesigned V2 Triplex is substantially similar to Emissive's '164 Patent. (See Exh. 3, Galli Depo., 47:8-51:21; cf. Def's Rule 12.1 Statement, ¶¶ 9, 10.)

EMISSIVE ENERGY CORPORATION
By its Attorneys,

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701

Dated: August 19, 2005

**CERTIFICATE OF SERVICE**

TO: Charles S. Beal, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

Michael E. Haglund, Esq.
Julie A. Weis, Esq.
Haglund, Kelly, Horngren & Jones, LLP
One Main Place
101 SW Main, Suite 1800
Portland, OR 97204-3226

I hereby certify that on this 19 day of August, 2005, I caused to be forwarded via First Class Mail a copy of the within *Rule 12.1 Statement* to the above-named counsel of record.

Theresa Benson

H:\Clients\Emissive Energy\Coast Cutlery\Pleadings\RI Second Case\Rule 12.1 Statement.DOC