**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **EMISSIVE ENERGY CORPORATION,** | :: | C.A. No. 04 482L |
| Plaintiff, | :: | |
| v. | :: | |
| **COAST CUTLERY CO.,** | :: | |
| Defendant. | :: | |

# DEFENDANT COAST CUTLERY CO.'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

## I. INTRODUCTION

In opposing Coast Cutlery Co.'s motion for partial summary judgment, plaintiff ignores that its inventor admitted that Coast's new flashlight head design and LED configuration complies with the parties' settlement agreement. Plaintiff also admitted that the language on Coast's new packaging complies with the settlement agreement as well. As a result, the new product and packaging language are non-infringing as a matter of law, and plaintiff should be estopped from contending otherwise.

Plaintiff's entire complaint is that following execution of the settlement agreement and entry of dismissal with prejudice, U.S. distributors continued to sell their remaining inventory of Coast's older flashlight design using advertising language Coast agreed to notify distributors to stop using. It is undisputed that existing stock of the older design could be marketed. As a result, even assuming everything plaintiff contends is true, this case is nothing more than a contract action. Plaintiff cannot admit that the new design and product packaging language are non-infringing, yet sue claiming that a *picture* of the new design on the new packaging *is*

somehow infringing. FRCP 56 prohibits such contradictions. The only duty Coast ever had to notify distributors arose *under the settlement agreement*. In light of plaintiff's admissions as to non-infringement and the doctrine of *res judicata*, all of plaintiff's claims other than breach of settlement agreement should be dismissed as a matter of law.

## II. REPLY

### A. Plaintiff Admitted that Coast's New Product Design and Packaging Language is Non-Infringing.

Plaintiff's opposition avoids a key undisputed fact raised in Coast's motion. Plaintiff's principal, Robert Galli, who invented plaintiff's product and signed the settlement agreement, testified during his deposition that Coast's new flashlight product design, including the language used on the new product packaging, complies with the parties' settlement agreement. Mr. Galli's testimony is attached as Exhibit A to the Affidavit of Charles S. Beal (filed Aug. 5, 2005). For brevity, the relevant admissions in his answers are as follows:

Q. Who would have been the . . . person most involved in the evaluation, review and ultimately signing of the Settlement Agreement . . . ?

A. Me, I believe. Me.

Beal Aff., Ex. A at 24-25.

Q. . . . . *Have you seen the redesigned V2 Coast flashlight product.*

A. *Yes*, I have seen this.

Q. *Would you agree that it has been redesigned in a way that does not utilize three separate reflector tubes?*

A. Technically, *yes*.

*Id.* at 31-32 (emphases added).

* * *

A. I know that you redesigned it, and we call that a cloverleaf, and *you technically met the letter of the, the agreement that we signed* . . . .

*Id.* at 35 (emphasis added).

* * *

A. So I do believe that even though *the new product meets the letter of what the Settlement Agreement, is* . . . . I'm not too happy about your solution. But that's the world we live in.

*Id.* at 36 (emphasis added).

Q. Are you claiming in this case that the current design of the V2 Triplex flashlight by Coast that they're selling in the marketplace with the cloverleaf design violates your trade dress or any other rights?

A. I'm not accusing – . . . *[Y]our cloverleaf design is technically adhering to the Settlement Agreement* . . . .

Id. at 38 (emphasis added).

Q. . . . . [Y]ou agreed that the redesigned head and the cloverleaf pattern complies with the Settlement Agreement. Do you --. *I want to now ask you whether you agree that the packaging itself also complies with the Settlement Agreement.*

A. *From a wording standpoint*, from the words on the package, I would say that I believe *it complies with the Settlement Agreement.*

*Id.* at 44-45 (emphases added).

Despite the clarity of these admissions, plaintiff disputes them with an irrelevant contested issue - whether Coast notified distributors to cease using certain *advertising language*. That is solely a matter of contract and does not change the import of plaintiff's admissions. Plaintiff should be estopped from arguing that while the new design and packaging language is non-infringing, a *picture* of the new design head on the packaging *is* infringing. "A party may not create an issue of fact by submitting testimony . . . that clearly contradicts the affiant's

previous deposition testimony." *Melanson v. Browning-Ferris Indus.*, 281 F.3d 272, 277 (1st Cir. 2002). When an interested witness has given clear answers to unambiguous questions, he cannot create a conflict and resist summary judgment with a contradictory affidavit. *Morales v. A.C. Orssleff's EFTF*, 246 F.3d 32, 35 (1st Cir. 2001).

**B. Plaintiff Admits that All Operative Facts Arose after the Prior Case was Dismissed with Prejudice.**

Plaintiff argues that *res judicata* does not apply because its supporting facts arose *after* judgment. Pl's. Mem. at 10. Plaintiff also admits that any duty Coast had to notify distributors to cease using certain advertising language arose under the settlement agreement. *Id.* at 9. However, plaintiff argues that since Coast's new product design was not complete at the time of judgment, *future* infringement and false advertising claims survived judgment. That argument is confusing and without merit for three reasons: (1) the new design and new packaging language are admittedly non-infringing; (2) *res judicata* bars *all* other claims associated with the older design; and (3) any duty to notify distributors about advertising language in selling their remaining stock of the older design arose under the settlement agreement only. In light of *res judicata*, a potential breach can only sound in contract.

In entering the dismissal with prejudice in the prior action, the court did not make some specific exception to the rules of finality. "[U]nless the court has made some other provision," a voluntary dismissal with prejudice is final, preclusive, and entitled to the rules of *res judicata*. *United States v. Cunan*, 156 F.3d 110, 114 (1st Cir. 1998).

## III. CONCLUSION

Coast's motion for partial summary judgment should be granted. In light of plaintiff's admissions, at most, plaintiff can only state a claim for breach of settlement agreement.

DATED this 29th day of August, 2005.

Michael E Haglund /CSB

Michael E. Haglund
Julie A. Weis
(pro hac vice counsel)
Haglund, Kelley, Horngren,
Jones & Wilder LLP
101 SW Main, Suite 1800
Portland, OR 97204
Telephone: (503) 225-0777
Facsimile: (503) 225-1257
E-mail: weis@hk-law.com

Charles S. Beal (#5559)
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, R.I. 02903
Telephone: 401-331-5700
Facsimile: 401-331-5787
E-mail: cbeal@cm-law.com

Date: August 29, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing **DEFENDANT COAST CUTLERY CO.'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT** on the following party(ies):

Craig M. Scott, Esq.
Christine K. Bush, Esq.
Duffy Sweeney & Scott Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Attorneys for Plaintiff

by mailing a true and correct copy thereof to said party on the date stated below.

DATED this 29th day of August, 2005.

By:______________________________
Charles S. Beal (#5559)
Attorneys for Defendant

G:\csb\CoastCutlery\pldgs\replymemo.doc