UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EMISSIVE ENERGY CORPORATION, Plaintiff, | : | |
| vs. | : | C.A. NO. 04-CV-482L |
| COAST CUTLERY CO. Defendant. | : | |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS MOTIONS TO COMPEL RESPONSES TO INTERROGATORIES AND DOCUMENT REQUESTS**

Pursuant to the September 9, 2005 hearing and Order of Magistrate Judge Almond concerning the discovery motions filed by Emissive Energy Corporation ("Emissive"), Emissive submits herewith its supplemental brief in support of its Motions to Compel responses to Interrogatory No. 18 and Request for Production No. 13.

> **INTERROGATORY NO. 18:**
> Identify all distributors, retailers and resellers of the Replacement Flashlight.
>
> **RESPONSE TO INTERROGATORY NO. 18:**
> Coast objects to this request on the grounds that the requested information is proprietary and highly confidential, and on the grounds that the request is unduly burdensome and not calculated to lead to the discovery of admissible evidence.

The information Emissive seeks in response to Interrogatory No. 18 is relevant to Emissive's claims for breach of the Settlement Agreement, violation of the Lanham Act and patent infringement, Coast's defenses to same, and damage calculations.

Emissive's Complaint asserts that Coast breached the parties' Settlement Agreement. (E.g., Complaint, ¶¶ 22; 26-27; 30). Emissive alleges that, among other things, Coast failed to

"direct in writing all distributors, vendors and resellers, including Herrington Co., to cease immediately using any Accused Advertising" as required by Section 4(ii) of the Settlement Agreement. (Complaint, ¶ 30.) Emissive further alleges that Coast and its distributors, vendors and resellers breached Section 4(v) of the Settlement Agreement by continuing to propagate marketing materials that promote the V2 Triplex (including the Replacement Flashlight) as containing individual reflector cups or tubes which are configured in three, four, five, six or seven hole configurations depicted in Emissive's '164 Patent. (E.g., Complaint, ¶¶ 37, 52.)

Coast has refused to produce any information concerning the identity of distributors, vendors and resellers of the Accused Flashlight or the Replacement Flashlight. Emissive, however, independently located dozens of websites and catalogs propagated by some of Coast's distributors, vendors and resellers of the Replacement Flashlight that include the Accused Advertising, including depictions of the original V2 Triplex, all of which violates the Settlement Agreement. Emissive claims such sales of the Replacement Flashlight as part of its damages for breach of the Settlement Agreement.

Coast ultimately admitted that it only contacted two (2) of hundreds or thousands of its distributors, vendors and resellers of the V2 Triplex as required by the Settlement Agreement. At the same time, however, Coast asserts that Emissive's damages for breach of the Settlement Agreement are "minimal" because, Coast argues, most of the sales of the Replacement Flashlight were made at retail stores, not through web pages or catalogs that include the Accused Advertising. Without knowing the identity of all distributors, vendors and resellers of the Replacement Flashlight, Emissive has no means to verify that representation. Emissive cannot confirm, for example, the channels of trade where Coast distributed and/or sold the Replacement Flashlight or how many of those flashlights were sold with marketing or packaging materials that

violate the Settlement Agreement. Moreover, even if Coast's representations about retail sales were true, Emissive's Chief Executive Officer testified at deposition that post-settlement Internet advertising incorporating the original V2 Triplex and/or the Accused Advertising drove the sales of the Replacement V2 Triplex at retail stores, so the information responsive to this Interrogatory is relevant to Emissive's damage calculations for that additional reason. In sum, without the information responsive to Interrogatory No. 18, Emissive will be hamstrung in both the liability and damages phases of its claims concerning the Settlement Agreement, whereas Coast will be unconstrained in characterizing the channels and volume of sales of the Replacement Flashlight.

Information concerning the distributors, vendors and resellers of the Replacement Flashlight is also relevant to Emissive's Lanham Act and patent infringement claims. Count II of Emissive's Complaint asserts claims for false advertising under the Lanham Act, Count III of Emissive Complaint asserts claims for trademark infringement under the Lanham Act, and Count IV of the Complaint alleges patent infringement. Sales of the Replacement Flashlight resulting from Coast's false advertising and infringing activities on the Internet and in catalogs are relevant to liability considerations for those claims (including channels of trade) as well as the magnitude of damages.

For all these reasons, the Court should reject Coast's argument that information concerning distributors, vendors and resellers of the Replacement Flashlight is irrelevant to Emissive's claims and/or Coast's defenses and order Coast to respond to Interrogatory No. 18 in full.[1]

[1] Coast also claimed that it should not be required to produce the information because it is proprietary and highly confidential. To the extent Coast is concerned about dissemination of the information, there is a Protective Order in place that allows Coast to designate the materials for review by attorneys and experts only.

> **<u>REQUEST NO. 13</u>:**
> All documents concerning sourcing and/or importation of any part of the Replacement Flashlight including without limitation, purchase orders, invoices, and licensing agreements.
>
> **<u>RESPONSE TO REQUEST NO. 13:</u>**
> Coast objects to this request on the grounds that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request also is overly broad, unduly burdensome, seeks documents that are not in Coast's possession, custody or control, and seeks the production of proprietary and confidential information without a legitimate justification.

Information responsive to Request No. 13 is relevant to Emissive's claims for breach of the Settlement Agreement. Per Section 2 of the Settlement Agreement, Coast agreed to cease importing the original V2 Triplex by October 15, 2003 and agreed to sell the original V2 Triplex solely from stock through December 31, 2003. Coast claims that it complied with Section 2 by importing and selling only the Replacement Flashlight after the required dates, but Emissive's Complaint alleges otherwise. (E.g., Complaint, ¶¶ 30, 36, 51). In fact, Emissive's Chief Executive Officer testified at deposition that in 2004 he purchased an original V2 Triplex at a Target in Rhode Island and that all V2 Triplex products offered by Target at that store at that time were the original design. Moreover, until recently, Target's Internet web site continued to depict the original V2 Triplex using Accused Advertising even though Coast knew of the wrongful promotion for at least six months.

Though Coast produced select documents concerning the sourcing and/or importation of the Replacement Flashlight which purportedly support its defenses, it did not produce all documents responsive to the Request. If Coast is permitted to cherry-pick which documents to produce in response to Request No. 13 and can then argue from those choice documents without producing others that may contradict Coast's story, that will affect Emissive's ability to meet this

evidence at trial. It also would hinder Emissive's ability to prove its breach of contract and infringement claims. Since all information responsive to the Request is probative of whether Coast complied with the Settlement Agreement, Emissive respectfully requests that Coast be required to respond to the Request in full.

**CONCLUSION**

Fed.R.Civ.P. 26 allows parties to obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party regardless of whether the information will be admissible at trial so long as the discovery "appears reasonably calculated to lead to the discovery of admissible evidence." The information sought in the above-identified Interrogatory and Request for Production plainly is relevant to the claims and defenses in this case and is reasonably calculated to lead to the discovery of admissible evidence at trial.

For the foregoing reasons, Emissive requests an Order compelling Coast to respond to Interrogatory No. 18 and Request for Production No. 13 in full. In light of the upcoming trial, and the fact that the responses were originally due in May, Emissive respectfully requests a 10 day Order.

EMISSIVE ENERGY CORPORATION
By its Attorneys

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701

Dated: September 13, 2005

**CERTIFICATION**

TO:

Michael E. Haglund, Esq. (via Facsimile and First Class Mail)
Haglund Kirtley Kelley Horngren Jones, LLP
One Main Place
101 SW Main St., Suite 1800
Portland, OR 97204-3226

Charles S. Beal, Esq. (via Facsimile and First Class Mail)
Cameron & Mittleman, LLP
56 Exchange Terrace
Providence, RI 02903

I hereby certify that I caused a true copy of the within *Supplemental Memorandum* be to be transmitted as indicated to the above named counsel of record on the 13 day of September, 2005.

Theresa Benson

H:\Clients\Emissive Energy\Coast Cutlery\Pleadings\RI Second Case 04-482L\Supp Mem in Support of Motions to Compel.doc