**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **EMISSIVE ENERGY CORPORATION,** | :: | Civil No. CA 04 482L |
| Plaintiff, | :: | |
| v. | :: | |
| **COAST CUTLERY CO.,** | :: | |
| Defendant. | :: | |

**DEFENDANT COAST CUTLERY CO.'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTIONS TO COMPEL**

Interrogatory No. 18. Plaintiff and defendant are direct competitors in the flashlight business. If Coast Cutlery is required to provide a list of its distributors, retailers and resellers, plaintiff will no doubt issue subpoenas to each of those entities. Plaintiff has already issued subpoenas to those entities which it believes have been utilizing photographs of the Accused Flashlight while selling the Replacement Flashlight, which plaintiff concedes meets the terms of the Settlement Agreement. Plaintiff should not be allowed to issue several hundred subpoenas which have strong potential to disrupt and injure the customer relationship between Coast Cutlery and those distributors and resellers.

Given the highly proprietary character of both Coast Cutlery's customer list and its relationship with those customers, it is only fair and reasonable for plaintiff to be required to pursue reasonably available alternative means of securing this information. There are two reasonably available alternatives. First, plaintiff has already identified some internet sellers of the Replacement Flashlights who have utilized incorrect photography and has followed up with subpoenas to secure the data regarding the actual extent of any sales. This approach can be completed using the internet.

Second, Coast Cutlery has offered to make its sales invoices available for inspection at its Portland, Oregon headquarters in order for plaintiff to determine how many replacement flashlights may have been sold to Coast's distributors, retailers or resellers who may have utilized incorrect photography or copy. Because a significant number of Coast's retailers, distributors and resellers do not purchase or resell the V2 Triplex flashlight, there is no need for subpoenas to be issued to these firms. Further, this approach would allow plaintiff to secure the sales data it needs from Coast rather than through the blanket issuance of subpoenas which hold significant potential to injure and disrupt Coast's relationships with its customers.

Request No. 13. Plaintiff contends that Coast has selectively produced documents responsive to this request. This is simply not the case and Coast is prepared to reaffirm this fact in a supplemental response.

DATED this 15th day of September, 2005.

Respectfully submitted,

COAST CUTLERY CO.

By Its Attorneys,

Michael E. Haglund / CSB

Michael E. Haglund (*pro hac vice* counsel)
Julie A. Weis (*pro hac vice* counsel)
Haglund, Kelley, Horngren, Jones & Wilder LLP
101 SW Main, Suite 1800
Portland, OR 97204
Telephone: (503) 225-0777
Facsimile: (503) 225-1257
E-mail: weis@hk-law.com

Charles S. Beal (#5559)
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903
Telephone: 401-331-5700
Facsimile: 401-331-5787
E-mail: cbeal@cm-law.com

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **DEFENDANT COAST CUTLERY CO.'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTIONS TO COMPEL** on the following party(ies):

Craig M. Scott
Chris Bush
Duffy Sweeney & Scott Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Attorneys for Plaintiff

by mailing a true and correct copy thereof to said party on the date stated below.

DATED this 15th day of September, 2005.

By: ______________________
Charles S. Beal (#5559)
Attorneys for Defendant

G:\csb\CoastCutlery\pldgs\c16579_WPD.DOC