UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EMISSIVE ENERGY CORPORATION, Plaintiff, | : | |
| vs. | : | C.A. NO. 04-CV-482L |
| COAST CUTLERY CO. Defendant. | : | |

**PLAINTIFF'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTIONS TO COMPEL RESPONSES TO INTERROGATORIES AND DOCUMENT REQUESTS**

Coast Cutlery Co.'s September 15, 2005 Supplemental Memorandum represents that Coast "offered to makes its sales invoices available for inspection at its Portland, Oregon headquarters in order for plaintiff to determine how many replacement flashlights may have been sold to Coast's distributors, retailer or resellers." That is false.

Even though its Rule 30(b)(6) representative testified that Coast's computer system could generate a report identifying customers to whom Coast is currently selling the Replacement Flashlight, Coast did not provide that information, nor has it offered to make the boxes of sales invoices available, as is evident from Coast's response to Interrogatory No. 18 included in Emissive Energy Corp.'s original Motion to Compel. In July 2005, Emissive's counsel even traveled to Oregon for depositions and Coast never offered to make those reports, or any other backup records, available. Rather it has refused to produce this information since May. As a result, Emissive was forced to undertake its own investigation and to subpoena the limited number of distributors and resellers it was able to discern from reviewing catalogs and the Internet.

Now, on the eve of trial, and after the close of discovery, Coast should not be permitted to force Emissive to travel cross country again to review dozens of boxes of records that Coast is unwilling to review to satisfy its obligations to respond to discovery. If Coast is permitted to produce records in response to Interrogatory No. 18 pursuant to Rule 33(d), Emissive respectfully requests that it be ordered to produce the records, including the boxes of invoices and the computer generated reports, here and that it be required to specify the precise records "from which the answer may be derived or ascertained." Fed.R.Civ.P. 33(d).

EMISSIVE ENERGY CORPORATION
By its Attorneys

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701

Dated: September 16, 2005

**CERTIFICATION**

TO:

Michael E. Haglund, Esq. (via Facsimile and First Class Mail)
Haglund Kirtley Kelley Horngren Jones, LLP
One Main Place
101 SW Main St., Suite 1800
Portland, OR 97204-3226

Charles S. Beal, Esq. (via Facsimile and First Class Mail)
Cameron & Mittleman, LLP
56 Exchange Terrace
Providence, RI 02903

I hereby certify that I caused a true copy of the within *Supplemental Memorandum* be to be transmitted as indicated to the above named counsel of record on the 16 day of September, 2005.

Theresa Benson

H:\Clients\Emissive Energy\Coast Cutlery\Pleadings\RI Second Case 04-482L\Supp Mem in Support of Motions to Compel.doc