UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EMISSIVE ENERGY CORPORATION, Plaintiff, | : | C.A. NO. 04-CV-482L |
| vs. | : | |
| COAST CUTLERY CO. Defendant. | : | |

**PLAINTIFF'S MOTION TO BIFURCATE AND REQUEST FOR EXPEDITED CONSIDERATION**

On September 14, 2005, the Court *sua sponte* severed this case into two phases: the Court ordered that the trial on Count I (breach of the Settlement Agreement) go forward in November 2005 ("phase one") and the remaining Counts be tried later ("phase two"). The Court cited judicial economy as the reason for its decision to sever the case.

Plaintiff Emissive Energy Corporation ("Emissive") now respectfully requests that the Court bifurcate Count I damages from liability so the parties will try Count I liability in phase one and then Count I damages and the remaining Counts of the Complaint (liability and damages) in phase two. Since damages for all counts emanate from the same set of facts, witnesses for the breach count and the infringement counts are largely the same and the damages that Emissive seeks are complementary, there will be overlapping evidence that should be heard by the phase two jury. Accordingly, this bifurcation is consistent with the Court's original focus on judicial economy and will avoid prejudice to Emissive caused by Coast's failure to participate in meaningful damages discovery.

As grounds for this Motion to Bifurcate, Emissive relies on the Memorandum of Law filed herewith.

In light of the October 12, 2005 deadline for filing Pretrial Memoranda and the November 1, 2005 trial calendar call, Emissive respectfully requests expedited consideration of this Motion.

EMISSIVE ENERGY CORPORATION
By its Attorneys,

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701

Dated: October 7, 2005

**CERTIFICATE OF SERVICE**

TO: Charles S. Beal, Esq. (*via hand-delivery*)
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

Michael E. Haglund, Esq. (*via facsimile*)
Julie A. Weis, Esq.
Haglund, Kelly, Horngren & Jones, LLP
One Main Place
101 SW Main, Suite 1800
Portland, OR 97204-3226

I hereby certify that on this 7 day of October, 2005, I caused to be forwarded as indicated a copy of the within *Motion to Bifurcate* to the above-named counsel of record.

Theresa Benson

H:\Clients\Emissive Energy\Coast Cutlery\Pleadings\RI Second Case 04-482L\MBifurcate.doc

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EMISSIVE ENERGY CORPORATION, Plaintiff, | : | |
| vs. | : | C.A. NO. 04-CV-482L |
| COAST CUTLERY CO. Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO BIFURCATE AND REQUEST FOR EXPEDITED CONSIDERATION**

On September 14, 2005, the Court severed[1] this case into two phases: Count I (breach of the Settlement Agreement) is set for trial in November 2005 ("phase one") and Counts II, III and IV (Lanham Act violations and patent infringement) will be tried later ("phase two"). The Court cited judicial economy as grounds for severing the case.

Plaintiff Emissive Energy Corporation ("Emissive") now moves that the Court bifurcate Count I liability from damages to allow the parties to try Count I (breach of the Settlement Agreement) liability in phase one and Counts II, III, IV liability and all damages in phase two. *See Lieberman-Sack v. Harvard Community Health Plan*, 882 F. Supp. 249, 257-58 (D.R.I. 1995) (*sua sponte* bifurcation of liability from damages to encourage judicial economy). Since damages for all counts emanate from the same set of facts, judicial economy would be better served if the phase two jury heard all damage evidence for all counts of the Complaint.

[1] It is Emissive's understanding that the Court acted pursuant to Fed.R.Civ.P. 42(b), not Rule 21.

In addition, consolidating all damage issues for the phase two trial remedies the prejudice to Emissive as to phase one damages caused by Coast's failure to participate meaningfully in damage discovery.[2]

**BACKGROUND AND FACTS**

In November 2004, Emissive sued defendant, Coast Cutlery Co. ("Coast"), for breach of a Settlement Agreement negotiated to conclude a prior case involving Emissive, Coast, and a third party, violation of the Lanham Act and willful infringement of Emissive's design patent concerning Coast's promotion and sale of a light emitting diode ("LED") flashlight called the "V2 Triplex." At the September 14, 2005 hearing on Coast's Motion for Partial Summary Judgment, the Court severed all claims from the first trial other than Count I, breach of the Settlement Agreement.[3]

The Settlement Agreement included a phase out provision requiring Coast to cease permanently all manufacture, promotion, distribution and sale of the original V2 Triplex as well as any other flashlight product that includes multiple LEDs each in an individual reflector cup or tube which are configured in the three, four, five, six or seven hole configuration depicted in Emissive's design patent by December 31, 2003. Coast further agreed to cease importing the original V2 Triplex products by October 15, 2003, and agreed to sell the original V2 Triplex solely from stock through December 31, 2003.

Per Section 4(i) of the Settlement Agreement, Coast agreed to cease permanently using

---

[2] See September 19, 2005 Order of Magistrate Judge Almond and Notice of Appeal dated October 7, 2005.

[3] Regardless of the outcome of the phase one trial, Emissive has viable causes of action on the remaining counts of its Complaint that will require a trial on Coast's infringement and violation of the Lanham Act.

"Accused Advertising" which included, among other things, representations that the V2 Triplex (1) was "10 Times As Bright"; (2) "Lasts 20 Times Longer"; (3) has 200 hours of battery life using super alkaline batteries; (4) includes each LED bulb that will provide over 200,000 hours of service; (5) uses less energy than any comparably sized light; and (6) uses computer chip technology. Each of those representations is false.

Per Section 4(ii) of the Settlement Agreement, Coast agreed to "direct in writing all distributors, vendors and resellers, including Herrington Co., to cease immediately using any Accused Advertising." Coast further agreed to cease permanently using the Accused Packaging, which is depicted as an exhibit to the Settlement Agreement.

Finally, Coast agreed that it and its distributors, vendors and resellers would not propagate any marketing materials that promote the V2 Triplex products as containing individual reflector cups or tubes which are configured in three, four, five, six or seven hole configurations depicted in Emissive's design patent.

At the phase one trial, Emissive expects to show Coast's myriad breaches of the Agreement, and those of its distributors, vendors and resellers, including, among other things, the uncontested fact that Coast never notified all distributors, vendors and resellers to cease using the "Accused Advertising" and that Coast, and its distributors, vendors and resellers continued to promote, distribute and/or sell flashlight products, including the V2 Triplex, that include multiple LEDs each in an individual reflector cup or tube which are configured in the three, four, five, six or seven hole configuration depicted in Emissive's design patent after December 31, 2003.

With respect to damages, Coast is under a Court Order to respond to Emissive discovery relevant to damages, but there is an ongoing dispute as to the timing and location of the required disclosure. An appeal is pending, but it is clear that Emissive will not have all damage discovery

sufficiently in advance of the October 12, 2005 deadline for filing Pretrial Memoranda. This discovery has been due and owing from Coast since May.

**ARGUMENT**

Here, damages for all counts emanate from the same set of facts. Among other things, they relate to a phase out/limited license provision pursuant to which Coast agreed to cease all manufacture, promotion, distribution and sale any flashlight product that includes multiple LEDs each in an individual reflector cup or tube which are configured in the three, four, five, six or seven hole configuration depicted in Emissive's design patent by December 31, 2003. Thus, when Coast breached the Settlement Agreement by continuing to promote, distribute and sell the flashlights, it breached the limited license Emissive had granted and infringed Emissive's design patent.

The facts and witnesses for the breach count and the infringement count are largely the same and the damages that Emissive seeks are complementary. Specifically, an element of Emissive's damages will be evidence of patent infringement to ensure it receives the proper measure of damages under 35 U.S.C. § 284 for its claims. *E.g., see Interspiro USA Inc. v. Figgie Int'l, Inc.*, 18 F.3d 927 (Fed. Cir. 1994); *cf. Gjerlov v. Schuyler Laboratories, Inc.*, 131 F.3d 1016, 1023-24 (Fed. Cir. 1997) (where a settlement agreement resolves patent infringement litigation, a subsequent finding that the defendant breached the agreement permits the court to measure damages by lost profits or a reasonable royalty in accordance with the patent statute, 35 U.S.C. § 284, if the defendant's conduct constitutes infringement of the patent). As the case is currently configured, even though the Court severed patent liability to phase two, Emissive still will have to introduce patent issues in phase one.

The proposed bifurcation would resolve that issue: rather than having to put on patent damage evidence twice, i.e. once for phase one and once for phase two, it would save judicial resources, party resources and expert costs to allow Emissive to introduce that damage evidence once, in phase two. Moreover, Coast will not be prejudiced by the bifurcation because it is already facing a second jury trial here that involves infringement issues and statutory damage calculations.

Importantly, bifurcating all damages to phase two will also allow the trial to go forward as scheduled in early November despite the current dispute over discovery and the pending appeal of the October 5th Order. Placing all damages in phase two will allow time for Coast to produce the Court-ordered information here and for Emissive and its expert to have a sufficient opportunity to prepare for the damages phase.

If the Court is disinclined to grant the relief sought, Emissive may seek a preclusion order concerning the introduction of damage evidence that reduces Emissive's remedy, or will seek leave from the Court to adjourn the trial to allow time to review the information Coast has been ordered to produce. Emissive would far prefer to keep the trial date set by the Court and work under the bifurcation model initiated by the Court.

## CONCLUSION

To preserve judicial and party economy and to minimize costs, Emissive moves that the Court bifurcate Count I damages to the phase two trial. If, however, the Court is disinclined to grant the relief sought, Emissive respectfully requests that the Court adjourn the trial date and set a new date for filing Pretrial Memoranda to allow Emissive to review the damage information that Coast continues to withhold.

EMISSIVE ENERGY CORPORATION

By its Attorneys,

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701

Dated: October 7, 2005

**CERTIFICATE OF SERVICE**

TO: Charles S. Beal, Esq. (*via hand-delivery)*
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

Michael E. Haglund, Esq. (*via facsimile*)
Julie A. Weis, Esq.
Haglund, Kelly, Horngren & Jones, LLP
One Main Place
101 SW Main, Suite 1800
Portland, OR 97204-3226

I hereby certify that on this 7 day of October, 2005, I caused to be forwarded as indicated a copy of the within *Memorandum in Support of Motion to Bifurcate* to the above-named counsel of record.

Theresa Benson

H:\Clients\Emissive Energy\Coast Cutlery\Pleadings\RI Second Case 04-482L\Mem MBifurcate.doc