UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EMISSIVE ENERGY CORPORATION, Plaintiff, | : | C.A. NO. 04-CV-482L |
| vs. | : | |
| COAST CUTLERY CO. Defendant. | : | |

**NOTICE OF PLAINTIFF'S APPEAL OF DISCOVERY ORDER AND REQUEST FOR EXPEDITED CONSIDERATION**

Pursuant to LR 32(b)(2) plaintiff, Emissive Energy Corporation ("Emissive"), hereby serves notice of its Appeal of the October 5, 2005 Order of Magistrate Judge Almond denying Emissive's Motion for Clarification.

As grounds for this Appeal, Emissive relies on the Memorandum of Law filed herewith. Emissive has ordered a transcript of the underlying proceedings.

In light of the October 12, 2005 deadline for filing Pretrial Memoranda and the November 1, 2005 trial calendar call, Emissive respectfully requests expedited consideration of this Appeal.

EMISSIVE ENERGY CORPORATION
By its Attorneys,

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701

Dated: October 7, 2005

**CERTIFICATE OF SERVICE**

TO: Charles S. Beal, Esq. (*via hand-delivery)*
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

Michael E. Haglund, Esq. (*via facsimile*)
Julie A. Weis, Esq.
Haglund, Kelly, Horngren & Jones, LLP
One Main Place
101 SW Main, Suite 1800
Portland, OR 97204-3226

I hereby certify that on this 7 day of October, 2005, I caused to be forwarded as indicated a copy of the within *Notice of Appeal* to the above-named counsel of record.

Theresa Benson

H:\Clients\Emissive Energy\Coast Cutlery\Pleadings\RI Second Case 04-482L\Notice of Appeal.doc

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EMISSIVE ENERGY CORPORATION,<br>Plaintiff,<br>vs.<br>COAST CUTLERY CO.<br>Defendant. | : | C.A. NO. 04-CV-482L |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S NOTICE OF APPEAL OF DISCOVERY ORDER AND REQUEST FOR EXPEDITED CONSIDERATION**

Magistrate Judge Almond's October 5, 2005 denial of plaintiff Emissive Energy Corporation's ("Emissive") unopposed Motion for Clarification (the "Discovery Order") is clearly erroneous and unduly prejudices Emissive on the eve of trial. It appears to allow defendant Coast Cutlery Co. ("Coast") to offer to produce 250 boxes of unsorted documents containing non-responsive information to Emissive in Portland, Oregon on October 15, 2005. Permitting that type of "production" now is clear error in light of the Court's September 19th Order compelling Coast to produce the documents and information, first requested in March, and, more importantly, is unworkable because the parties are on the eve of trial and Pretrial Memoranda are due three days prior, on October 12, 2005. As a result, and despite the fact that Emissive diligently pursued this discovery and prevailed on its Motions to Compel, unless the Discovery Order is reversed Coast, as a practical matter, will be able to withhold critical damages information that Emissive and its expert need for trial.

## BACKGROUND AND FACTS

In mid-November 2004, Emissive brought this suit against Coast for, among other things, breach of a Settlement Agreement concerning the promotion and sale of the V2 flashlight product.[1] Emissive also brought companion claims for patent and trademark infringement, unfair competition and false advertising. The facts and witnesses for all counts are largely the same and the damages that Emissive seeks are complementary. Key issues in the breach case are (1) contacts Coast had with its distributors, resellers and vendors of the V2 Triplex to stop the offending conduct per the Settlement Agreement; and (2) Coast's sales of the V2 Triplex after July 2003, when the parties signed the Settlement Agreement.

In March 2005, Emissive propounded its First Request for Production of Documents and First Set of Interrogatories. On the first page of its document request, Emissive instructed Coast to produce responsive documents and information for review and inspection in Rhode Island. Coast did not object to producing the information here.[2] Request for Production No. 5 sought "All communications between Coast and any third party, including distributors, retailers and resellers, concerning the Accused Flashlight, the Replacement Flashlight and/or the Accused Packaging." The information responsive to Request No. 5 bolsters Emissive's liability claims and is critical to the damage analysis because the communications include invoices for the products relevant to the claim for breach of the Settlement Agreement.

---

[1] On September 14, 2005, at the hearing on Coast's Motion for Partial Summary Judgment, the Court, *sua sponte*, severed Count I (breach of the Settlement Agreement) from the remaining counts.

[2] For the purposes of this Appeal, Request No. 5 and Interrogatories Nos. 17 and 18 are at issue.

In Interrogatory No. 17, Emissive requested that Coast "Identify all distributors, retailers and resellers of the Accused Flashlight." Similarly, in Interrogatory No. 18, Emissive requested that Coast "Identify all distributors, retailers and resellers of the Replacement Flashlight." Emissive propounded those Interrogatories to determine the extent of Coast's liability for breach of the Settlement Agreement and calculate its damages.

Coast provided written discovery responses in May 2005 but produced no documents at that time, asserting that the parties needed to sign the Protective Order, which it had received from Emissive at least a week earlier. Ultimately, Coast signed the Protective Order and produced limited information on May 18, 2005. Notably missing were documents responsive to Request No. 5 - Coast responded by producing fewer than ten letter to its customers but produced no invoices or purchase orders in response to Request No. 5.

Coast also refused to respond to Interrogatories 17 and 18. Notwithstanding the negotiation and entry of the Protective Order, Coast responded as follows:

> **INTERROGATORY NO. 17:**
> Identify all distributors, retailers and resellers of the Accused Flashlight.
>
> **RESPONSE TO INTERROGATORY NO. 17:**
> Coast objects to this request on the grounds that the requested information is proprietary and highly confidential, and on the grounds that the request is unduly burdensome and not reasonably calculated to lead to the discovery of relevant, admissible evidence.
>
> ***
>
> **INTERROGATORY NO. 18:**
> Identify all distributors, retailers and resellers of the Replacement Flashlight.
>
> **RESPONSE TO INTERROGATORY NO. 18:**
> Coast objects to this request on the grounds that the requested information is proprietary and highly confidential, and on the

> grounds that the request is unduly burdensome and not calculated to lead to the discovery of admissible evidence.

Following discussions in June about the incomplete discovery, on July 1, 2005, Emissive sent a Rule 37 notice to Coast's Oregon counsel in an effort to resolve the discovery disputes. (Exhibit 1.) On July 7, 2005, counsel conferred by telephone but Coast would not agree to produce any additional information. Accordingly, on July 7, 2005, Emissive filed Motions to Compel Production of Documents and Answers to Interrogatories seeking 10-day orders. Since the case was on the trial calendar for September 19, 2005 and discovery closed at the end of July, Emissive noticed the Rule 30(b)(6) deposition of Coast for July 25, 2005 in Portland, Oregon to try to obtain the dealer/distributor sales information that Coast had refused to provide in written discovery.

Thereafter, Emissive traveled to Oregon, despite Coast's refusal to produce the critical documents and information. During the deposition, Coast's President and owner, David Brands, was asked to identify all dealers and distributors of the V2 Triplex. Mr. Brands could only name three such dealers and distributors and indicated that there were boxes containing invoices reflecting sales of all Coast products (i.e. not just the V2 Triplex) to all Coast dealers and distributors. When Coast's own attorney examined the deponent on the same issue, Mr. Brands estimated that between 200 and 300 dealer/distributor customers purchased the V2 Triplex product. At no point before or after the deposition were the referenced relevant records made available for review or inspection.

On August 2, 2005, after Emissive's Motions to Compel had been filed and pending for almost a month, Magistrate Judge Almond summarily denied the Motions without prejudice for failing to include a Rule 37 conference certificate. The next day, Emissive refiled the Motions to

Compel confirming that it had conferred as required by Rule 37. In its Motions to Compel, Emissive again sought a 10-day order. The Motions to Compel were set for hearing on September 9, 2005.

At the September 9th hearing, Magistrate Judge Almond granted, in large part, Emissive's Motions to Compel, but asked for additional briefing on two issues, including the relevance of information responsive to Interrogatory No. 18. In its supplemental brief, Emissive argued, *inter alia*, that "without the information responsive to Interrogatory No. 18, Emissive will be hamstrung in both the liability and damages phases of its claims concerning the Settlement Agreement, whereas Coast will be unconstrained in characterizing the channels and volume of sales of the Replacement Flashlight." (Plaintiff's Supplemental Memorandum In Support of Its Motions To Compel Responses to Interrogatories And Document Requests, p. 3.)

On September 16, 2005 Emissive filed a Reply to address statements in Coast's Supplemental Memorandum. Specifically, Emissive informed Magistrate Judge Almond that Coast had never offered to make the boxes of sales invoices concerning the V2 Triplex available, here or in Oregon, and had, in fact, refused to produce the information since May. Emissive also requested that Coast be ordered to produce the records, including the boxes of invoices and the computer generated reports, in Rhode Island because of the upcoming trial, and that it be required to specify the precise records "from which the answer may be derived or ascertained." (Plaintiff's Reply Memorandum In Further Support Of Its Motions To Compel Responses To Interrogatories And Document Requests, pp. 1-2.)

On September 19, 2005, Magistrate Almond issued an Order incorporating the September 9, 2005 rulings and addressing the two discovery requests the parties had briefed. The September 19, 2005 Order granted Emissive's Motion to Compel concerning Request No. 5 and

ordered Coast to provide supplemental responses to that Request. The Order also granted Emissive's Motion to Compel concerning Interrogatories 17 and 18 and expressly directed that if Coast exercised its option to produce business records under Fed. R. Civ. P. 33(d) in response to Interrogatory No. 18, that Coast "shall provide a specification 'in sufficient detail to permit [Plaintiff] to locate and to identify, as readily as can [Defendant], the records from which the answer may be ascertained.'" The Court ordered Coast to comply or before October 15, 2005. Coast did not appeal this Order.

On September 14, 2005, this Court issued a Pretrial Order requiring that the parties file Pretrial Memoranda on October 12, 2005. Thus, Emissive learned on September 19, 2005 that Coast would be required to produce the long-awaited distributor/dealer contact and sales discovery critical to damages three days <u>after</u> the Pretrial Memoranda were due.

The next day, Emissive's counsel contacted Coast's counsel seeking confirmation that Coast would produce the documents and information per the September 19th Order on or before September 29, 2005. Receiving no response, on September 21, 2005 Emissive filed a Motion for Clarification seeking an Order that the Coast discovery was due on October 3, <u>before</u> the Pretrial Memoranda, and would be produced in Rhode Island. Coast filed a "Response" but did not oppose the Motion. Magistrate Judge Almond scheduled a hearing for October 4, 2005.

In the interim, Coast produced "supplemental" discovery responses. Coast produced no additional communications with its distributors or dealers in response to Request No. 5 and, in response to Interrogatories Nos. 17 and 18, Coast offered to make nonspecific documents and information available for inspection in Portland, Oregon.

At this week's October 4 hearing on Emissive's Motion for Clarification, Emissive explained again that the distributor and dealer information is critical to liability and damage

issues and required to prepare a comprehensive Pretrial Memorandum. Emissive's counsel also clarified that Coast did not object in May to producing the documents and information in Rhode Island and did not offer the responsive information for production in Oregon or Rhode Island until the Court ordered Coast to produce it in mid-September. Emissive's counsel reminded Magistrate Judge Almond that counsel had traveled to Oregon months earlier and had not been offered the documents. In response, Coast's counsel offered to produce in Rhode Island 250 boxes of information in response to Interrogatories Nos. 17 and 18 and Request No. 5, but refused to review the documents to ensure that they were the responsive documents and information related only to the 200-300 distributor/dealer customers Mr. Brands testified were at issue. The Court took the matter under advisement.

Late on October 5th, Magistrate Judge Almond denied the Motion for Clarification. His complete ruling is as follows: "Denied. However, as stated in its Response, defendant shall continue to make 'every effort to accommodate plaintiff's request' and expedite its response in view of the 10/12/05 P.T.M. deadline." (Exhibit 2.)

Thus, Emissive will not have critical discovery until after the Pretrial Memoranda are due and it is unclear where Coast is required to produce the information.

**ARGUMENT**

**A. Standard of Review of the October 5, 2005 Order**

The district court reviews a magistrate judge's determination of a non-dispositive motion under the "clearly erroneous" standard. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *United States v. Raddatz*, 447 U.S. 667, 673, 65 L. Ed. 2d 424, 100 S. Ct. 2406 (1980); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). A determination is "clearly erroneous" when, although there is evidence to support it, the Court, after reviewing all

the evidence, is left with the definite and firm conviction that the magistrate judge made a mistake. *Harvard Pilgrim Health Care of New Eng. v. Thompson*, 318 F. Supp. 2d 1, 6 (D.R.I. 2004); *Anthony v. Abbott Laboratories*, 106 F.R.D. 461 (D.R.I. 1985) (finding that magistrate judge's order was clearly erroneous).

**B. The October 5, 2005 Discovery Order is Clearly Erroneous.**

The October 5, 2005 Discovery Order should be set aside for a number of reasons. First, Coast never opposed Emissive's Motion for Clarification. Instead, it filed a "Response," with no supporting Memorandum of Law, in which Coast indicated that it would make "every effort to accommodate Plaintiff's request." Since there was no written opposition to Emissive's Motion, there was no procedural basis to deny Emissive's Motion. *See* LR 12(a)(2).

Moreover, no legal or factual basis exists to deny the Motion. Without question, Emissive is entitled to, and Coast is required to provide, the documents and information per the September 19, 2005 Order. It also seems clear that Coast has to produce the information and documents sufficiently in advance of the October 12th Pretrial Memorandum deadline so as to make the information meaningful for expert review and trial preparation. Coast has not complied with its most basic discovery obligations since May. Emissive sought a 10-day order when it filed its Motions for Compel in early July and again in early August so it would have the information well in advance of the anticipated date for completing the Pretrial Memorandum and to prepare for expert testimony and trial. Since Coast sought the same 10-day order in its cross-Motion to Compel, and never objected to Emissive's 10-day order request, Magistrate Judge Almond should have clarified the September 19th Order to make it clear that Coast was required to produce the documents and information on or before October 3, at least a week before the Pretrial Memoranda were due. Failure to do so was a mistake and constitutes clear error.

It was also a clear error to refuse to clarify that Coast must produce the information and documents here. At no point prior to September did Coast indicate that it would make any information responsive to any request or interrogatory available in Oregon. Certainly, if Coast had made that offer in July, when counsel was already in Oregon, this might be a different situation, but instead Coast objected to Emissive's Motions to Compel. To allow Coast, mere weeks from trial, to refuse to produce the Court-ordered documents and information except as part of a 250 box dump of documents, many or most of which have nothing to do with this litigation or the products at issue, in Oregon, is unduly prejudicial to Emissive, violates Rule 33(d) and constitutes clear error.

In addition, Emissive has been severely prejudiced by the October 5th Discovery Order and will remain so if Coast is not required to produce responsive (and only responsive) documents and information here. Presumably, Coast will attempt to argue at trial that it complied with the Settlement Agreement by contacting every distributor, reseller and vendor as required by the Settlement Agreement – without the information responsive to Request No. 5 and Interrogatories Nos. 17 and 18, Emissive has no way to test that position. Also, Coast presumably will argue that it complied with the Settlement Agreement and stopped selling the original V2 Triplex as required by the Settlement Agreement – again, without the information responsive to Request No. 5, Emissive cannot tell what products were shipped to whom or when, and cannot challenge such assertions. Finally, the information is imperative to Emissive's damage claims. Emissive expects to prove that Coast breached the Settlement Agreement and continued to sell and promote the V2 Triplex in violation of the Agreement and the limited license contained therein, but without the information responsive to Request No. 5 and to Interrogatories Nos. 17 and 18, Emissive will be hamstrung in proving its damages.

In sum, unless the October 5, 2005 Discovery Order is set aside so Emissive has sufficient time to review and analyze the long-awaited discovery, Emissive cannot complete its Pretrial Memorandum and will be severely prejudiced at trial. Coast's arguments about burdensomeness are belied by the fact that its Rule 30(b)(6) representative testified that there are only 200-300 customers of the V2 Triplex – only Coast, not Emissive, can know who those customers are because Coast has never identified its V2 Triplex customers.[3] Since Coast apparently has some idea as to who they are, it would be unfair to force Emissive to sort through 250 boxes of records (many of which apparently relate to products other than the V2 Triplex and to customers who purchased those other products) when Coast had six months to go through the same records, identify the ones relating to the 200 or 300 relevant to this case as it is obligated to do under Rules 33 and 34, and produced them here.

## CONCLUSION

For the foregoing reasons, Emissive respectfully requests that the Court set aside the October 5, 2005 Discovery Order denying Emissive's Motion for Clarification and require Coast to produce all documents and information required by the September 19th Order in Rhode Island within 24 hours.

In the alternative, Emissive respectfully requests that the Court suspend the Pretrial Order to allow it sufficient time to review the documents and information that Coast presumably will produce on October 15, 2005.

---

[3] On September 29, 2005, Coast produced its entire customer list, but failed to segregate or identify those customers on the list who purchase or purchased the V2 Triplex.

EMISSIVE ENERGY CORPORATION

By its Attorneys,

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701

Dated: October 7, 2005

**CERTIFICATE OF SERVICE**

TO:

Charles S. Beal, Esq. *(via hand delivery)*
Cameron & Mittleman, LLP
56 Exchange Terrace
Providence, RI 02903

Michael E. Haglund, Esq. *(via facsimile)*
Julie A. Weis, Esq.
Haglund, Kelly, Horngren & Jones, LLP
One Main Place
101 SW Main, Suite 1800
Portland, OR 97204-3326

I hereby certify that on this 7 day of October, 2005, I caused to be forwarded as indicated a copy of the within *Memorandum in Support of Notice of Appeal of Discovery Order and Request for Expedited Consideration* to the above-named counsel of record as indicated above.

Theresa Benson

H:\Clients\Emissive Energy\Coast Cutlery\Pleadings\RI Second Case 04-482L\Mmem Support of Appeal.DOC