**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **EMISSIVE ENERGY CORPORATION,** Plaintiff, | : | |
| v. | : | Civil No. 04-482L |
| **COAST CUTLERY CO.,** Defendant. | : | |

**DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION TO BIFURCATE**

Now comes Defendant Coast Cutlery Co. ("Defendant") and objects to Plaintiff's Motion to Bifurcate. As grounds for this Objection, Defendant relies on the Memorandum of Law filed herewith.

DATED this 11th day of October, 2005.

Respectfully submitted,

COAST CUTLERY CO.

By Its Attorneys,

Michael E Haglund /CSB

Michael E. Haglund
Julie A. Weis
(*pro hac vice* counsel)
Haglund, Kelley, Horngren,
Jones & Wilder LLP
101 SW Main, Suite 1800
Portland, OR 97204
Telephone: (503) 225-0777
Facsimile: (503) 225-1257
E-mail: weis@hk-law.com

Charles S. Beal (#5559)
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, R.I. 02903
Telephone: 401-331-5700
Facsimile: 401-331-5787
E-mail: cbeal@cm-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing **DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION TO BIFURCATE** on the following party(ies):

Craig M. Scott, Esq.
Christine K. Bush, Esq.
Duffy Sweeney & Scott Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Attorneys for Plaintiff

by mailing a true and correct copy thereof to said party on the date stated below.

DATED this 11th day of October, 2005.

By: ______________________
Charles S. Beal (#5559)
Attorneys for Defendant

G:\csb\CoastCutlery\pldgs\6009_WPD.DOC

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **EMISSIVE ENERGY CORPORATION,** Plaintiff, | : | |
| v. | : | Civil No. 04-482L |
| **COAST CUTLERY CO.,** Defendant. | : | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION TO BIFURCATE**

Defendant Coast Cutlery Co. respectfully submits this Memorandum in support of its Objection to the Motion of Plaintiff Emissive Energy Corporation ("Emissive") to Bifurcate.

## INTRODUCTION

Emissive has moved the Court to bifurcate its breach of settlement agreement claim such that only liability would be determined at trial in November. This motion should be denied because evidence of Emissive's damages (or lack thereof) is an integral part of Coast Cutlery's defense under Rhode Island contract law, and because bifurcating an already-bifurcated case would be wasteful of judicial resources.

Last month, the Court rightly bifurcated plaintiff's contract claim from its other, patent-related claims. Judicial economy would not be served by now bifurcating the one claim that should be dispositive of this litigation. More

fundamentally, bifurcating liability and damages would cause defendant severe prejudice, which is contrary to the permissible purposes of separate trials under the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 42(b). As for Emissive's allegation that its purported contract damages mirror those under its other, severed claims, including its patent claim, Emissive is flat wrong. As explained below, it is not true that "[a]s the case is currently configured . . . Emissive still will have to introduce patent issues in phase one." Pl.'s Mem. at 4.

**FACTUAL BACKGROUND**

On October 7, 2005 - five days before the deadline for pretrial filings - Emissive filed a motion to bifurcate its breach of contract claim into separate liability and damages phases. Simultaneously, Emissive appealed a discovery ruling of Magistrate Judge Almond through which Emissive had sought to have defendant sort through its customer invoices and organize them according to Emissive's needs.

Coast Cutlery has responded separately in opposition to Emissive's appeal of Judge Almond's discovery ruling and respectfully refers the Court to that filing. The crux of the matter is that Emissive has realized it is not prepared to go to trial in November on its breach of contract claim and is seeking to adjourn the trial, notwithstanding its protestations to the

contrary. See Pl.'s Mem. at 5 ("Emissive would far prefer to keep the trial date . . . ."). Bifurcating liability and damages on plaintiff's breach of settlement agreement claim is not the solution.

The settlement agreement at issue in this case is attached hereto for the Court's convenience (without exhibits). Despite the many provisions in the agreement, the only real dispute between the parties concerns whether Coast Cutlery fully complied with its obligations in paragraph 4 subparts (ii) and (v). Paragraph 4(ii) called for Coast Cutlery to "direct in writing all distributors, vendors and resellers, including Herrington Co., to cease immediately using any Accused Advertising." Paragraph 4(v) stated that "Coast and [its] distributors, vendors and resellers" would not propagate certain marketing materials. Coast Cutlery has acted in good faith to comply with both provisions and will demonstrate at trial that at any breach was de minimis at best. However, to make this showing, Coast Cutlery needs to introduce damages evidence.

**ARGUMENT**

Under Rule 42(b) of the Federal Rules of Civil Procedure, a court may order bifurcation to avoid prejudice, among other things. That was the case, for example, in this Court's decision in Lieberman-Sack, D.M.D. v. Harvard Community Health

Plan of New England, Inc., 882 F.Supp. 249 (D.R.I. 1995), discussed more fully below.

Here, bifurcating liability from damages would cause Coast Cutlery severe prejudice, not avoid prejudice. This is so because at trial, Coast Cutlery will introduce evidence to show that any breach of the settlement agreement was de minimis at most rather than material. Under Rhode Island contract law, which is the law governing Emissive's breach of settlement agreement claim, evidence of damages is an integral part of the test for materiality. See, e.g., Women's Dev. Corp. v. City of Central Falls, 764 A.2d 151, 158 (R.I. 2001); Gibson v. City of Cranston, 37 F.3d 731, 735-37 (1st Cir. 1994).

In City of Cranston, the First Circuit Court of Appeals upheld this Court's decision to take a breach of contract claim from a jury based on lack of material breach. Although the Rhode Island Supreme Court had not yet addressed the issue squarely, the First Circuit held that the analysis for materiality should be based on the factors listed in the Restatement of Contracts. Id. at 736-37. The Rhode Island Supreme Court ultimately held likewise. See City of Central Falls, 764 A.2d at 158. As these cases illustrate, damages are inextricably intertwined with the Restatement factors, which include such things as "the extent to which the injured party

can be adequately compensated for the part of that benefit of which he will be deprived," City of Cranston, 37 F.3d at 737, and "the extent to which the party failing to perform or offer to perform will suffer forfeiture." Id.

Although there are cases in which bifurcating liability and damages is appropriate - this Court's Lieberman-Sack decision is an example - this is not one of them. In Lieberman-Sack, for example, bifurcation was necessary because it was the only way to avoid prejudice to the defendant while preserving judicial economy. This was so because the plaintiff had both federal claims, the only remedy for which was equitable relief without an associated jury trial right, and state claims, the remedy for which was compensatory and punitive damages to be decided by a jury. 882 F.Supp. at 257. Defendant was rightly concerned that evidence relating to compensatory and punitive damages would influence the jury's decision as to liability on plaintiff's federal claim and thus asked the Court to "either dismiss without prejudice or sever plaintiff's state law claims." Id. A second proceeding was a certainty under any scenario other than allowing all claims to be tried together to the detriment of defendant.

Instead of granting defendant's motion, this Court concluded that it could preserve defendant's right to a fair trial by bifurcating liability and damages, as a result of which the "prejudicial evidence about which defendants express concern" would be heard only after liability on the federal claim had been decided. Id. Here, in contrast, bifurcation would prejudice defendant by unfairly hampering its ability to introduce evidence necessary to its defense.

In an effort to convince the Court that bifurcation is necessary, Emissive alleges that "an element of [its] damages will be evidence of patent infringement to ensure it receives the proper measure of damages under 35 U.S.C. § 284 for its claims." Pl.'s Mem. at 4. Plaintiff is mistaken, and the case law cited by plaintiff does not support such a proposition. See id. (citing Interspiro USA, Inc. v. Figgie Int'l, Inc., 18 F.3d 927 (Fed. Cir. 1994) and contrasting Gjerlov v. Schuyler Labs., Inc., 131 F.3d 1016 (Fed. Cir. 1997)).

In Interspiro, the parties had entered into a settlement agreement to resolve a patent infringement dispute involving breathing regulators. Id. at 929. Unlike the settlement agreement at issue in this case, the Interspiro parties' agreement stated that defendant "would pay royalties on domestic sales of regulators falling with the scope of" plaintiff's

patent. Id. Two years after entering into the agreement, defendant began selling a regulator that it believed to be outside the parties' agreement. See id. Unlike this case, the Interspiro court had retained jurisdiction over the matter, Id. at 930, and upon being presented with the dispute concluded that defendant should have been paying plaintiff royalties for sales of the new product. Id. at 929. Here, it is undisputed that Coast Cutlery's new product neither infringes plaintiff's patent nor violates the parties' settlement agreement. Significantly, the parties in Interspiro did not dispute that their settlement agreement required defendant to pay royalties on sales of products covered by plaintiff's patent. Id. at 930. Thus, the parties' damages dispute centered on the way in which the district court had calculated royalties, which was governed by the terms of the parties' settlement agreement. Id. at 931. As acknowledged by the Federal Circuit, such a dispute is "governed by state contract law," which in Interspiros was New York contract law. Id. The Federal Circuit thus proceeded to interpret the governing settlement agreement under New York law in ways not relevant here. Id. at 931-32. How plaintiff can represent to this Court that Interspiros stands for the proposition that plaintiff's "proper measure of damages [is]

under 35 U.S.C. § 284" is beyond Defendant, as the case simply has no such holding.

That this is a garden variety breach of contract case governed by Rhode Island contract law with its attendant contract damages is evident from the second case cited by plaintiff, Gjerlov. Pl.'s Mem. at 4. In Gjerlov, the Federal Circuit was tasked with a choice of law question "between federal patent law and state contract law regarding the measure of damages for breach of a settlement agreement . . . ." 131 F.3d at 1017. The court held that state contract law governed and reversed a determination of damages based on 35 U.S.C. § 284. Id.

The Gjerlov parties had entered into a settlement agreement to resolve a patent infringement dispute involving an oral rehydrant for calves. Id. at 1017-18. Similar to this case, the settlement agreement did not prohibit defendant from selling a new, replacement product. Id. at 1018. However unlike this case, the district court had retained jurisdiction under the patent laws. Id.

After the Gjerlov defendant began selling its replacement product, the plaintiffs determined that the product ran afoul of the parties' settlement agreement. Id. Defendant disagreed and continued selling the product, so plaintiffs moved the district

court to enforce the settlement agreement. Id. The court concluded that the replacement product violated the parties' agreement, and the issue of damages was then tried to a magistrate judge. Id. at 1019. Significantly, the magistrate judge determined plaintiffs' damages under the patent laws rather than under the law of contracts, which determination defendant appealed. Id.

The Federal Circuit reversed, holding that the damages calculation should have been governed by state contract law, not patent law. See generally id. at 1022-24. The appeals court explained that the magistrate judge - whose recommendation had been entered by the district court judge verbatim - erroneously thought that the Interspiro decision stood for the proposition that "'damages for breach of a patent infringement settlement agreement should be governed by the rules pertaining to damages recoverable in a patent infringement action, 35 U.S.C. § 284 . . . .'" Id. at 1023 (quoting the magistrate judge's slip opinion). The magistrate judge apparently had failed to recognize that the damages in Interspiro had been calculated in terms of royalties because the parties' settlement agreement explicitly defined damages for infringing sales in that fashion. Id. In contrast, breach of the Gjerlov settlement agreement did not mean that the plaintiffs' patent had been infringed, or that

royalties were due and owing. Id. at 1023-24. Thus, "damages should have been determined under state law regarding damages for breach of contract." Id. at 1024.

As in Gjerlov, the only damages remotely available to Emissive in this case are contract damages. Thus, Emissive's assertion that it will need to put on evidence of patent damages in November is without merit.

**CONCLUSION**

For the reasons set forth above, Defendant respectfully requests that the Court enter an Order denying Emissive's motion to bifurcate and granting such further relief as the Court deems just and appropriate.

DATED this 11th day of October, 2005.

Respectfully submitted,

COAST CUTLERY CO.

By Its Attorneys,

Michael E. Haglund /CSG

Michael E. Haglund
Julie A. Weis
(*pro hac vice* counsel)
Haglund, Kelley, Horngren,
Jones & Wilder LLP
101 SW Main, Suite 1800
Portland, OR 97204
Telephone: (503) 225-0777
Facsimile: (503) 225-1257
E-mail: weis@hk-law.com

Charles S. Beal (#5559)
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, R.I. 02903
Telephone: 401-331-5700
Facsimile: 401-331-5787
E-mail: cbeal@cm-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing **MEMORANDUM IN SUPPORT OF DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION TO BIFURCATE** on the following party(ies):

Craig M. Scott, Esq.
Christine K. Bush, Esq.
Duffy Sweeney & Scott Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Attorneys for Plaintiff

by mailing a true and correct copy thereof to said party on the date stated below.

DATED this 11th day of October, 2005.

By: ____________________
Charles S. Beal (#5559)
Attorneys for Defendant

G:\csb\CoastCutlery\pldgs\6011_WPD.DOC