COPY

# SETTLEMENT AGREEMENT AND LIMITED RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into between Emissive Energy Corporation ("Emissive"), a Delaware corporation with a principal place of business located at 135 Circuit Drive, North Kingstown, Rhode Island, Zweibrüder Stahlwarenkontor GmbH ("Zweibrüder"), a German corporation with a principal place of business located at Ohligser Schützenplatz 8, 42697 Solingen, Germany and Coast Cutlery Co. ("Coast"), an Oregon corporation with a principal place of business located at 2045 SE Ankeny, Portland, Oregon.

## RECITALS

A. On or about November 18, 2002, Emissive filed a lawsuit in the United States District Court for the District of Rhode Island seeking injunctive relief and damages against Zweibrüder and Coast in a case styled as *Emissive Energy Corporation v. Zweibruder Stahlwarankontor GmbH and Coast Cutlery Co.*, United Stated District Court for the District of Rhode Island, C.A. No. 02-497L (the "Litigation"). The Litigation concerned Emissive's claimed patent rights in certain mini flashlight products that are described and depicted in the United States Patent No. Des. 434,164 (the "Emissive Patent"). (A true copy of the Emissive Patent is attached as Exhibit A.) The Litigation also concerned Emissive's allegations of false advertising and unfair competition relating to Zweibrüder's and Coast's marketing, packaging and advertising of certain mini flashlights manufactured by Zweibrüder and distributed by Coast (the "Accused Packaging" and the "Accused Advertising"). Photographs of Zweibruder/Coast's mini flashlight product that is the subject of the Verified Complaint (the "Accused Works"), the Accused Packaging, and the Accused Advertising are attached as Exhibit B.

ATTACHMENT

B. On or about January 17, 2003, Coast filed an Answer to the Verified Complaint, denied the allegations therein and asserted certain legal and factual defenses.

C. On or about January 27, 2003, Zweibrüder filed an Answer to the Verified Complaint, denied the allegations therein and asserted certain legal and factual defenses.

D. On or about March 27, 2003, Coast stipulated to a permanent injunction concerning the Accused Packaging and the Accused Advertising.

E. Pursuant to this Agreement, the parties hereto desire to settle and resolve the controversy which gave rise to the Litigation.

**AGREEMENT**

NOW THEREFORE, for good and valuable consideration, the receipt of which is hereby acknowledged, the parties hereto agree as follows:

1. **DISMISSAL OF LAWSUIT**

Immediately upon the execution of this Agreement, the parties agree to voluntarily dismiss the Litigation, with prejudice, in the form of the dismissal stipulation attached hereto as Exhibit C, and file the same with the Court.

2. **PHASE OUT USE OF THE ACCUSED WORKS**

On or before December 31, 2003, Zweibrüder and Coast shall permanently cease all manufacture, promotion, distribution and sale of the Accused Works as well as any other flashlight product that includes multiple LEDs each in an individual reflector cup or tube which are configured in the three, four, five, six or seven hole configuration depicted in the Emissive Patent attached as Exhibit A (together with the Accused Works, the "Lighting Products") in the United States and shall forever cease and desist from re-introducing said Lighting Products within the United States. Coast agrees to cease importing, and Zweibruder agrees to cease

exporting to any source in the United States, the Lighting Products by October 15, 2003, and Coast will sell the Lighting Products solely from stock through December 31, 2003.

3. ACKNOWLEDGEMENT OF THE EMISSIVE PATENT

(i) Zweibrüder acknowledges the validity of the Emissive Patent, and that nothing in this Agreement affects Emissive's ownership of or rights in or to said Patent.

(ii) Coast acknowledges the validity of the Emissive Patent, and that nothing in this Agreement affects Emissive's ownership of or rights in or to said Patent.

(iii) Zweibrüder and Coast represent and warrant that neither will challenge or contest, either directly or indirectly, the validity of the Emissive Patent.

4. THE ACCUSED PACKAGING AND ACCUSED ADVERTISING

(i) Zweibrüder and Coast will permanently cease using the Accused Advertising.

(ii) Zweibrüder and Coast will direct in writing all distributors, vendors and resellers, including Herrington Co., to cease immediately using any Accused Advertising.

(iii) Zweibrüder and Coast will permanently cease using the Accused Packaging.

(iv) Zweibrüder and Coast each represent that, notwithstanding Coast's current advertising claims and depictions, the Zweibrüder/Coast V12 mini flashlight does not contain LEDs in individual reflector cups or tubes.

(v) Zweibrüder and Coast and their distributors, vendors and resellers will not propagate any marketing materials that promote the Lighting Products as containing individual reflector cups or tubes which are configured in the three, four, five, six or seven hole configuration depicted in the Emissive Patent attached as Exhibit A.

5. **PAYMENT**

(i) Zweibrüder and/or Coast shall make a lump sum payment to Emissive totaling $42,500, which represents Emissive's attorneys fees arising from defendants' alleged false advertising to which Coast previously consented to a permanent injunction. This amount shall be paid to Emissive within ten (10) days of the execution of this Agreement.

6. **VERIFICATION**

On or before January 15, 2004, Zweibrüder and Coast each shall forward to Emissive a statement signed by an officer of each company representing that the phase out of the Accused Works has been completed.

7. **LIMITED MUTUAL RELEASES**

In consideration thereof, the conditions and payments set forth above, and other valuable consideration, and subject to Zweibrüder and Coast's compliance with the terms of this Agreement, Emissive, Zweibrüder and Coast hereby release and discharge each other and their past, present, and future officers, directors, stockholders, attorneys, agents, servants, representatives, employees, parents, subsidiaries, affiliates, partners, predecessors, successors-in-interest, and assigns, for and from any all claims, demands, allegations, actions, cause of actions, rights, damages, costs, expenses and compensation of whatever nature known and existing as of the date of this Agreement and limited to the Litigation. This release is limited to the United States.

8. **CONSTRUCTION**

If any provisions to this Agreement shall be deemed unlawfully void or unenforceable in whole or in part for any reason, such part hereof shall be deemed separate and shall in no way affect the validity or enforceability of the remainder of the Agreement. This Agreement is

entered into in the State of Rhode Island and shall be construed and interpreted in accordance with its laws.

9. **COMPLIANCE**

All actions relating to this Agreement, including the enforcement thereof, shall be brought exclusively in the Federal District Court for the District of Rhode Island. Zweibrüder and Coast specifically consent to the jurisdiction of the Federal District Court for the District of Rhode Island and waive any right either may have to contest such jurisdiction.

Notice of any enforcement proceedings against Zweibrüder or Coast shall be served upon Michael Haglund, Esq., Haglund, Kirtley Kelley Horngren Jones, LLP, One Main Place, 101 SW Main St., Suite 1800, Portland, OR 97204-3226 by registered mail, return receipt requested, and such service shall be deemed adequate notice to Zweibrüder and Coast.

10. **AGREEMENT BINDING ON SUCCESSORS**

This Agreement shall be binding upon and shall inure to the benefit of the parties hereto and their respective successors, assigns and affiliates, including parents, subsidiaries, officers, directors, shareholders, agents, representatives, as well as their heirs, successors and assigns.

11. **FULL CORPORATE AUTHORITY**

Each of the parties hereto represents and warrants that: (i) it has the power and authority to execute and deliver this Agreement to perform its obligations hereunder; and (ii) it has had an adequate opportunity to consult with its attorneys prior to entering into the Agreement and has made such an investigation of the facts pertaining to this Agreement and related matters as it deems necessary.

12. **NO OTHER ORAL OR WRITTEN AGREEMENT OR UNDERSTANDING**

This Agreement and its Exhibits represent the entire agreement between the parties. The Agreement may not be modified or waived except in writing and signed by an officer or other authorized representative of each party.

EMISSIVE ENERGY CORPORATION

By: Robert Galli

Its: CEO

Subscribed to and sworn before me this 14th day of July, 2003.

Notary Public
My Commission Expires: 5/05

COAST CUTLERY CO.

By: David C. Brands

Its: President / COO

Subscribed to and sworn before me this 10th day of July, 2003.

Nancy D. Morgan
Notary Public
My Commission Expires: 3-18-2007

OFFICIAL SEAL
NANCY D MORGAN
NOTARY PUBLIC-OREGON
COMMISSION NO. 364890
MY COMMISSION EXPIRES MAR. 18, 2007

ZWEIBRÜDER STAHLWARENKONTOR GMBH

By: ______________________
Its: ______________________

Subscribed to and sworn before me this ______ day of ______________, 2003.

______________________
Notary Public
My Commission Expires: __________

H:\Clients\Emissive Energy\Coast Cutlery\Pleadings\Settlement Agreement.doc

12. NO OTHER ORAL OR WRITTEN AGREEMENT OR UNDERSTANDING

This Agreement and its Exhibits represent the entire agreement between the parties. The Agreement may not be modified or waived except in writing and signed by an officer or other authorized representative of each party.

EMISSIVE ENERGY CORPORATION

By: ______________________

Its: ______________________

COAST CUTLERY CO.

By: [signature]

Its: PRESIDENT / COO

Subscribed to and sworn before me this
_____ day of __________, 2003.

______________________
Notary Public
My Commission Expires: ________

Subscribed to and sworn before me this
10TH day of JULY, 2003.

[signature: Nancy D Morgan]
Notary Public
My Commission Expires: 3-18-2007

ZWEIBRÜDER STAHLWARENKONTOR GMBH

By: ______________________
Its: ______________________

OFFICIAL SEAL
NANCY D MORGAN
NOTARY PUBLIC-OREGON
COMMISSION NO. 364990
MY COMMISSION EXPIRES MAR 18, 2007

Subscribed to and sworn before me this
_____ day of __________, 2003.

______________________
Notary Public
My Commission Expires: ________

H:\Clients\Emissive Energy\Coast Cutlery\Pleadings\Settlement Agreement.doc

12. NO OTHER ORAL OR WRITTEN AGREEMENT OR UNDERSTANDING

This Agreement and its Exhibits represent the entire agreement between the parties. The Agreement may not be modified or waived except in writing and signed by an officer or other authorized representative of each party.

EMISSIVE ENERGY CORPORATION

By: ______________________

Its: ______________________

Subscribed to and sworn before me this
_____ day of ___________, 2003.

______________________
Notary Public
My Commission Expires: _________

COAST CUTLERY CO.

By: ______________________

Its: ______________________

Subscribed to and sworn before me this
_____ day of ___________, 2003.

______________________
Notary Public
My Commission Expires: _________

ZWEIBRÜDER STAHLWARENKONTOR GMBH

By: ~~Raine~~ Rainer Opolka
Its: General Manager

Subscribed to and sworn before me this
10 day of July, 2003.

______________________
Notary Public
My Commission Expires: _________

DR. JÖRG REEMANN * NOTAR IN SOLINGEN *

H:\Clients\Emissive Energy\Coast Cutlery\Pleadings\Settlement Agreement.doc