**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **EMISSIVE ENERGY CORPORATION,** Plaintiff, | : | |
| v. | : | Civil No. 04-482L |
| **COAST CUTLERY CO.,** Defendant. | : | |

**DEFENDANT'S OBJECTION TO PLAINTIFF'S APPEAL OF MAGISTRATE'S DISCOVERY ORDER**

Now comes Defendant Coast Cutlery Co. ("Defendant") and objects to Plaintiff's appeal of Magistrate Judge Almond's October 5, 2005 discovery order. As grounds for this Objection, Defendant relies on the Memorandum of Law filed herewith.

DATED this 11th day of October, 2005.

Respectfully submitted,

COAST CUTLERY CO.

By Its Attorneys,

Michael E Haglund/CSB

Michael E. Haglund
Julie A. Weis
(*pro hac vice* counsel)
Haglund, Kelley, Horngren,
Jones & Wilder LLP
101 SW Main, Suite 1800
Portland, OR 97204
Telephone: (503) 225-0777
Facsimile: (503) 225-1257
E-mail: weis@hk-law.com

Charles S. Beal (#5559)
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, R.I. 02903
Telephone: 401-331-5700
Facsimile: 401-331-5787
E-mail: cbeal@cm-law.com

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **DEFENDANT'S OBJECTION TO PLAINTIFF'S APPEAL OF MAGISTRATE'S DISCOVERY ORDER** on the following party(ies):

Craig M. Scott, Esq.
Christine K. Bush, Esq.
Duffy Sweeney & Scott Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Attorneys for Plaintiff

by mailing a true and correct copy thereof to said party on the date stated below.

DATED this 11th day of October, 2005.

By: ______________________
Charles S. Beal (#5559)
Attorneys for Defendant

G:\csb\CoastCutlery\pldgs\6010_WPD.DOC

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **EMISSIVE ENERGY CORPORATION,** Plaintiff, | : | |
| v. | : | Civil No. 04-482L |
| **COAST CUTLERY CO.,** Defendant. | : | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S OBJECTION TO PLAINTIFF'S APPEAL OF MAGISTRATE'S DISCOVERY ORDER**

Defendant Coast Cutlery Co. ("Defendant") respectfully submits this Memorandum in support of its Objection to Plaintiff's appeal of Magistrate Judge Almond's October 4, 2005 discovery order.

**INTRODUCTION**

Before the Court is a simple issue - whether Magistrate Judge Almond clearly erred when, on October 4, 2005, he denied plaintiff's motion for "clarification," through which plaintiff sought to compel defendant Coast Cutlery Co. to sort through its business documents and organize them according to plaintiff's needs when responding to interrogatories in accordance with Federal Rule of Civil Procedure 33(d).[1] Judge Almond did not err, and the Court should affirm his decision.

[1] The motion for clarification actually did not address this issue but rather asked Judge Almond to shorten the deadline for Defendant's supplemental responses. That motion was mooted when Defendant responded well in advance of Judge Almond's deadline and even prior to the shortened deadline sought by Plaintiff.

**FACTUAL BACKGROUND**

Emissive Energy Corporation's memorandum, which seems designed to cast defendant (or defense counsel) in a negative light, is factually inaccurate in many respects. Defendant will not take the Court's time responding to all of the inaccuracies, although should the Court have particular concerns, defendant will gladly inform the Court on such points either in writing or at oral argument. One issue that deserves special attention is the timeline regarding Emissive's counsel having access to, and information about, Coast Cutlery's invoices. This is addressed below.

Through discovery, Emissive has sought to identify all former and current purchasers of the LED flashlight at issue in this case - three models of the V2 Triplex. Emissive's Interrogatory No. 17 asked Coast Cutlery to identify the "distributors, retailers and resellers of the Accused Flashlight," a product Coast Cutlery has not sold since prior to December 31, 2003. Interrogatory No. 18 sought the same information for the "Replacement Flashlight."[2] Coast Cutlery

[2] For some reason, Emissive now complains about Request for Production No. 5, which sought all communications between Coast Cutlery and any third party regarding the V2 Triplex models at issue, and their packaging. Defendant produced all responsive correspondence, but Emissive counsel thought there should be more and moved to compel. Emissive counsel informed Coast Cutlery counsel that it was moving to compel to ensure that Coast Cutlery had provided all such correspondence, which it had.

objected to these requests for a variety of legitimate reasons, all of which are now immaterial in light of Judge Almond's September 19, 2005 Memorandum and Order resolving the dispute.

On July 25, 2005, Emissive's counsel Christine Bush deposed Coast Cutlery's president David Brands in Portland, Oregon. During his deposition, a short excerpt of which is attached as Exhibit A, Mr. Brands explained that until recently, Coast Cutlery's computer system was not capable of tracking individual customers' purchases. Ex. A at 3-4. As a result, the only way to identify purchasers of the "Accused Flashlight" in response to Interrogatory 17 would be to examine the original invoices, maintained in boxes arranged by year and by customer, in alphabetical order. Id. at 5-6. In response to further questions, Mr. Brands tried to estimate the number of invoices in storage. Id. at 6-8. Coast Cutlery counsel Michael Haglund, who was defending the deposition, recalls that during a break Coast Cutlery offered to allow Ms. Bush to examine the invoices in storage. Affidavit of Michael E. Haglund ¶ 3. As for current customers of the V2 Triplex (Interrogatory 18), Mr. Brands testified that the new computer system was capable of generating a report showing such information. Id. at 3-4.

On September 19, 2005, Judge Almond ordered defendant to supplement its response to Interrogatory No. 17 "as directed at the hearing" by October 15, 2005. Judge Almond also ordered defendant to respond to Interrogatory No. 18 by that date, stating that if defendant "exercises its option to produce business records under Fed. R. Civ. P. 33(d) . . . it shall provide a specification 'in sufficient detail to permit [Plaintiff] to locate and to identify, as readily as can [Defendant], the records from which the answer may be ascertained.'"

Plaintiff immediately moved Judge Almond to "clarify" his Order by shortening the deadline for response to October 3, 2005. Defendant, which was in the process of compiling the supplemental discovery materials, filed a short response promising to make every effort to accommodate plaintiff's requested deadline. Affidavit of Julie Weis ("Weis Aff.") ¶ 2. Defense counsel subsequently promised plaintiff's counsel she would try to supplement the discovery materials even earlier, namely by September 30, 2005. Id. Coast Cutlery beat that goal by one day. Id.

Defendant's supplemental response to Interrogatory No. 17 read as follows:

> Coast's customer database does not enable it to identify the distributors, retailers and resellers of the Accused Flashlight, which was sold during the 2002-03 time period. Coast also has no information about, or control over, any customers' sales of the Accused Flashlight to other retailers or resellers. However, accompanying this response is a computer-generated printout identifying all of Coast's current customers. Any customer who purchased the Accused Flashlight is included on this list, but the list also includes customers who did not purchase the Accused Flashlight. In addition to providing this list of customers, Coast will make its customer invoices available for inspection by Emissive's counsel at Coast's place of business in Portland, Oregon.

Coast Cutlery thus generated a list of all current customers and invited plaintiff to examine business records from which actual V2 Triplex customers could be ascertained as readily by Emissive as by Coast Cutlery.

Defendant's supplemental response to Interrogatory No. 18 read as follows:

> Prior to the spring of 2005, when Coast installed a new computer system, Coast's customer database did not enable it to identify the distributors, retailers and resellers of the Replacement Flashlight, which Coast began selling in mid-2003. Coast also has no information about, or control over, any customers' sales of the Replacement Flashlight to other retailers or resellers. However, accompanying this response is a computer-generated printout showing all transactions (sales and returns) for the Replacement Flashlight since April 2005. Also accompanying this response is a computer-generated printout identifying all of Coast's current customers. Any customer who has purchased the Replacement Product is on this list, but

> the list also includes customers who have not purchased the Replacement Product. In addition, Coast will make its customer invoices available for inspection by Emissive's counsel at Coast's place of business in Portland, Oregon.

Coast Cutlery thus generated a list of all current customers of the V2 Triplex by identifying those customers who had purchased or returned the product. In addition to identifying current customers of the specific product at issue, Coast Cutlery also provided Emissive with a generated list of all customers and again invited plaintiff to examine business records from which historical V2 Triplex customers could be ascertained <u>as readily by Emissive as by Coast Cutlery</u>.

Plaintiff did not take steps to examine or obtain copies of the invoices. On October 3, 2005, defense counsel informed plaintiff that there were a number of local companies that could retrieve the invoices and make copies or scan the documents to disk, thereby obviating the need for plaintiff to travel to Oregon. Weis Aff. ¶ 3. Defense counsel discussed the matter with plaintiff's counsel the next day too, again explaining it was a relatively simple matter to obtain copies of the invoices and offering to assist in doing so. <u>Id.</u> ¶ 4.

Emissive instead opted to use the time set for its motion for clarification to ask Judge Almond to order defendant to sort through its business documents and organize them according to plaintiff's preferences, which Judge Almond rightly declined to do. This appeal of Judge Almond's order followed three days later. Emissive still has not requested copies of the invoices.

**ARGUMENT**

Emissive is correct that this Court reviews Judge Almond's discovery order under the clearly erroneous standard. See, e.g., Harvard Pilgrim Health Care of New England v. Thompson, 318 F.Supp.2d 1, 6 (D.R.I. 2004). This means that unless the Court "is left with the definite and firm conviction that the magistrate judge made a mistake," it should "refrain from second guessing the magistrate judge's pre-trial discovery rulings." Id. Here, Judge Almond did not clearly err in declining to order Coast Cutlery to sort through its business records for the benefit of plaintiff.

Rule 33(d) of the Federal Rules of Civil Procedure gives a party served with an interrogatory the option of producing records from which the answer can be obtained when "the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served . . . ." The Rule requires the party served to "specify the

records from which the answer may be derived" and to allow the records to be inspected and/or copied. As particularly relevant in this case, the notes of the Advisory Committee on Rules indicate that the provision relates "especially to interrogatories which require a party to engage in burdensome or expensive research into his own business records in order to give an answer."

Here, Coast Cutlery has explained that the information sought by Emissive is contained in the tendered records, which are comprised of conveniently organized invoices arranged by customer - in alphabetical order - and by year. The burden of examining the invoices to ascertain who purchased one of the three product models at issue would be substantially the same for defendant as for plaintiff, and the task certainly would not require a lawyer to accomplish. On these facts, it was proper for Coast Cutlery to make its customer invoices available to Emissive well in advance of Judge Almond's ordered deadline (October 15) and also in advance of plaintiff's demanded deadline (October 3), in addition to generating a list of all Coast Cutlery customers, and of all current customers of the V2 Triplex. On this record, the Court should not be left "with the definite and firm conviction that the magistrate judge made a

mistake," Harvard Pilgrim Health Care, 318 F.Supp.2d at 6, but should instead affirm Magistrate Almond's discovery order.

**CONCLUSION**

For the reasons set forth above, Defendant respectfully requests that this Court enter an Order denying the appeal of Magistrate Judge Almond's discovery order and granting such further relief as the Court deems just and appropriate.

DATED this 11th day of October, 2005.

Respectfully submitted,

COAST CUTLERY CO.

By Its Attorneys,

Michael E. Haglund /CSB
Michael E. Haglund
Julie A. Weis
(*pro hac vice* counsel)
Haglund, Kelley, Horngren,
Jones & Wilder LLP
101 SW Main, Suite 1800
Portland, OR 97204
Telephone: (503) 225-0777
Facsimile: (503) 225-1257
E-mail: weis@hk-law.com

Charles S. Beal (#5559)
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, R.I. 02903
Telephone: 401-331-5700
Facsimile: 401-331-5787
E-mail: cbeal@cm-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing **MEMORANDUM IN SUPPORT OF DEFENDANT'S OBJECTION TO PLAINTIFF'S APPEAL OF MAGISTRATE'S DISCOVERY ORDER** on the following party(ies):

Craig M. Scott, Esq.
Christine K. Bush, Esq.
Duffy Sweeney & Scott Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Attorneys for Plaintiff

by mailing a true and correct copy thereof to said party on the date stated below.

DATED this 11th day of October, 2005.

By: ______________________
Charles S. Beal (#5559)
Attorneys for Defendant

G:\csb\CoastCutlery\pldgs\6012_WPD.DOC