**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **EMISSIVE ENERGY CORPORATION,** | : | Civil No. CA 04 482L |
| Plaintiff, | : | |
| v. | : | |
| **COAST CUTLERY CO.,** | : | |
| Defendant. | : | |

**AFFIDAVIT OF JULIE A. WEIS IN SUPPORT OF DEFENDANT COAST CUTLERY'S OBJECTION TO PLAINTIFF'S APPEAL OF MAGISTRATE'S DISCOVERY ORDER**

STATE OF OREGON )
) ss.
County of Multnomah )

I, Julie A. Weis, being first duly sworn under oath do hereby depose and say that, if called to testify in a court of law, I would testify from my own personal knowledge as follows:

1. I am counsel for defendant Coast Cutlery, and I make this Affidavit based on personal knowledge and in support of defendant Coast Cutlery's objection to plaintiff's appeal of Magistrate Judge Almond's discovery Order dated October 4, 2005.

2. On September 19, 2005, Judge Almond ordered Coast Cutlery to supplement its discovery responses by October 15, 2005. On September 21, 2005, before I had a chance to discuss the matter with plaintiff's counsel, plaintiff filed a motion for clarification asking Judge Almond to shorten the response



F:\JAW\6015.wpd

deadline to October 3, 2005. I was already working to supplement the discovery responses, so Coast Cutlery filed a short response to plaintiff's motion to clarify indicating it would do its best to accommodate plaintiff's requested deadline. I subsequently told Ms. Bush that I would do my best to respond even earlier, with my goal being to send the materials by federal express no later than September 30, 2005. I beat that goal by sending the materials out by federal express on September 29, 2005. Surprisingly, plaintiff did not inform Judge Almond that its motion for clarification had been mooted.

3. On October 3, 2005, Ms. Bush sent me an email instructing me to confirm by the end of the day that Coast Cutlery's customer invoices had been segregated out for them. I called Ms. Bush and left her a message regarding the number of boxes of invoices and the way in which they were organized in the ordinary course of Coast Cutlery's business, which she already knew from the deposition of David Brands. I recall telling her that there were a number of local companies that could retrieve the invoices from Coast Cutlery and make copies for plaintiff, thereby avoiding a trip to Portland, Oregon.

4. I spoke with Ms. Bush the next day and again told her I would gladly give her the phone number of a copy company that could retrieve the documents, copy them or scan them to disk, and provide the data promptly to Ms. Bush in Rhode Island.

Ms. Bush indicated she would wait to see what Judge Almond said in response to her motion for clarification.

5. Judge Almond denied plaintiff's motion for clarification after hearing oral argument. The parties received a copy of his October 4, 2005 decision the next day.

6. By Friday, October 7, 2005, I still had not heard from plaintiff's counsel regarding obtaining copies of invoices. I therefore faxed Ms. Bush a letter reminding her that we remained ready to work with her "on an expeditious way to provide [her] with any or all of the invoices," including a way that would avoid a trip to Oregon. Exhibit A. Later the same day, plaintiff filed a motion to bifurcate the breach of settlement agreement claim and an Appeal of Judge Almond's discovery ruling.

7. I swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

DATED this 10 day of October, 2005.

Julie A. Weis

SUBSCRIBED and SWORN to before me this 10th day of October, 2005.

Colleen M. Jackson
NOTARY PUBLIC FOR OREGON
My Commission Expires: 5/7/08

OFFICIAL SEAL
COLLEEN M JACKSON
NOTARY PUBLIC-OREGON
COMMISSION NO. 378126
MY COMMISSION EXPIRES MAY 7, 2008

HAGLUND
KELLEY
HORNGREN
JONES &
WILDER LLP

One Main Place
101 SW Main Street
Suite 1800
Portland, Oregon
97204-3226

TEL (503) 225-0777
FAX (503) 225-1257

Michael E. Haglund
Michael K. Kelley
Scott W. Horngren
Timothy J. Jones
LeRoy W. Wilder, PC
Michael G. Neff
Shay S. Scott
Julie A. Weis
William K. Barquin
Christopher Lundberg
Danica Hibpshman
James L. Francesconi
Of Counsel

October 7, 2005

**VIA FACSIMILE ONLY**

Ms. Christine Bush
Duffy Sweeney & Scott, Ltd
One Turks Head Place, Suite 1200
Providence, RI 02903

Re: Emissive Energy Corporation v. Coast Cutlery Co., District of Rhode Island Case No. 04-482 L

Dear Chris:

I have not heard from you since we last spoke on Monday regarding Coast Cutlery's customer invoices. As you know, Coast Cutlery's invoices are maintained in storage boxes arranged by customer, in alphabetical order, and by year. We remain ready to work with you on an expeditious way to provide you with any or all of the invoices. As I told you on Monday, we have worked with various companies in the Portland, Oregon area in cases involving large document production requests. Such companies can quickly make copies of the documents to prevent your needing to travel to Oregon. They can even scan the documents onto disks to prevent large shipping costs. Please know that we stand ready to assist you.

Sincerely yours,

Julie A. Weis

JAW:cmj
cc: David Brands,
Charles Beal, Esq.,
Craig Scott, Esq.

F:\JAW\6005.wpd

EXHIBIT A PAGE 16

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing **AFFIDAVIT OF JULIE A. WEIS IN SUPPORT OF DEFENDANT COAST CUTLERY'S OBJECTION TO PLAINTIFF'S APPEAL OF MAGISTRATE'S DISCOVERY ORDER** on the following party(ies):

Christine Bush
Duffy Sweeney & Scott Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Attorney for Plaintiff

by mailing a true and correct copy thereof to said party(ies) on the date stated below.

DATED this 11th day of October, 2005.

By: ______________________
Charles S. Beal
Attorneys for Defendant