UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EMISSIVE ENERGY CORPORATION, Plaintiff, | : | C.A. NO. 04-CV-482L |
| vs. | : | |
| COAST CUTLERY CO. Defendant. | : | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO FILE PRETRIAL MEMORANDUM AND JURY INSTRUCTION OUT OT TIME**

Plaintiff, Emissive Energy Corporation ("Emissive"), hereby responds to defendant, Coast Cutlery Co.'s, Motion for Leave to file to File Pretrial Memorandum and Jury Instructions Out of Time. As the basis for this Response, Emissive relies on the Memorandum of Law filed herewith.

EMISSIVE ENERGY CORPORATION
By its Attorneys,

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701

Dated: October 18, 2005

**CERTIFICATE OF SERVICE**

TO: Charles S. Beal, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

Michael E. Haglund, Esq.
Julie A. Weis, Esq.
Haglund, Kelly, Horngren & Jones, LLP
One Main Place
101 SW Main, Suite 1800
Portland, OR 97204-3226

I hereby certify that on this 18th day of October, 2005, I caused to be forwarded via First Class Mail a copy of the within *Response* to the above-named counsel of record.

Linda A. Cardente

H:\Clients\Emissive Energy\Coast Cutlery\Pleadings\RI Second Case 04-482L\Obj Pretrial Mem.DOC

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EMISSIVE ENERGY CORPORATION,<br>Plaintiff,<br>vs.<br>COAST CUTLERY CO.<br>Defendant. | : | C.A. NO. 04-CV-482L |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO FILE PRETRIAL MEMORANDUM AND JURY INSTRUCTION OUT OT TIME AND TO STRIKE**

Defendant, Coast Cutlery Co. ("Coast"), blames a docketing error as the cause for its failure to file a timely Pretrial Memorandum.[1] Though a two-day filing delay ordinarily would not prompt a response, Coast's late disclosure of an expert in its Pretrial Memorandum now forces Emissive to object to the Pretrial Memorandum to the extent Coast intends to rely on an expert witness at trial.[2]

On May 4, 2005, Emissive propounded an expert interrogatory requesting that Coast

---

[1] The Court set the October 12th Pretrial Memorandum deadline in its September 15, 2005 Order denying Coast's Motion for Partial Summary Judgment. Thereafter, Coast filed papers in this Court referencing the "pending deadline of October 12, 2005 for the filing of Pretrial Memoranda" (Defendant Coast Cutlery Co.'s Response to Plaintiff's Motion for Clarification), and Magistrate Judge Almond referenced the October 12th date in the October 5, 2005 Order requiring Coast to make every effort to accommodate Emissive's request and expedite its response in view of the 10/12/05 Pretrial Memorandum deadline.

[2] Coast also identified proposed Exhibit 30, which appears to incorporate information responsive to Emissive's discovery requests and Magistrate Judge Almond's discovery Order, but which was not produced. Emissive has demanded copies of proposed Exhibit 30 and expects that Coast will provide it and all supporting documents shortly. Should that not be the case, Emissive reserves the right to object to the introduction of Exhibit 30 on the same grounds as those articulated herein.

"Identify each person whom Coast expects to call as an expert witness at trial, and for each person identified, state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and provide a summary of the grounds for each opinion." In responding to Interrogatory No. 4, Coast represented that "Coast has not yet decided upon any expert whom it intends to call as a witness at trial."

Coast never updated its response to Interrogatory No. 4. As a result, and in light of Rule 26, Emissive reasonably understood Coast did not have an expert in this case. See Fed. R. Civ. P. 26(e)(1) (explicating the duty to supplement discovery responses).[3]

On September 13, 2005, Emissive voluntarily disclosed[4] that it had engaged an expert, detailed the terms of the engagement and provided a copy of the expert's curriculum vitae. (Exhibit 1.) Coast did not respond, did not seek to depose Emissive's expert, and did not disclose an expert. Late on October 14th, two weeks before jury empanelment, Coast finally made a cursory disclosure of an expert in its Pretrial Memorandum. It did not detail the terms of engagement or provide a curriculum vitae or a business address. Coast offered merely that its proposed expert will testify regarding "consumer behavior, including the relationship between internet advertising and internet purchasing, and between internet advertising and in-store purchasing."

The purpose of pre-trial discovery rules is to avoid trial by ambush. *See, e.g.*, Fed. R. Civ. P. 16(b); Fed. R. Civ. P. 26(e)(1). When a party, like Coast, fails to make timely and

---

[3] Local Rule 13(e) likewise pertains to the supplementation of responses and provides that: "Upon discovery by a party of information which renders his prior answers to an interrogatory or response to a request substantially inaccurate or incomplete, such party shall promptly file and serve an appropriate supplemental answer or response."

[4] Coast did not propound an expert interrogatory.

updated discovery responses, the fairness of the discovery and the trial processes are affected. *Macaulay v. Anas*, 321 F.3d 45, 52-53 (1st Cir. 2003); *Thibeault v. Square D Co.*, 960 F.2d 239, 244 (1st Cir. 1992). Recognizing this, the First Circuit allows district courts a range of available sanctions for the untimely production of discovery materials. *Macaulay*, 321 F.3d at 53. Since trial judges tend to have an intimate knowledge of the variables that enter into the equation, *see, e.g., Fashion House, Inc. v. K Mart Corp.*, 892 F.2d 1076, 1082 (1st Cir. 1989) (explaining that, "district judges . . . are, by and large, in a far better position than appellate tribunals to determine the presence of misconduct and to prescribe concinnous remedies"), appellate review of such sanctions orders is deferential. *See Macaulay*, 321 F.3d at 53 (when a party proffers expert testimony out of time and the district court opts to preclude it, the question on appeal is not whether the appeals court would have imposed the same sanction but whether the district court's action was so wide of the mark as to constitute an abuse of discretion) (citations omitted). Relevant factors include the history of the litigation, the proponent's need for the challenged evidence, the justification (if any) for the late disclosure, and the opponent's ability to overcome its adverse effects. *Thibeault*, 960 F.2d at 244; *Johnson v. H.K. Webster, Inc.*, 775 F.2d 1, 7-8 & n.7 (1st Cir. 1985).

As is apparent from recent discovery motions and hearings, Emissive has struggled to make Coast comply with basic discovery obligations. After hearing and supplemental briefing, Magistrate Judge Almond entered an Order granting, in large part, Emissive's discovery motions concerning interrogatories and document requests. Coast still has not complied with that Order. Moreover, in the midst of the discovery motions, while it certainly was aware that Emissive was trying to elicit the universe of information to prepare for trial, Coast sat silent and never updated its response to the long-outstanding expert interrogatory. Coast offers no explanation for its late

disclosure and even now does not provide the most basic information concerning the expert: address, compensation, or curriculum vitae.

Finally, Coast's late disclosure unfairly surprised and prejudiced Emissive. Mere weeks before trial Coast now seeks to introduce expert testimony on the relationship between internet advertising and internet purchasing. Armed with this information in a timely manner, Emissive could have engaged discovery tools available to it and determined whether to engage and call its own expert. But now it is too late. Allowing Coast to elicit this expert testimony places a heavy burden on Emissive and countenances yet another discovery failure by Coast. This is unfair and prejudicial to Emissive. *E.g., Thibeault*, 960 F.2d at 246-47 (explaining that expert disclosure rules were promulgated to facilitate a "fair contest with the basic issues and facts disclosed to the fullest practical extent"); *see United States v. Procter & Gamble Co.*, 356 U.S. 677, 682, 2 L. Ed. 2d 1077, 78 S. Ct. 983 (1958) (explaining that the purpose of pretrial discovery is to "make trial less a game of blindman's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent").

## CONCLUSION

For the foregoing reasons, if the Court elects to accept Coast's late Pretrial Memorandum, Emissive requests that the Court: (1) strike that portion of the Pretrial Memorandum concerning experts; and (2) preclude Coast from calling any expert witness at the trial.

EMISSIVE ENERGY CORPORATION
By its Attorneys,

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701

Dated: October 18, 2005

**CERTIFICATE OF SERVICE**

TO: Charles S. Beal, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

Michael E. Haglund, Esq.
Julie A. Weis, Esq.
Haglund, Kelly, Horngren & Jones, LLP
One Main Place
101 SW Main, Suite 1800
Portland, OR 97204-3226

I hereby certify that on this 18th day of October, 2005, I caused to be forwarded via First Class Mail a copy of the within *Response* to the above-named counsel of record.

H:\Clients\Emissive Energy\Coast Cutlery\Pleadings\RI Second Case 04-482L\Obj Pretrial Mem.DOC