UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EMISSIVE ENERGY CORPORATION, Plaintiff, | : | C.A. NO. 04-CV-482L |
| vs. | : | |
| COAST CUTLERY CO. Defendant. | : | |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S NOTICE OF APPEAL**

Coast Cutlery Co.'s ("Coast") Objection to Emissive Energy Corporation's ("Emissive") Notice of Appeal does not dispute that Emissive needed the long-awaited discovery information and documents before the October 12th Pretrial Memorandum and currently needs it to prepare for trial. Instead, Coast claims that it has made the responsive documents and information available to Emissive since July. (Memorandum in Support of Defendant's Objection, p. 3.)[1]

That claim is belied by the prior filings and proceedings in this case, which remain uncontroverted even in light of Coast's Objection:

- Emissive's Requests for Production required production in Rhode Island and Coast never objected to producing information or documents here;
- Throughout the litigation, Coast produced documents here;
- Coast failed to produce complete responses to Emissive's discovery;
- Emissive filed Motions to Compel;

[1] *See* Plaintiff's October 20, 2005 Motion to Strike Affidavits of Pro Hac Vice Counsel.

- Coast twice filed written objections to the Motions to Compel without ever stating that it would or had made any information available in Rhode Island or Oregon;
- Emissive suspended the Rule 30(b)(6) Coast deposition after several hours because of the incomplete discovery responses and the pending Motions to Compel without any objection from Coast's counsel;
- Coast never offered to make any information available to Emissive in Oregon by way of pleading or correspondence prior to September 2005;
- At the September 9, 2005 hearing before Magistrate Judge Almond, Coast again objected to providing the information and forced further briefing on the subject – Coast never mentioned a cache of documents ready for production in Oregon; and
- Magistrate Judge Almond granted Emissive's Motions to Compel, but required production three days after the filing deadline for the Pretrial Memoranda and without specifying where Coast was required to produce the information.

None of Coast's arguments changes these facts or the fact that Emissive has been and will be severely prejudiced if Magistrate Judge Almond's October 5, 2005 Order is not set aside and Coast is not required to produce the responsive documents and information, and only the responsive documents and information, in Rhode Island immediately.

One example of prejudice already occurred. In its late-filed Pretrial Memorandum, Coast identified proposed Exhibit 30 as "Recap of Coast sales to customers selling through internet or mail order and supporting invoices." Coast never produced that information or those documents to Emissive, all of which are responsive to Magistrate Judge Almond's September 19th Order. If Emissive's Motion for Clarification had been granted, Coast would have had to produce the information to Emissive last week, and Emissive could have reviewed and analyzed it in advance

of submitting the Pretrial Memorandum. Now Emissive has to chase that information, too. (Exhibit 1.)

For these reasons, and as articulated further in the Notice of Appeal, Magistrate Judge Almond's October 5, 2005 denial of Emissive unopposed Motion for Clarification is clearly erroneous and unduly prejudices Emissive on the eve of trial. It appears to allow defendant Coast to offer to produce 250 boxes of unsorted documents containing non-responsive information to Emissive in Portland, Oregon, which, as a practical matter, has allowed Coast to withhold since May critical liability and damages information that Emissive and its expert require for trial.

## CONCLUSION

For the foregoing reasons, Emissive respectfully requests that the Court set aside the October 5, 2005 Discovery Order denying Emissive's Motion for Clarification and require Coast to produce the documents and information required by the September 19th Order in Rhode Island within 24 hours.

EMISSIVE ENERGY CORPORATION

By its Attorneys,

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701

Dated: October 20, 2005

**CERTIFICATE OF SERVICE**

TO:

Charles S. Beal, Esq.
Cameron & Mittleman, LLP
56 Exchange Terrace
Providence, RI 02903

Michael E. Haglund, Esq.
Julie A. Weis, Esq.
Haglund, Kelly, Horngren & Jones, LLP
One Main Place
101 SW Main, Suite 1800
Portland, OR 97204-3326

I hereby certify that on this 20 day of October, 2005, I caused to be forwarded via First Class Mail a copy of the within *Reply* to the above-named counsel of record as indicated above.

Theresa Benson

H:\Clients\Emissive Energy\Coast Cutlery\Pleadings\RI Second Case 04-482L\Reply Mem Support of Appeal.DOC