**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **EMISSIVE ENERGY CORPORATION,** Plaintiff, v. **COAST CUTLERY CO.,** Defendant. | : | C.A. No. 04-482L |

**DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION TO STRIKE AFFIDAVITS OF PRO HAC VICE COUNSEL**

Defendant Coast Cutlery Co. hereby objects to plaintiff's Motion to Strike Affidavits of Pro Hac Vice Counsel. As grounds for this Objection, defendant relies on the Memorandum of Law filed herewith.

DATED this 26th day of October, 2005.

Michael E Haglund (CSB)

Michael E. Haglund
Julie A. Weis
(pro hac vice counsel)
Haglund, Kelley, Horngren, Jones & Wilder LLP
101 SW Main, Suite 1800
Portland, OR 97204
Telephone: (503) 225-0777
Facsimile: (503) 225-1257
E-mail: weis@hk-law.com

Charles S. Beal (#5559)
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, R.I. 02903
Telephone: 401-331-5700
Facsimile: 401-331-5787
E-mail: cbeal@cm-law.com

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION TO STRIKE AFFIDAVITS OF PRO HAC VICE COUNSEL** on the following party(ies):

Craig M. Scott, Esq.
Christine K. Bush, Esq.
Duffy Sweeney & Scott Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Attorneys for Plaintiff

by faxing and mailing a true and correct copy thereof to said party on the date stated below.

DATED this 26th day of October, 2005.

By: ______________________
Charles S. Beal (#5559)
Attorneys for Defendant

G:\csb\CoastCutlery\pldgs\6032_WPD.DOC

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **EMISSIVE ENERGY CORPORATION,** | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 04-482L |
| **COAST CUTLERY CO.,** | : | |
| Defendant. | : | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION TO STRIKE AFFIDAVITS OF PRO HAC VICE COUNSEL**

Defendant, Coast Cutlery Co. ("Defendant" or "Coast"), respectfully submits this Memorandum in support of its Objection to the Motion of the Plaintiff, Emissive Energy Corporation ("Plaintiff") or ("Emissive"), to Strike Affidavits of Pro Hac Vice Counsel.

**INTRODUCTION AND FACTUAL BACKGROUND**

On October 11, 2005, Coast filed the Affidavits of Michael E. Haglund and Julie A. Weis in support of its opposition to Plaintiff's appeal of Magistrate Judge Almond's October 4, 2005 discovery order. The Affidavits were included for two simple and permissible purposes: (1) to support the factual background statement in Coast's memorandum;[1] and (2) to inform the Court as to what had transpired after Magistrate

[1] Plaintiff had included a lengthy and for the most part unsupported "Background and Facts" section in its Memorandum of Law in Support of Plaintiff's Notice of Appeal of Discovery Order ("Plf.'s Mem. in Support of Discovery Appeal"). See Plf.'s Mem. in Support of Discovery Appeal at 2-7.

Almond issued his discovery order, information that necessarily could not have been before Magistrate Almond at the time of his ruling given that it did not yet exist. Although the Affidavits serve to fully inform the Court and do not go to the merits of Plaintiff's challenge to Magistrate Almond's discovery order,[2] Plaintiff has moved the Court to strike them from the record. Plaintiff's request should be denied, although in reality the Court need not rely on the Affidavits to determine that Magistrate Almond did not clearly err in denying Plaintiff's motion for clarification.

**ARGUMENT**

In support of its motion to strike Coast's Affidavits, Plaintiff has referred the Court to two opinions, one unpublished and neither on point. See Memorandum of Law in Support of Plaintiff's Motion to Strike Affidavits of Pro Hac Vice Counsel at 1 (citing to United States v. Doyle, 1995 U.S. App. LEXIS 1834, at *9 (1st Cir. 1995) and United States v. Pacheco-Ortiz, 889 F.2d 301, 307 n.3 (1st Cir. 1989)).

---

[2] The discovery motion denied by Magistrate Almond, though styled by Plaintiff as a motion for clarification seeking to shorten the time within which Coast was to supplement its discovery responses, was really an attempt by Plaintiff to obtain an order compelling Coast to sort through its business documents, namely invoices, and organize them according to Plaintiff's needs so that Plaintiff would not have to do the work. As of this writing, Plaintiff still has not taken steps to obtain copies of the invoices.

In Doyle, the First Circuit Court of Appeals in an unpublished per curiam opinion affirmed a district court's dismissal of a prisoner's motion to vacate, set aside or correct his sentence. 1995 U.S. App. LEXIS 1834, at *10. In relevant part, the prisoner had relied on three affidavits that went to the merits of his "ineffective assistance of counsel" argument - an argument improperly raised on appeal for the first time - that were stricken from the record by the appellate court. Id. at *8-9. Ultimately, the court denied appellants' claim "on the ground that it was not presented to the district court." Id. at *10.

In Pacheco-Ortiz, another per curiam opinion issued by the First Circuit, a prisoner sought a reversal of his conviction for various reasons, including because the government allegedly failed to produce exculpatory evidence. 889 F.2d at 306-07. The court again declined to consider an argument made for the first time on appeal, noting that the appellant had every opportunity to make the argument when he filed a motion to set aside the verdict followed by a request for clarification. Id. at 307. Although plaintiff cites to the case because the court struck a declaration filed by the government to show that the allegedly exculpatory evidence was really the result of a

typographical error, Id. at 307 n.3, that holding does little to inform the Court in this case.

Here, the information contained in Coast's Affidavits either served the purpose of providing the Court with basic background information or informing the Court as to events that post-dated Magistrate Almond's order and could not have been presented to Magistrate Almond. On these facts, Doyle and Pacheco-Ortiz are inopposite and do not support Plaintiff's motion.

## CONCLUSION

For the reasons set out above, it is respectfully requested that this Court enter an order denying Plaintiff's motion and granting such further relief as the Court deems just and appropriate.

DATED this 26th day of October, 2005.

Michael E. Haglund /esb

Michael E. Haglund
Julie A. Weis
(pro hac vice counsel)
Haglund, Kelley, Horngren,
Jones & Wilder LLP
101 SW Main, Suite 1800
Portland, OR 97204
Telephone: (503) 225-0777
Facsimile: (503) 225-1257
E-mail: weis@hk-law.com

Charles S. Beal (#5559)
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, R.I. 02903
Telephone: 401-331-5700
Facsimile: 401-331-5787
E-mail: cbeal@cm-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing **MEMORANDUM IN SUPPORT OF DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION TO STRIKE AFFIDAVITS OF PRO HAC VICE COUNSEL** on the following party(ies):

Craig M. Scott, Esq.
Christine K. Bush, Esq.
Duffy Sweeney & Scott Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Attorneys for Plaintiff

by faxing and mailing a true and correct copy thereof to said party on the date stated below.

DATED this 26th day of October, 2005.

By: ______________________
Charles S. Beal (#5559)
Attorneys for Defendant

G:\csb\CoastCutlery\pldgs\6033_WPD.DOC